UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

---

JEANNE M. SULLIVAN,
        Plaintiff,

against

DAVID J. SULLIVAN,
        Defendant

Case No. 302 CV 916 (CFD)

November 7, 2003

### DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL DEFENDANT TO SIGN RELEASE AND AUTHORIZATION

#### FACTS

This memorandum is directed against plaintiff's motion to compel defendant to sign release and authorization, which motion is dated October 10, 2003.

Reference to Exhibit B attached to the motion to compel defendant to sign release and authorization will indicate that by letter dated January 28, 2003, Counsel for the plaintiff wrote the records keeper of the Bank of NT Butterfield and Son, Limited in Hamilton, Bermuda. Counsel for the plaintiff enclosed, with the letter, a subpoena executed by Counsel for the plaintiff and directed to the record keeper of the bank of NT Butterfield and Son, Limited in Hamilton Bermuda. By these documents the plaintiff sought to obtain, without the benefit of a formal discover request, and without prior notice to either the defendant or his counsel, fourteen years of bank records from

James J. Sullivan who is deceased, fourteen years of bank records from Jeanne M. Sullivan, the named plaintiff and fourteen years of bank records from David J. Sullivan, the named defendant in this case. The Bank of NT Butterfield and Son Limited, properly rejected this inquiry by letter dated February 5, 2003 which is attached to the motion to compel defendant to sign release and authorization as Exhibit C.

The motion to compel defendant to sign release and authorization does not contain any reference to any legal authority for such motion. However, the proposed order attached to the motion purports to justify issuance of the order pursuant to Rule 37 of the Federal Rules of Civil Procedure. Notwithstanding the fact that the Motion purportedly relies on Rule 37 of the Federal Rules of Civil Procedure, the plaintiff has filed neither the affidavit required by Local Rule 9(d)(2), nor a memorandum of law as required by Local Rule 9(d)(3).

## ARGUMENT

There is no legal basis for the remedy sought by the plaintiff. Rule 37, the sole authority cited by the plaintiff in support of the motion, deals with situations where a party fails to make disclosure or cooperate in discovery and the sanctions associated therewith. The plaintiff in this case did not file a discovery request. Instead, the plaintiff attempted to go behind the defendant's back to compel the production of fourteen years of bank records from the defendant's bank accounts and others' bank accounts without filing a discovery request and without prior notice to either defendant or his counsel.

After that approach failed, the plaintiff demanded that the defendant sign an authorization to review a specific account at a bank in Bermuda without even a preliminary showing that the defendant is the owner of the account.

A request for production of documents is generally made pursuant to Rule 34 of the Federal Rules of Civil Procedure. A non-party such as the Bank in Bermuda is also subject to the production of documents pursuant to Rule 34 upon service of a subpoena in accordance with Rule 45. Reference to Rule 45 suggests that the proper procedure to acquire the documents in question would either be through a deposition of an officer of the bank or requests for production of documents from the bank accompanied by a subpoena issued by the Court in the district in which the deposition is to occur, where the production is to be made. That procedure was not followed in this case. Accordingly, although the plaintiff purports to utilize Rule 37 as authority for the motion to compel, there was no underlying discovery request to which the defendant failed to comply. As such, utilization of Rule 37 is inappropriate.

It is clear the plaintiff does not choose to follow those procedures available to it to obtain documents in a foreign jurisdiction, in this case, Bermuda. Instead, without any authority under our Federal Rules, the plaintiff simply has requested the Court order the defendant, a citizen of Bermuda, to execute an authorization that pertains, not only to