UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

---

JEANNE M. SULLIVAN,
        Plaintiff,

against

DAVID J. SULLIVAN,
        Defendant

Case No. 302 CV 916 (CFD)

November 7, 2003

---

## ANSWER AND AFFIRMATIVE DEFENSES

Defendant, David J. Sullivan, hereby responds to the plaintiff's amended complaint of December 13, 2002 as follows:

1. Denied

2. Admitted

3. The defendant admits that he is domiciled in Bermuda and admits he owns real property in Florida. But otherwise, denies the allegations of this paragraph.

4. Admitted

5. The defendant is without sufficient information to form an opinion as to the truth of this allegation and, accordingly, denies it and leaves the plaintiff to its proof.

6. The defendant is without sufficient information to form an opinion as to the truth of this allegation and, accordingly, denies it and leaves the plaintiff to its proof.

7. The defendant is without sufficient information to form an opinion as to the truth of this allegation and, accordingly, denies it and leaves the plaintiff to its proof.

8. Denied

9. Admitted as to the date of death of James J. Sullivan, but, otherwise, denied.

10. The defendant is without sufficient information to form an opinion as to the truth of this allegation and, accordingly, denies it and leaves the plaintiff to its proof.

11. The defendant admits that on occasion, he did, at the specific request of Jeanne M. Sullivan, assist her with her financial affairs, but denies he either had the authority to, or did in fact, handle all of the financial affairs of Jeanne M. Sullivan after her husband's death.

12. Defendant admits that Jeanne M. Sullivan did execute a durable power of attorney, otherwise, denies the allegations of this paragraph.

13. Denied.

14. Denied.

15. Denied.

16. Denied.

17. Denied

18. Denied

19. Denied.

20. Denied.

21. The defendant is without sufficient information to form an opinion as to the truth of this allegation and, accordingly, denies it and leaves the plaintiff to its proof.

22. Defendant admits that on or above October 1, 2001, he wrote a bank, but denies the balance of the allegations in this paragraph.

23. The defendant is without sufficient information to form an opinion as to the truth of this allegation and, accordingly, denies it and leaves the plaintiff to its proof.

24. Admitted.

25. Denied.

26. Denied.

27. Defendant admits he signed his mother's name to checks and documents with her permission.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

## FIRST COUNT

32. Defendant is without sufficient information to form an opinion as to the truth of this allegation and, accordingly, denies it and leaves the plaintiff to its proof.

33. Defendant is without sufficient information to form an opinion as to the truth of this allegation and, accordingly, denies it and leaves the plaintiff to its proof.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

## SECOND COUNT

39. Defendant admits that on various occasions he made statements to the plaintiff, Jeanne M. Sullivan, but, otherwise, denies the allegations of this paragraph.

40. Denied.

41. Denied.

42. Defendant admits that he believed any representations he made to Jeanne M. Sullivan could reasonably be relied upon by her, but affirmatively states all of the representations he made to Jeanne M. Sullivan were truthful and, otherwise, denies the allegations of this paragraph.

43. Defendant is without sufficient information to form an opinion as to the truth of this allegation and, accordingly, denies it and leaves the plaintiff to its proof.

44. Denied.

## THIRD COUNT

    45.    Denied.

    46.    Denied.

    47.    Denied.

**FOURTH COUNT**

    48.    Denied.

    49.    Denied.

    50.    Denied.

    51.    Denied.

    52.    Denied.

**FIFTH COUNT**

    53.    Denied.

    54.    Denied.

    55.    Denied.

    56.    Denied.

    57.    Denied.

    58.    Denied.

**SIXTH COUNT**

    59.    Denied.

    60.    Denied.

    61.    Denied.

    62.    Denied.

    63.    Denied.

    64.    Denied.

SEVENTH COUNT

    65.    Denied.

    66.    Denied.

EIGHT COUNT

    67.    Denied.

    68.    Denied.

    69.    Denied.

NINTH COUNT

    70.    Denied.

    71.    Denied.

    72.    Denied.

    73.    Denied.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Each and every count of the complaint fails to state a claim upon which relief can be granted.

Second Affirmative Defense

1.  Plaintiff claims, pursuant to various legal theories, that the defendant misappropriated the plaintiff's assets commencing in November of 1990 and, presumably, continuing through the date of the filing of the complaint on May 29, 2002.

2.  Pursuant to Connecticut General Statute 52-577, the plaintiff is barred from recovering any alleged misappropriation of assets by the defendant that occurred prior to May 29, 1999.

Third Affirmative Defense

All, or substantial portions of each and every claim asserted by the plaintiff against the defendant as more particularly set forth in the plaintiff's complaint are barred by the applicable statute of limitations pursuant to Connecticut law.

Fourth Affirmative Defense

1.  At various times between November of 1990 and the present date, the defendant did, at the request of the plaintiff and with the plaintiff's full knowledge and consent undertake financial transactions relative to assets owned by the plaintiff.

2.  Each and every transaction undertaken by the defendant was at the direction of the plaintiff.

3.  From November of 1990 through January, 2001, the plaintiff did not, on any occasion, voice objection of any kind relative to any transaction undertaken by the defendant on her behalf.

4.  In February 2001, the plaintiff suffered a minor stroke. In April 2001, the plaintiff suffered a major stroke.

5.  The plaintiff had, from November of 1990 through January 2001, systematically excluded her daughter, Suzanne Xanthos, from being involved with her financial affairs, notwithstanding the fact, that the defendant resided in Bermuda and Suzanne Xanthos was the plaintiff's next door neighbor.

6.  In August 2001, the plaintiff revoked the power of attorney in favor of the defendant and executed a power of attorney in favor of her daughter Suzanne Xanthos.

7.  In September 2001, the plaintiff informed the defendant, his brother James Sullivan and his sister, Suzanne Xanthos, that she had not intended to revoke the power of attorney in favor of the defendant and that she had not intended to empower Suzanne Xanthos to act on her behalf.

8.  Within a few months of the September 2001 meeting, the plaintiff had become legally incompetent and unable to speak for herself relative to the issues involved in this case.

9.  Subsequent to the September 2001 meeting, the defendant undertook no further financial transactions on behalf of the plaintiff.

10. Plaintiff, by directing the defendant to conduct financial transactions on her behalf 1990 through 2001, waived the right to now claim through a fiduciary the

transactions faithfully carried out on her behalf by the defendant, led her to suffer losses for which the defendant is legally responsible.

Fifth Affirmative Defense

Paragraphs 1 through 7 of the Fourth Affirmative Defense are hereby made Paragraph 1 through 7 of the Fifth Affirmative Defense as if fully set forth herein.

8. The Defendant changed his position to his detriment, by carrying out all of the financial transactions that his mother requested he carry out and in so doing subjected himself to claims by a fiduciary not privy to the instructions between the plaintiff and the defendant, that the defendant had misappropriated the plaintiff's funds.

9. As a result of the foregoing, the plaintiff is estopped from claiming through a fiduciary that the financial transactions faithfully carried out by the defendant at the plaintiff's request, financially damaged the plaintiff as alleged in the complaint.

Sixth Affirmative Defense

Paragraphs 1 through 8 of the Fifth Affirmative Defense are hereby made paragraphs 1 though 8 of Sixth Affirmative Defense, as if fully set forth herein.

9. Defendant faithfully carried out the instructions of the plaintiff relative to transactions involving her assets for a period in excess of ten years, during which the plaintiff voiced no complaint relative to the defendant's conduct in this regard.

10. The plaintiff now seeks equitable remedies in the within complaint, which include the imposition of a constructive trust and monetary damages for unjust enrichment.

11. The plaintiff is barred by the equitable doctrine of latches from claiming through a fiduciary the plaintiff is entitled to damages allegedly suffered as a result of the defendant faithfully carrying out the plaintiff's instructions with regard to transactions involving her assets.

THE DEFENDANT
DAVID J. SULLIVAN

BY _____
William C. Franklin
Fed. Bar No. ct07187
For Cramer & Anderson, LLP
P.O. Box 278
46 West Street
Litchfield, CT 06759
Tel No. (860) 567-8718
Fax No. (860) 567-4531
wfranklin@cramer-anderson.com

## CERTIFICATION

I hereby certify that a copy of the foregoing was mailed via first class mail, postage pre-paid to all counsel and pro se parties of record on November 7, 2003

Owen P. Eagan, Esq.
Egan & Donohue
24 Arapahoe Road
West Hartford, CT 06107

William C. Franklin,
Fed. Bar No. ct 07187

11