UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JEANNE M. SULLIVAN, | : CIVIL ACTION |
| PLAINTIFF | : NO.: 302CV916(CFD) |
| | : |
| VS. | : |
| | : |
| DAVID J. SULLIVAN, | : |
| CORNER REALTY 30/7 INC., | : |
| W.G.A.S. ASSOCIATES, | : |
| 352 SEVENTH AVENUE ASSOCIATES, | : |
| TURNPIKE ASSOCIATES | : |
| RIVERANDA ASSOCIATES AND | : |
| JACK WASSERMAN, | : |
| DEFENDANTS | : DECEMBER 2, 2003 |

## AMENDED RULE 26(f) - REPORT OF THE PARTIES' PLANNING MEETING

## AFTER THE COURT'S RULING ON THE DEFENDANT'S MOTION TO DISMISS

Date Complaint Filed: ........................... May 29, 2002

Date Complaint Served:
    David Sullivan ............................. May 30, 2002 - in-hand
    Corner Realty 30/7 Inc. ..................... June 19, 2002
    W.G.A.S. Associates ........................ June 19, 2002
    352 Seventh Avenue Associates .............. June 19, 2002
    Turnpike Associates ........................ June 19, 2002
    Riveranda Associates ....................... June 19, 2002
    Jack Wasserman ............................ June 19, 2002

Date of Defendants' Appearance:
    David J. Sullivan .......................... June 14, 2002
    Corner Realty 30/7 Inc. ..................... None
    W.G.A.S. Associates ........................ None
    352 Seventh Avenue Associates .............. None
    Turnpike Associates ........................ None
    Riveranda Associates ....................... None
    Jack Wasserman ............................ None

Pursuant to Fed. R. Civ. P. 16(b), 26(f) and Local Civil Rule 38, a conference was held on: July 16, 2002; September 26, 2002; September 27, 2002; September 30, 2002; and November ___, 2003 after the Court's ruling on the Defendant's Motion to Dismiss. The participants were:

Owen P. Eagan for Plaintiff, Jeanne M. Sullivan;

William C. Franklin for Defendant, David J. Sullivan; and

**I.   Certification.**   Undersigned counsel certify that they have developed the following proposed case management plan. Counsel further certify that they have forwarded a copy of this report to their clients.

**II.   Jurisdiction.**

   A.   Jurisdiction premised on diversity of citizenship

**II   Brief Description of the Case.**

   **A.   Claims of Plaintiff:**

The Plaintiff claims that the Defendants defrauded her out of distributions, dividend payments and investments which should have been delivered and/or transferred to her.

The Plaintiff also claims that personal property and/or real estate, including cash, securities checks and personal documents were fraudulently taken from her by the Defendant, David J. Sullivan.

   **B.   Defenses and Claims of Defendants:**

The Defendants deny that they defrauded the Plaintiff out of any dividends, distributions, investments and/or assets.

The Defendant asserts that the statute of limitations bars many of the Plaintiff's claims/

The Defendant also asserts all those allegations set forth in his Answers and Affirmative Defenses.

**IV.    Statement of Undisputed Facts.**   Counsel certify that they made a good faith attempt to determine whether there are any material facts that are not in dispute. The parties state the following:

1. The Plaintiff, Jeanne M. Sullivan, was and is a resident of Sharon, Connecticut;

2. In his will, he also named his wife, Jeanne M. Sullivan, the Executor of his estate;

3. On September 17, 1991, the Plaintiff, Jeanne M. Sullivan, named her son David Sullivan Power of Attorney or Attorney-In-Fact, with the ability to handle all of her affairs, both personal and financial;

4. On August 30, 2001, the Plaintiff, Jeanne M. Sullivan, signed a revocation of the Power of Attorney vested in David J. Sullivan;

5. Suzanne Xanthos made demand upon David J. Sullivan and all other Defendants for release of any property they were holding which was owned by Jeanne M. Sullivan's;

6. During his lifetime, James J. Sullivan and/or the Plaintiff, his wife Jeanne M. Sullivan, held a minority interest in several different real estate investment partnerships and/or corporations that owned and operated buildings in the State of New York;

7. The principal manager or officer in the partnerships or corporations was Jack Wasserman; and

8. The Defendant, Jack Wasserman, was a close personal friend of James J. Sullivan and was aware of his passing on November 14, 1990.

**V.      Case Management Plan.**

  A.    *Standing Order on Scheduling in Civil Cases.* The Parties request a modification of the deadlines in the Standing Order on Scheduling in Civil Cases as is described below.

  B.    *Scheduling Conference with the Court.* The Plaintiff requests a pretrial conference with the Court before the entry of a scheduling order pursuant to Federal Rule of Civil Procedure 16(b). The Defendants do not object.

  C.    *Early Settlement Conference.*

   1.  The Plaintiff and the Defendant requested a Settlement Conference with Magistrate Smith. The Settlement Conference was not successful;

   2.  The Plaintiff prefers a settlement conference with a magistrate judge after discovery is complete; and

   3.  The parties do not request a referral for alternative dispute resolution.

  D.    *Joinder of Parties and Amendment of Pleadings.*

   1.  Plaintiff should be allowed until November 30, 2002 to file motions to join additional parties and motions to amend pleadings.

   2.  Defendants should be allowed until December 13, 2002 to file motions to join additional parties.

### E. *Discovery*

1. The parties anticipate that discovery will be needed on the following subjects:

   a. The background on each of the parties;

   b. A financial history of the Defendant, including all distributions of dividends paid over the past ten (10) years;

   c. A listing of all the holdings held by James Sullivan and Jeanne M. Sullivan over the past fifteen (15) years;

   d. Copies of David J. Sullivan's financial records;

   e. A copy of all tax returns filed by David J. Sullivan for the past ten (10) years;

   f. An explanation by David J. Sullivan of how assets were acquired over the past ten (10) years;

   g. The identities of all persons possessing knowledge concerning any of the factual allegations made in the Plaintiff's Complaint or possessing knowledge concerning Defendants' defenses;

   h. Any information concerning allegations set forth in the Plaintiff's Complaint; and

   i. Any information concerning allegations set forth in the Defendants' Special Defenses.

2. All discovery, including depositions of expert witnesses pursuant to Fed. R. Civ. P. 26(b)(4), may be commenced on November 15, 2003 and shall be completed by May 25, 2004

3. Discovery will not be conducted in phases.

4. The parties do anticipate early discovery issues.

5. The parties anticipate that the Plaintiff will require a total of ten (10) depositions of fact witnesses and that the Defendants will require a total of ten (10) depositions of fact witnesses. The depositions will be commenced on November 15, 2003 and will be completed by May 25, 2004.

6. The parties may request permission to serve more than 25 Interrogatories.

7. Plaintiff may call expert witnesses at trial. Plaintiff will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P, 26(a)(2) by March 31, 2004. Depositions of any such experts will be completed by May 30, 2004.

8. Defendants may call expert witnesses at trial. Defendants will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(s)(2) by April 30, 2004. Depositions of any such experts will be completed by June 30, 2004.

9. A damages analysis will be provided on June 24, 2004.

**F.   *Dispositive Motions.*** Dispositive motions will be filed on or before July 15, 2003.

**G.  *Joint Trial Memorandum.*** The joint trial memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed 60 days after any ruling on a dispositive motion. If no dispositive motion is filed, the joint trial memorandum will be filed on a date set by the Court.

**VII.  Trial Readiness.** The case will be ready for trial 60 days after the filing of a joint trial memorandum.

As officers of the Court, undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.

PLAINTIFF,
JEANNE M. SULLIVAN

By_____
Owen P. Eagan, Esq.
Eagan & Donohue
24 Arapahoe Road
West Hartford, CT 06107
Federal Bar No. ct00716
(860)232-7200
Her Attorney

DEFENDANT,
DAVID J. SULLIVAN

By_____
William C. Franklin, Esq.
Cramer & Anderson
P.O. Box 278
46 West Street
Litchfield, CT 06759
(860)567-8718
Federal Bar No. ct07187
His Attorney

X01-P03.SecondRule26fReport/st