FILED

2003 DEC 16 A 11: 54

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT
DISTRICT COURT
HARTFORD CT

---

JEANNE M. SULLIVAN,
        Plaintiff,

    against

DAVID J. SULLIVAN,
        Defendant

Case No. 302 CV 916 (CFD)

December 15, 2003

---

## DEFENDANT'S OBJECTION TO MOTION FOR INJUNCTION AND FOR PREJUDGMENT REMEDY

The Defendant, David J. Sullivan, hereby objects to Plaintiff's Motion for Injunction and for Prejudgment Remedy of October 10, 2003, and in support of this Objection states as follows:

1. The Defendant is entitled to a hearing per *Connecticut General Statutes* §52-278d before any prejudgment remedy issues in this case. The Defendant respectfully requests that such hearing occur, as the Defendant does not believe the Plaintiff can at such hearing sustain her burden of showing probable cause that she will obtain a judgment in the sum of 1.5 million dollars as is sought in her Motion for Prejudgment Remedy.

2. The Motion for Prejudgment Remedy is defective on its face, as the Affidavit required pursuant to *Connecticut General Statutes* §52-278c(a)(2), even if true,

fails to demonstrate that the Plaintiff has probable cause that a judgment will enter in her favor in the amount of 1.5 million dollars, taking into account known defenses, counterclaims, or setoffs in the case. For example, in quantifying the magnitude of the assets allegedly converted by the Defendant, the Affidavit states, "Upon information and belief, the value of his mother's assets, which David J. Sullivan illegally obtained is substantial, and is in excess of $700,000.00". This assertion, even if true, hardly supports a prejudgment remedy in the sum of 1.5 million dollars. Furthermore, the Affidavit indicates that the Defendant systematically began transferring assets on or after November 14, 1990. The within action was filed May 29, 2002. The statute of limitations has been raised a defense in this claim. The Plaintiff has made no showing how the statute of limitations would not bar a substantial amount of her claim, given the statements contained in the Affidavit. Furthermore, the Affidavit is not made on the personal knowledge of the Affiant. Repeatedly, the Affiant states, "upon information and belief" in support of his purported factual claims, thereby making it clear that such claims are beyond the personal knowledge of the Affiant.

3.	Given the magnitude of the prejudgment remedy sought, and the scope of the injunction sought pursuant to Rule 65 of the Federal Rules of Civil Procedure, the Defendant further objects to the granting of the Motion for Injunction or the Motion for Prejudgment Remedy unless the Plaintiff is required to post a bond pursuant to *Connecticut General Statutes* §52-278d(a) in a sum to be determined by the Court,

which is sufficient to secure the Defendant against damages that may result from the prejudgment remedy in the likely event the Plaintiff is not able to prevail on the merits at trial.

  4. The Defendant also objects to the scope of the prejudgment remedy sought, in that the Plaintiff has sought to attach every conceivable asset the Defendant could own without knowledge of whether the Defendant owns any such asset; without specifying a specific asset to be attached; without valuing any of the assets the Plaintiff seeks to attach; and, thereby without demonstrating that attachment of all such assets is necessary to secure any prejudgment remedy that might be awarded to the Plaintiff. Likewise, the injunction sought by the Plaintiff, that is to enjoin the Defendant from moving any real or personal property assets presently located in the United States "to Bermuda or elsewhere", is overly broad and if granted would preclude the Defendant from moving any of his personal property anywhere at any time, notwithstanding the fact that the Defendant is entitled to retain the use of even attached property.

WHEREFORE, the Defendant objects to the Motion for Injunction and Prejudgment Remedy, and prays this Objection is sustained.

        THE DEFENDANT
        DAVID J. SULLIVAN

BY _____
        William C. Franklin
        Fed. Bar No. ct07187
        For Cramer & Anderson, LLP
        P.O. Box 278
        46 West Street
        Litchfield, CT  06759
        Tel No. (860) 567-8718
        Fax No. (860) 567-4531
        wfranklin@cramer-anderson.com

**CERTIFICATION**

I hereby certify that a copy of the foregoing was mailed via first class mail, postage pre-paid to all counsel and pro se parties of record on December 15, 2003.

Owen P. Eagan, Esq.
Egan & Donohue
24 Arapahoe Road
West Hartford, CT 06107

_____
William C. Franklin,
Fed. Bar No. ct 07187