

FILED

2003 DEC 16  A 11: 54

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT
HARTFORD CT

---

JEANNE M. SULLIVAN,
          Plaintiff,

    against

DAVID J. SULLIVAN,
          Defendant

Case No. 302 CV 916 (CFD)

December 15, 2003

---

### DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL DEFENDANT DAVID J. SULLIVAN'S DEPOSITION AND MOTION FOR SANCTIONS OF DECEMBER 3, 2003

FACTS:

By order of this Court dated September 23, 2003, a prior Motion to Compel Defendant's Deposition [Docket #28] was denied without prejudice to the Plaintiff's rights to pursue the deposition of the Defendant on a later occasion.

The Defendant is a British subject who does reside in Bermuda, and has resided in Bermuda for in excess of the past 20 years.

Subsequent to the Court's ruling as aforesaid, the Plaintiff did by Re-Notice of Deposition dated October 10, 2003 purport to notice the deposition of the Defendant, David J. Sullivan for Friday, October 31, 2003 in West Hartford, Connecticut.

Attorney Eagan was told that the October 31, 2003 deposition was inconvenient for counsel who would be traveling out of state, and furthermore that David J. Sullivan

would not voluntarily waive protections to which he was entitled as a citizen of Bermuda and voluntarily attend a deposition in the State of Connecticut.

Although Attorney Eagan maintains in his Motion to Compel that he was told that

Deposition dated December 11, 2003. Objection has been filed as to that notice, as it does not comply with Rule 28 or Rule 30 of the Federal Rules of Civil Procedure.

ARGUMENT:

The sole authority cited by the Plaintiff for the Motion to Compel is Rule 37(d) of the Federal Rules of Civil Procedure; however, examination of that Rule will indicate that a Motion to Compel is appropriate only where a party fails to appear before the officer who is to take the deposition after being served with a proper notice. In this case, the Motion to Compel was filed without any notice having been served seeking to take the deposition of the Defendant in Bermuda, notwithstanding the fact that the Motion to Compel seeks to obtain that specific remedy. Obviously, the Motion to Compel in the absence of a prior proper notice for deposition is premature.

More fundamentally, the Plaintiff seeks to do by coercion that which the Plaintiff has not properly attempted by our Rules of Practice. As was indicated in the objection to the Notice of Deposition of December 11, 2003, filed simultaneously herewith, that Notice of Deposition is improper in a number of respects. It fails to comply with Rule 28(b), which sets forth the rule for taking a deposition in a foreign country; it does not identify an applicable treaty or convention by which the deposition can be taken; it does not purport to pursue a letter of request for an appointment of a commissioner, so that the proceeding can properly be conducted in Bermuda; it does not purport to identify any law by which the deposition can occur in Bermuda, nor does it identify who will

3

conduct the deposition, or address the question of whether Plaintiff's counsel is authorized by Bermuda law to conduct such a deposition in that forum. Furthermore, although Rule 30 and Rule 45 set forth a mechanism by which a subpoena might be able to be issued in Bermuda to compel the Defendant's deposition, that procedure, too, is not addressed in the Notice of Deposition. Instead, the Notice purports to state that the Plaintiff will simply conduct the deposition at a hotel in Bermuda on a date certain, without regard to any substantive protection the Defendant might have under our Federal Rules of Civil Procedure, or under the law of Bermuda relative to such a proceeding.

The Motion to Compel is a classic case of the cart before the horse. The simple fact is that as of the date the Motion to Compel was filed, and in fact to the present date, on no occasion did the Defendant fail to attend a properly noticed deposition in his home country of Bermuda where the Plaintiff by her Motion to Compel and recent Notice of Deposition concedes the deposition must occur. As such, the Motion to Compel should be denied.

To the degree the motion is also construed as a Motion for Sanctions, it is without merit. Neither the Defendant nor his counsel has acted either in bad faith or outside the Rules of Practice relative to the deposition of the Defendant. The only deposition noticed of the Defendant prior to the Motion to Compel was noticed in

Connecticut. That deposition was marked off per agreement of counsel (see Exhibit C attached to the Plaintiff's Motion to Compel).

The only other Notice of Deposition filed as to the Defendant was filed approximately one week after the filing of the Motion to Compel and for Sanctions. Furthermore, the Defendant has timely and in good faith raised objection to that Notice of Deposition, which clearly does not comply with the applicable Federal Rules.

Finally, pursuant to Rule 11 of the Local Rules of Civil Procedure for this district, motions for sanctions shall be filed with the clerk and served on opposing parties within 30 days of the entry of judgment. Any motion not complying with this rule shall be denied. It is respectfully submitted that the Motion for Sanctions of December 3, 2003 fails to comply with Local Rule 11, and on that independent basis must be denied as well.

THE DEFENDANT
DAVID J. SULLIVAN

BY _____
William C. Franklin
Fed. Bar No. ct07187
For Cramer & Anderson, LLP
P.O. Box 278
46 West Street
Litchfield, CT  06759
Tel No. (860) 567-8718
Fax No. (860) 567-4531
wfranklin@cramer-anderson.com

## CERTIFICATION

I hereby certify that a copy of the foregoing was mailed via first class mail, postage pre-paid to all counsel and pro se parties of record on December 15, 2003.

Owen P. Eagan, Esq.
Egan & Donohue
24 Arapahoe Road
West Hartford, CT 06107

_____
William C. Franklin,
Fed. Bar No. ct 07187