FILED

2003 DEC 16  A 11: 54

US DISTRICT COURT
HARTFORD CT

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

---

JEANNE M. SULLIVAN,

        Plaintiff,

against

DAVID J. SULLIVAN,

        Defendant

Case No. 302 CV 916 (CFD)

December 15, 2003

---

### DEFENDANT'S OBJECTION TO AND MOTION FOR PROTECTIVE ORDER EXCUSING COMPLIANCE WITH PLAINTIFF'S NOTICE OF FILING INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS OF NOVEMBER 19, 2003 AND/OR NOVEMBER 25, 2003

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, the Defendant, David J. Sullivan, hereby objects to and moves for a protective order excusing compliance with Plaintiff's Notice of Filing of Interrogatories and Requests for Production originally dated November 19, 2003 and reserved in the identical form November 25, 2003 for the following reasons.

1. Rule 33(a) of the Federal Rules of Civil Procedure provides without leave of court or written stipulation any party may serve upon any other party written interrogatories, not exceeding 25 in number, including all discreet subparts.

2. The Plaintiff has neither sought nor obtained approval of the Court to serve in excess of 25 interrogatories.

3. The Plaintiff recognizes that she may not serve in excess of 25 interrogatories without leave of the Court as evidenced by the provision included in the amended Rule 26(f) Report of December 2, 2003 acknowledging that fact, which Report is currently before the Court for its consideration.

4. In Requests for Answers to Interrogatories and Production of Documents referenced herein, the Plaintiff served separate interrogatories that numbered in total 25; however, when considering the subparts of such interrogatories, the interrogatories total in excess of 100 separate interrogatories. Typical of the interrogatories filed by the Plaintiff as aforesaid are as follows:

> 9. Since you have admitted that on occasion you have deposited your mother's funds into account number 20 006 840 705780 100 at the Bank of Butterfield located in Bermuda, please state when you deposited your mother's funds into that account, why you deposited your mother's funds into that account, how you deposited those funds, i.e. in person or by mail or by another person, how much of your mother's funds you deposited into that account, whether you have made any withdrawals from that account (date and amount), whether you have any statements concerning that account, whether you can get statements concerning that account, what the yearly balance of that account has been for the past ten (10) years, whether anyone has made withdrawals from that account including Jeanne M. Sullivan and who (name and address) made those withdrawals.
>
> **ANSWER:**
>
> 11. Please state whether you had a role in the transfer of any of our mother's assets to Bermuda. What was that role. How

2

did you assist in the transfer of those assets. When did you assist in the transfer. Why did you assist in the transfer. What was transferred. Who else assisted you in the transfer (name and address).

**ANSWER:**

22. In your letter to Judge Magistrali dated April 25, 2002, you stated, "While it is true that I made regular visits to my mother at home in Sharon, Connecticut to assist her in specified business and financial transactions, at no time did I act on her behalf as Attorney-In-Fact." Please state when you visited your mother to assist her in specified business and financial transactions, what those specified business and financial transactions were, how you assisted her in those specified business and financial transactions, whether any of those business or financial transactions involved the transfer of assets from the United States to Bermuda (if so, what assets and when they were transferred), why your mother consulted with you regarding these specified business and financial transactions, whether you consulted with any other experts, including accountants, attorneys and/or financial advisors concerning her specified business and financial transactions, what expertise you offered regarding these specified business and financial transactions. Please identify each and every witness (name and address) which you believe will help prove these statements.

**ANSWER:**

23. In your letter to Judge Magistrali Court dated April 25, 2002, you stated, "I should also like to advise the Court that I do not currently, nor did I ever, maintain bank accounts or possess any other assets of my mother, without her specific approval and instruction." Please identify what assets you did possess of your mother's with her specific approval and

3

> instruction. State when those assets were possessed by you. State why those assets were possessed by you. State the value of those assets. State whether you still possess those assets. State where those assets are now. State whether the specific approval and instructions of you mother were given in writing or verbally. State whether anyone witnessed those instructions being given to you. Please identify each and every document which prove these statements. Please identify each and every witness (name and address) which you believe will help prove these statements.

**ANSWER:**

> 25. Please identify the account by name, number, amount in the account and which bank the account was held. Please identify whether you have statement for these accounts. Please identify whether you have signature cards for these accounts. Please identify when your mother gave you permission to change these accounts. Please state whether that permission was given verbally or in writing. Please state who witnessed your mother giving you permission. Please state why such changes were necessitated when you had a Durable Power of Attorney Executed by your mother which is referred to in the second paragraph in the same letter. Please identify each and every document which prove these statements. Please identify each and every witness (name and address) which you believe will help prove these statements.

**ANSWER:**

5. In addition, for computing that there are in excess of 100 interrogatories now pending, the Defendant has treated as one interrogatory, a request for example that he state every deposit he ever made into a certain bank account. Obviously,

responding to that individual subpart could involve answering a multitude of interrogatories, one for each deposit.

6.   Simply reviewing the sample of interrogatories, of which there are 25 in total, will reveal that with subparts such interrogatories number far in excess of the 25 permitted under our Rules of Practice and without leave of the Court to file such interrogatories in violation of Rule 30, are unduly burdensome, and are in the nature of harassment.

7.   Objection is also interposed to the Request for Production of Documents that accompanied the Request for Answers to Interrogatories. The Request for Production of Documents simply compounded the abuse of the rules detailed with regard to the interrogatories, by requesting that the Defendant produce every document referenced in the improperly propounded interrogatories. Typical of the requests are as follows.

> 5.   Any and all copies of the documents referred in Interrogatory No. 7.
>
> 7.   Any and all documents, records, correspondence, notes, memos, etc. related to the transfer of your mother's real or personal property referred to in Interrogatory No. 10 and Interrogatory No. 11.
>
> 13.  Any and all documents referred to in Interrogatory Numbers 20-25.

8. It should be parenthetically noted that a number of these document requests dovetail to the erroneous interrogatories specifically laid out previously herein.

9. Insofar as the Defendant, David J. Sullivan, held a valid power of attorney from the Plaintiff for in excess of 10 years, forcing the Defendant to produce evidence of every transaction undertaken on behalf of the Plaintiff, who happens to be his mother, is in addition unduly burdensome, overly oppressive, and constitutes harassment.

10. The Plaintiff's blatantly inappropriate attempt to misuse the Federal Rules of Civil Procedure relative to filing Requests for Answers to Interrogatories and Production of Documents justifies sustaining this Objection, and justifies granting a protective order excusing the Defendant from complying with this request. The Plaintiff's remedy is to file an appropriate discovery request.

WHEREFORE, the Defendant respectfully prays that his Objection to the Request for Answers to Interrogatories and Production of Documents be sustained, that the Motion for Protective Order be granted thereby excusing the Defendant from complying with the pending Request for Answers to Interrogatories and Production of Documents.

THE DEFENDANT
DAVID J. SULLIVAN


BY _____
William C. Franklin
Fed. Bar No. ct07187
For Cramer & Anderson, LLP
P.O. Box 278
46 West Street
Litchfield, CT  06759
Tel No. (860) 567-8718
Fax No. (860) 567-4531
wfranklin@cramer-anderson.com

## CERTIFICATION

I hereby certify that a copy of the foregoing was mailed via first class mail, postage pre-paid to all counsel and pro se parties of record on December 15, 2003.

Owen P. Eagan, Esq.
Egan & Donohue
24 Arapahoe Road
West Hartford, CT 06107

William C. Franklin,
Fed. Bar No. ct 07187