FILED

2003 DEC 17 A 11: 16

U.S. DISTRICT COURT
HARTFORD CT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

---

JEANNE M. SULLIVAN,

        Plaintiff,

against

DAVID J. SULLIVAN,

        Defendant

Case No. 302 CV 916 (CFD)

December 16, 2003

---

## DEFENDANT'S OBJECTION TO MOTION FOR DISCLOSURE OF ASSETS

The Defendant, David J. Sullivan, hereby objects to the Plaintiff's Motion for Disclosure of Assets of December 1, 2003, and in support of this Objection states as follows.

1. The authority for the Motion to Disclose Assets is *Connecticut General Statutes* §52-278n, which permits the Court to order the Defendant to disclose property in which he has an interest or debts owing to him sufficient to satisfy a prejudgment remedy. As no prejudgment remedy has issued in this case, the Motion to Disclose Assets should not be granted unless and until a prejudgment remedy is issued in this case, and then only to the degree necessary to satisfy such prejudgment remedy.

2. The Defendant additionally objects to the Motion for Disclosure of Assets on the basis that it is overly broad. *Connecticut General Statutes* §52-278n(a) permits disclosure of the existence, location, and extent of the Defendant's interest in property

or debts that is sufficient to satisfy an issued prejudgment remedy. The Plaintiff's request that the Defendant produce "all books, financial statements, bank records, tax returns, savings accounts, and documentation and other records related to his finances and/or assets" is overly broad and not permitted by the sole statutory language on which the Plaintiff relies in seeking a disclosure of assets.

3. Finally, the Defendant objects to the Motion for Disclosure of Assets to the degree it seeks to identify assets "subject to the injunction" sought in the Plaintiff's motion of October 10, 2003. The sole statutory authority for the Motion for Disclosure of Assets, *Connecticut General Statutes* §52-278n, does not provide for the disclosure of assets other than in a sum sufficient to satisfy a prejudgment remedy. A temporary injunction issued pursuant to Rule 65 of the Federal Rules of Civil Procedure is not a prejudgment remedy, and is specifically excluded by definition from being prejudgment remedy pursuant to *Connecticut General Statutes* §52-278a(d). Accordingly, there is no statutory authority for the Court to order the Defendant to identify real or personal property that might be subject to any injunction that issues pursuant to Rule 65 of the Federal Rules of Civil Procedure.

WHEREFORE, the Defendant, David J. Sullivan, objects to the Motion for Disclosure of Assets, and prays this Objection be sustained.

THE DEFENDANT
DAVID J. SULLIVAN

BY _____
William C. Franklin
Fed. Bar No. ct07187
For Cramer & Anderson, LLP
P.O. Box 278
46 West Street
Litchfield, CT 06759
Tel No. (860) 567-8718
Fax No. (860) 567-4531
wfranklin@cramer-anderson.com

## CERTIFICATION

I hereby certify that a copy of the foregoing was mailed via first class mail, postage pre-paid to all counsel and pro se parties of record on December 16, 2003.

Owen P. Eagan, Esq.
Egan & Donohue
24 Arapahoe Road
West Hartford, CT 06107

William C. Franklin,
Fed. Bar No. ct 07187

4