FILED

2003 DEC 22 P 1:50

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
DISTRICT COURT
HARTFORD, CT.

| | |
|---|---|
| JEANNE M. SULLIVAN, | : CIVIL ACTION |
| PLAINTIFF | : NO.: 302CV916(CFD) |
| VS. | : |
| DAVID J. SULLIVAN, | : |
| DEFENDANT | : DECEMBER 19, 2003 |

### PLAINTIFF'S REPLY TO DEFENDANT'S OBJECTION TO THE MOTION TO COMPEL THE DEPOSITION OF THE DEFENDANT, DAVID J. SULLIVAN

The Plaintiff, Jeanne M. Sullivan, in the above referenced matter, hereby responds to the Defendant's Objection to the Plaintiff's Motion to Compel Defendant's Deposition.

The Defendant is deliberately delaying the taking of his deposition. The Defendant is subject to jurisdiction of this Court as was decided in the Court's denial of his Motion to Dismiss on September 23, 2002.

The Plaintiff has the right to depose David J. Sullivan, who is a party in this action. The undersigned has courteously attempted to schedule the deposition, as is common among attorneys in this district by contacting the other side and trying to arrange a convenient date, time and place to take David J. Sullivan's deposition. These telephone calls and letters started in January of 2003 and have continued until late November 2003.

Contrary to what Attorney Franklin writes in the Defendant's objection (no affidavit attached), he did say that his client would not voluntarily submit to a deposition in Connecticut or in Bermuda. In the same conversation, Attorney Franklin recognized that David J.

Sullivan was subject to the jurisdiction of the Court and that he would comply if ordered to attend his deposition.

Thereafter, during a status telephonic conference with Judge Droney, Attorney Franklin told the Judge that he did not agree with my characterization of what was said and further that the Plaintiff had never noticed David Sullivan's deposition in Bermuda.

The undersigned thought the statement was strange since the undersigned had personally spoken with Attorney Franklin no less than six times regarding the scheduling of David J. Sullivan's deposition starting in January 2003 and ending November 19, 2003.

In response to Attorney Franklin's statement to Judge Droney, the undersigned sent a letter dated December 11, 2003 (copy attached), along with a notice of deposition (copy attached).

Rule 28(B) allows depositions to be taken in foreign countries upon notice before a person authorized to administer oath in Bermuda. The undersigned consulted with counsel in Bermuda and was informed that Bermuda lawyers are permitted to administer the oath of deponents. The notice of deposition states that the deposition will be taken before a proper officer in Bermuda. That proper officer will be an attorney from Bermuda, yet to be named.

The Defendant is seeking to avoid his deposition and delay discovery in order to cause prejudicial harm to the Plaintiff.

The motion compelling the Defendant's deposition should be granted.

**WHEREFORE**, the Plaintiff moves this Court to grant her Motion compelling the Defendant's deposition.

THE PLAINTIFF,
JEANNE M. SULLIVAN

BY_____
Owen P. Eagan
EAGAN & DONOHUE
24 Arapahoe Road
West Hartford, CT 06107
Federal Bar No. ct00716
(860)232-7200
(Her Attorney)

## **CERTIFICATION**

This certified that the foregoing Reply to Defendant's Objection to Motion to Compel Defendant's Deposition was mailed First Class, postage prepaid this 19th day of December, 2003 to:

William C. Franklin, Esq.
Cramer & Anderson, LLP
P.O. Box 278
46 West Street
Litchfield, CT 06759

Matthew J. Lefevre, Esq.
241 Asylum Street, 3rd Floor
Hartford, CT 06103

_____
Owen P. Eagan

CivilX01-P38.MotionDiscov.Conf./st

## Eagan & Donohue
### ATTORNEYS AT LAW

OWEN P. EAGAN
THOMAS W. DONOHUE
MICHAELA J. ROSENBERGER
MARCO D'OCCHIO

THE GRISWOLD HOUSE
24 ARAPAHOE ROAD
WEST HARTFORD, CONNECTICUT 06107
(860) 232-7200

TELECOPIER (860) 232-0214

December 11, 2003

**VIA FAX (860)567-4531 and FIRST CLASS MAIL**

William C. Franklin, Esq.
Cramer & Anderson
P.O. Box 278
46 West Street
Litchfield, CT 06759

**Re: Jeanne M. Sullivan v. David J. Sullivan**

Dear Bill:

I was surprised when I heard you tell Judge Droney that we have failed to notice David Sullivan's deposition in Bermuda since you told me David Sullivan would not submit to a deposition in Bermuda without a Court Order.

Please find a Notice of Deposition for David Sullivan in Bermuda set for January 22, 2004 at 10:00 A.M.

I assume that Matthew Lefevre, you and I will be traveling to Bermuda to take this deposition. All of us have busy schedules. Don't you agree that we should schedule the deposition in advance? Don't you agree we have the right to take the deposition of a party? I would much rather work out an agreement with you as to when and how this deposition can be taken. As you can see, the Notice sets forth, that it will be taken before a proper officer in Bermuda who is authorized to take David Sullivan's oath.

If David Sullivan would simply like to schedule the deposition at a more convenient time, please let me know that as soon as possible. If not, then we can submit to the Court's Order.

I look forward to Mr. Sullivan's prompt response.

Very truly yours,

Owen P. Eagan

OPE/st
Enclosure
c Matthew Lefevre, Esq.
X01-Civil-L39.Franklin

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| JEANNE M. SULLIVAN, <br>       PLAINTIFF | :    CIVIL ACTION NO.: <br> :    NO.: 302CV916(CFD) |
| VS. | : |
| DAVID J. SULLIVAN, <br>       DEFENDANT | : <br> :    DECEMBER 11, 2003 |

### NOTICE OF DEPOSITION

**PLEASE TAKE NOTICE THAT** the pursuant to Rule 30 of the Federal Rules of Civil Procedure, the Plaintiff in the above-captioned action, **JEANNE M. SULLIVAN,** will take the deposition of **DAVID J. SULLIVAN,** before a proper officer in Bermuda, or any person authorized to take depositions in Bermuda, on **THURSDAY, JANUARY 22, 2004** at **10:00 A.M.**, or such other day to which the proceedings may be continued until completed at The Fairmont Hamilton Princess Hotel, Pitts Bay Road, Hamilton, Bermuda HM CX or such place to be designated by Plaintiff's counsel.

The deposition is being taken for the purposes of discovery, for use at trial, or for such other purposes as are permitted under the Rules of Court, including the applicable Federal Rules of Civil Procedure. The Defendant, David J. Sullivan, is requested to bring to this deposition any and all written material or tangible items of any kind referred to, prepared by and/or in the possession of the deponent, which relate to the above referenced matter, including but not limited to the following:

1. On May 30, 2002, he testified under oath to the Probate Court he removed boxes of records from his mother, Jeanne M. Sullivan's house in Sharon, Connecticut. Please provide copies of all those documents;

2. Copies of his U.S. and other tax returns for the years 1990 to the present;

3. Copies of any financial statements prepared by him or for him for the past ten (10) years;

4. Copies of all the bank and financial records, he held and/or maintained for his mother, Jeanne M. Sullivan, and for his father, James Sullivan;

5. Copies of any and all stocks, bonds, deeds, etc. he is holding, concerning property which are or have been owned by his mother, Jeanne M. Sullivan, and/or by his father, James Sullivan, or which David J. Sullivan claims were distributed, conveyed and/or transferred by Jeanne M. Sullivan and/or James Sullivan to him over the past fourteen (14) years;

6. Copies of any and all correspondence, memoranda and other writings between David J. Sullivan and Attorney Lincoln Cornell over the past fourteen (14) years;

7. Copies of any and all correspondence, memoranda and other writings between David J. Sullivan and Catherine Beers over the past fourteen (14) years;

8. Copies of any and all correspondence, memoranda and other writings between David J. Sullivan and his mother and/or his father over the past fourteen (14) years;

9. Copies of any and all correspondence, memoranda and other writings he had with his brother, James J. Sullivan, or any other sibling concerning his mother, his father and /or his mother's and/or father's assets, and/or financial affairs over the past fourteen (14) years;

10. Copies of any and all correspondence, memoranda or other writings he has had with any banks or financial institutions including but not limited to those in the United States, Bermuda and elsewhere concerning his mother and/or his father, and/or his mother's or father's assets and/or financial affairs;

11. Copies of any and all records, statements, instruments, memos, notes, certificates, passbooks, writings, printouts, etc., he has with regard to any of his mother's and/or father's assets, and/or financial affairs of any type or nature whatsoever;

12. Copies of all statements, printouts, correspondence, checks and other documents, instruments, memoranda and/or writings concerning any accounts of Jeanne Sullivan, James Sullivan and/or David Sullivan with Brown Brothers Harriman and/or any and all agents, employees, officers and/or representatives thereof;

13. Copies of all statements, printouts, correspondence, checks and other documents, instruments, memoranda and/or writings concerning any accounts of Jeanne Sullivan, James Sullivan and/or David Sullivan with Bank of Butterfield and/or any and all agents, employees, officers and/or representatives thereof, including but not limited to Account #006 840 217752 100; Account #006 840 705 700 100; and Account #20 006 840 705780 100.

14. Copies of all statements, printouts, correspondence, checks and other documents, instruments, memoranda and/or writings concerning any accounts of Jeanne Sullivan, James Sullivan and/or David Sullivan with National Iron Bank and/or any and all agents, employees, officers and/or representatives thereof;

15. Copies of all correspondence, documents, instruments, memoranda and/or other writings between David J. Sullivan and Jacob (a/k/a Jack) Wasserman, Corner Realty, 30/7, Inc., Riveranda Associates, 352 Seventh Avenue Associates, W.G.A.S. Associates, Turnpike Associates, 35C Corp., and/or any other investment enterprises in which Jeanne Sullivan and/or James Sullivan had any ownership interest and/or involvement between 1988 and the present.

16. Copies of all stock certificates, share certificates and/or any other instruments, documents, correspondence, memoranda and/or other writings relating to investments of Jeanne Sullivan and/or James Sullivan in Varian, Tootsie Roll, Envirosource, Cadbury Schweppes, Herley, Veeco, N.E.O.A. 4, Novatronics, Pickering Controls and/or any other Companies in which Jeanne Sullivan and/or James Sullivan had any ownership interest and/or involvement between 1988 and the present.

PLAINTIFF,
JEANNE M. SULLIVAN

By_____
Owen P. Eagan, Esq.
EAGAN & DONOHUE
24 Arapahoe Road
West Hartford, CT 06107
Juris No. 106162
(860)232-7200

## CERTIFICATION

This is to certify that the foregoing was certified mailed, postage prepaid, on this 11th day of December, 2003 to the following:

William C. Franklin, Esq.
Cramer & Anderson, LLP
P.O. Box 278
46 West Street
Litchfield, CT  06759

Matthew Lefevre, Esq.
241 Asylum Street, 3rd Floor
Hartford, CT 06103

_____
Owen P. Eagan

X01-D02.DavidJ.Sulivan/1-22-04/st