UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JEANNE M. SULLIVAN, | : | CIVIL ACTION |
| PLAINTIFF | : | NO.: 302CV916(CFD) |
| | : | |
| VS. | : | |
| | : | |
| DAVID J. SULLIVAN, | : | |
| DEFENDANT | : | JANUARY 6, 2004 |

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S REQUEST FOR LEAVE OF THE COURT TO FILE ADDITIONAL INTERROGATORIES

The Plaintiff, Jeanne M. Sullivan, hereby moves the Court for Leave to file an additional one hundred twenty-five (125) Interrogatories upon the Defendant, David J. Sullivan in this action pursuant to Rule 33 of the Federal Rules of Civil Procedure.

Rule 33 of the Federal Rules of Civil Procedure provides in pertinent part, "Leave to serve additional Interrogatories shall be granted to the extent consisted with principals of 26(b)(2)."

Rule 26(b)(2) of the Federal Rules of Civil Procedures provides:

> Limitations. By order, the court may alter the limits in these rules on the number of depositions and interrogatories or the length of depositions under Rule 30. By order or local rule, the court may also limit the number of requests under Rule 36. The frequency or extent of use of the discovery methods otherwise permitted under these rules shall be limited by the court if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discover has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the

> importance of the proposed discovery in resolving the issues. The court may act upon its own initiative after reasonable notice or pursuant to a motion under Rule 26(c).

In this case, the Plaintiff, Jeanne M. Sullivan, alleges that her son, David J. Sullivan, has had control over all her assets and affairs for approximately ten (10) years. During that ten (10) year period, she alleges that David J. Sullivan took over One Million and 00/100 ($1,000,000.00) Dollars from her and removed documents from her home which would prove both ownership over the assets which he controlled and would also prove that he controlled those assets and manipulated those assets for his benefit or the benefits of others.

Most, if not all of the information necessary to prove this claim is within the possession and control of David J. Sullivan, who has testified that he is a citizen of Bermuda. David J. Sullivan has been reluctant to provide discovery up until this point, refusing to be deposed in the State of Connecticut and objecting to his deposition in Bermuda.

If the Plaintiff is able to obtain answers to her Interrogatories, she can streamline the deposition and adequately prepare for trial.

Pursuant to Rule 26(b)(2) of the Federal Rules of Civil Procedures, the discovery sought is not cumulative or duplicative, in fact, David J. Sullivan has provided little if any information since May 29, 2002 when the Complaint was filed. The Plaintiff has been deemed incompetent and a Conservator of the Person and a Conservator of the Estate has been appointed on her behalf. The information necessary to determine the whereabouts and the amount of the funds that David