FILED

2004 JAN 29  A II: 32

U.S. DISTRICT COURT
HARTFORD, CT.

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF CONNECTICUT**

```
----------------------------------------------------
                                           :
JEANNE M. SULLIVAN,                        :
                         Plaintiff,        :
                                           :     Case No. 302 CV 916 (CFD)
           against                         :
                                           :
DAVID J. SULLIVAN,                         :
                         Defendant         :     JANUARY 28, 2004
----------------------------------------------------
```

## DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S REQUEST FOR LEAVE OF THE COURT TO FILE ADDITIONAL INTERROGATORIES OF JANUARY 6, 2004

The Defendant, David J. Sullivan, hereby objects to the Plaintiff's Request of January 6, 2004 that she be granted leave of the Court to file an additional 125 interrogatories, or 150 interrogatories in total. In support of this objection, the Defendant states as follows.

FACTS:

The Plaintiff, Jeanne M. Sullivan, is institutionalized and mentally incompetent. Despite the presence of her name in the caption of this matter, it is in actuality being prosecuted by her conservator, an individual who has never spoken with the named Plaintiff.

The Defendant, David J. Sullivan, is the son of the named Plaintiff, Jeanne M. Sullivan. The Defendant held a durable power of attorney, which was periodically

renewed by his mother, from November 14, 1990 until August 30, 2001. During that period of time, the Defendant, when requested by his mother, assisted with her financial affairs. At no time during that entire period did the Plaintiff make any complaint relative to the conduct of the Defendant.

In February 2001 the Plaintiff suffered a minor stroke. In April 2001, the Plaintiff suffered a major stroke. The Plaintiff had from November of 1990 through January of 2001 systematically excluded her daughter, Suzanne Xanthos, from being involved with her financial affairs, notwithstanding the fact that the Defendant resided in Bermuda and Suzanne Xanthos was the Plaintiff's next-door neighbor.

The Plaintiff's legal affairs had for many years been handled by an attorney situated in Washington, Connecticut. In August of 2001, Suzanne Xanthos took the Plaintiff, not to her own attorney's office, but to the office of Suzanne Xanthos' attorney. There, the Plaintiff revoked the power of attorney in favor of the Defendant, and executed a power of attorney in favor of Suzanne Xanthos. Suzanne Xanthos utilized the power of attorney granted to her to institute the within action. Subsequently, the Probate Court for the district of Torrington appointed a conservator for the estate of Jeanne M. Sullivan. That conservator is now prosecuting this case.

Although Jeanne M. Sullivan has never authorized the bringing of this action, initially Suzanne Xanthos claimed, and the conservator now continues to claim, that commencing in November of 1990 and continuing through September of 2001, the

Defendant systematically misappropriated funds owned by Jeanne M. Sullivan in the aggregate sum of one million dollars.

Despite the age of this case, the Plaintiff has never filed the initial disclosure required by Rule 26(a) of the Federal Rules of Civil Procedure. Accordingly, the Plaintiff has never disclosed any individuals likely to have discoverable information relative to this claim; never disclosed the documents that support this claim; and never has provided any computation of damages or the evidence on which such computation might be premised. The Defendant has filed a discovery request seeking information a Rule 26(a) disclosure would ordinarily provide. The Plaintiff has by agreement of the parties and order of this Court been given until February 21, 2004 to provide the information sought.

The Plaintiff did by pleading dated January 29, 2003 file a request to admit that contained 31 requests. The Defendant complied with the request. The Plaintiff did by pleading dated February 26, 2003 file a request to admit containing 4 requests. The Defendant has complied with that request. The Plaintiff did by pleading dated November 18, 2003 file a request to admit that contained 44 separate requests. The Defendant has complied with that request.

By pleading dated December 19, 2003, as superceded by pleading dated December 22, 2003, the Plaintiff filed a fourth request to admit containing 84 requests, to which by order of this Court the Defendant must reply by February 20, 2004. Finally,

by pleading dated December 11, 2003, the Plaintiff filed a request to produce seeking

18 separate requests, each of which seeks multiple classes of documents, to which the

Defendant must respond by order of this Court by February 18, 2004.

On or about December 2, 2003, the Plaintiff and Defendant filed a Joint

Amended Rule 26f Report limiting the number of interrogatories to be served by

agreement to 25 per party. The Defendant in filing its request for answers to

interrogatories has complied with that requirement.

By pleading dated November 19, 2003 and subsequently November 25, 2003,

the Plaintiff filed a Notice of Filing of Interrogatories and Requests for Production, which

purported to list 25 interrogatories. A copy of that filing is attached as Exhibit A. In

actuality, the interrogatories including their subparts numbered in excess of 100.

Typical of the interrogatories posed were the following:

> 9. Since you have admitted that on occasion you have
> deposited your mother's funds into account number 20 006
> 840 705780 100 at the Bank of Butterfield located in
> Bermuda, please state when you deposited your mother's
> funds into that account, why you deposited your mother's
> funds into that account, how you deposited those funds, i.e.
> in person or by mail or by another person, how much of your
> mother's funds you deposited into that account, whether you
> have made any withdrawals from that account (date and
> amount), whether you have any statements concerning that
> account, whether you can get statements concerning that
> account, what the yearly balance of that account has been
> for the past ten (10) years, whether anyone has made
> withdrawals from that account including Jeanne M. Sullivan
> and who (name and address) made those withdrawals.

**ANSWER:**

11.   Please state whether you had a role in the transfer of any of our mother's assets to Bermuda.  What was that role.  How did you assist in the transfer of those assets.  When did you assist in the transfer.  Why did you assist in the transfer. What was transferred. Who else assisted you in the transfer (name and address).

**ANSWER:**

22.   In your letter to Judge Magistrali dated April 25, 2002, you stated, "While it is true that I made regular visits to my mother at home in Sharon, Connecticut to assist her in specified business and financial transactions, at no time did I act on her behalf as Attorney-In-Fact."  Please state when you visited your mother to assist her in specified business and financial transactions, what those specified business and financial transactions were, how you assisted her in those specified business and financial transactions, whether any of those business or financial transactions involved the transfer of assets from the United States to Bermuda (if so, what assets and when they were transferred), why your mother consulted with you regarding these specified business and financial transactions, whether you consulted with any other experts, including accountants, attorneys and/or financial advisors concerning her specified business and financial transactions, what expertise you offered regarding these specified business and financial transactions.  Please identify each and every witness (name and address) which you believe will help prove these statements.

**ANSWER:**

23.    In your letter to Judge Magistrali Court dated April 25, 2002, you stated, "I should also like to advise the Court that I do not currently, nor did I ever, maintain bank accounts or possess any other assets of my mother, without her specific approval and instruction." Please identify what assets you did possess of your mother's with her specific approval and instruction. State when those assets were possessed by you. State why those assets were possessed by you. State the value of those assets. State whether you still possess those assets. State where those assets are now. State whether the specific approval and instructions of you mother were given in writing or verbally. State whether anyone witnessed those instructions being given to you. Please identify each and every document which prove these statements. Please identify each and every witness (name and address) which you believe will help prove these statements.

**ANSWER:**


25.    Please identify the account by name, number, amount in the account and which bank the account was held. Please identify whether you have statement for these accounts. Please identify whether you have signature cards for these accounts. Please identify when your mother gave you permission to change these accounts. Please state whether that permission was given verbally or in writing. Please state who witnessed your mother giving you permission. Please state why such changes were necessitated when you had a Durable Power of Attorney executed by your mother which is referred to in the second paragraph in the same letter. Please identify each and every document which prove these statements. Please identify each and every witness (name and address) which you believe will help prove these statements.

**ANSWER:**

From the foregoing examples, it is clear that the interrogatories served were well in excess of 100, and clearly were not 25 as limited by the Rules. The Defendant filed an objection to this Request for Answers to Interrogatories and the Production of Documents Request served with it, which dovetailed with these burdensome interrogatories.

By pleading dated January 6, 2004, the Plaintiff has now filed a Request for Leave to File Additional Interrogatories. A careful reading of paragraphs 5 through 8 of the request will reveal that the Plaintiff seeks permission of the Court to serve the 25 interrogatories previously served plus an additional 125 interrogatories. Even if each of the new 125 interrogatories is in proper form, the 25 interrogatories previously served are not. As indicated previously, those 25 interrogatories, examples of which have been given herein, are with their subparts in excess of 100 interrogatories alone. Accordingly, what the Plaintiff seeks to serve are in excess of 225 interrogatories on the Defendant. Please note that if the interrogatories to be served are similar to the 25 interrogatories previously served, examples of which are set forth verbatim herein, the number of interrogatories to be served on the Defendant could be well in excess of 500 interrogatories.

ARGUMENT:

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, leave to serve additional interrogatories shall be granted to the extent consistent with the principals of

Rule 26(b)(2). Pursuant to Rule 26(b)(2), the number of interrogatories to be served shall be limited by the Court, if the Court determines that 1) the discovery sought is unreasonably cumulative or duplicative or is obtainable from other source that is more convenient, less burdensome, or less expensive; 2) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or 3) the burden or expense of the proposed discovery outweighs is likely benefit, taking into account the needs of the case, the amount in controversy, the party's resources, the importance of the issues at stake in the litigation, and importance of the proposed discovery in resolving the issues.

The Plaintiff has not revealed the contents of the additional 125 interrogatories the Plaintiff seeks permission to file. At a minimum, the Court should require that the Plaintiff submit the additional 125 interrogatories before giving the Plaintiff carte blanche to serve such interrogatories, particularly in light of the failure of the Plaintiff to recognize that its original 25 interrogatories served by pleading dated November 25, 2003 were improper in form, and constituted not 25 interrogatories as claimed by the Plaintiff, but in excess of 100 interrogatories.

It must be kept in mind that the Defendant admittedly assisted his mother with financial transactions over an 11-year period of time, and held a valid power of attorney during that 11-year period of time. The interrogatories posed to the Defendant to date are unduly burdensome, as such interrogatories are nothing more than a fishing

expedition in which the Plaintiff requests that the Defendant account for every action taken on behalf of his mother over an 11-year period of time without any distinction whatsoever between proper transactions and improper transactions.

Furthermore, the interrogatories that have been served to date all purport to cover an 11-year period of time and all of the transactions that occurred during such time. Each interrogatory has numerous subparts that must be answered for each transaction at issue. Some of the interrogatories cannot be comprehended by a plain reading of them. Indicative of this is interrogatory #25, which starts "Please identify the account by name, number, amount in the account and which bank the account was held", without reference to what accounts or accounts the interrogatory purports to address.

It is a clear from a reading of the interrogatories served to date, all of which the Plaintiff seeks to re-serve pursuant to the terms of the motion to which this objection was filed, that the Plaintiff by asking the Defendant to review every act he undertook on behalf of his mother over an 11-year period of time, might disclose information the Plaintiff can utilize to prove an otherwise unprovable complaint.

In summary, the Plaintiff proposes to file 150 interrogatories. Of those 150 interrogatories, 25 have been previously filed. Those 25 previously filed interrogatories alone number in excess of 100 separate interrogatories. These 25 interrogatories are improper in form. The Plaintiff should not be given carte blanche to file an additional

9

125 interrogatories utilizing the 25 filed to date as a model.  Were the Plaintiff to

proceed in that fashion with the blessing of this Court, the Plaintiff might file in excess of

500 interrogatories on the Defendant.  If the Court is going to permit the Plaintiff to

serve 125 interrogatories on the Defendant, it is respectfully submitted that before such

order issues, the Plaintiff be required to submit in appropriate form for the Court's

review the 125 interrogatories to be served.  Furthermore, the Plaintiff should be

required to put into proper form the 25 interrogatories previously filed, so that the Court

can before ruling see the precise information sought, and accurately assess the burden

to which the Defendant will be subjected in responding to Plaintiff's discovery request.

Otherwise, the Plaintiff will by the granting of its motion be given carte blanche to harass

the Defendant and unduly burden him with virtually an unlimited amount of

interrogatories covering an 11-year period of time.

THE DEFENDANT
DAVID J. SULLIVAN


BY _____
       William C. Franklin
       Fed. Bar No. ct07187
       For Cramer & Anderson, LLP
       P.O. Box 278
       46 West Street
       Litchfield, CT  06759
       Tel No. (860) 567-8718
       Fax No. (860) 567-4531
       wfranklin@cramer-anderson.com

## **CERTIFICATION**

I hereby certify that a copy of the foregoing was mailed via first class mail,

postage pre-paid to all counsel and pro se parties of record on January 28, 2004.

Owen P. Eagan, Esq.
Egan & Donohue
24 Arapahoe Road
West Hartford, CT 06107

William C. Franklin
Fed. Bar No. ct 07187

# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

JEANNE M. SULLIVAN,                    :    CIVIL ACTION
              PLAINTIFF            :        NO.: 302CV916(CFD)
                                     :

VS.                                    :

                                     :

DAVID J. SULLIVAN,                     :
              DEFENDANT            :    NOVEMBER 25, 2003

## NOTICE OF FILING OF INTERROGATORIES
## AND REQUESTS FOR PRODUCTION

**A.** The undersigned, on behalf of the Plaintiff, **JEANNE M. SULLIVAN**, hereby propounds the following interrogatories and requests for production to be answered by the Defendant, **DAVID J. SULLIVAN**, pursuant to Rule 33 and 34 of the Federal Rules of Civil Procedure, and to file amended answers to the date of trial as supplemental or additional information as discovered:

1.  Since you have admitted that you signed your mother, Jeanne M. Sullivan's name on various documents, please identify each and every document upon which you have signed your mother, Jeanne M. Sullivan's name.  Please state when you signed it, where you signed it and the reason why you signed it.

**ANSWER:**

EXHIBIT A

2.    Since you have admitted that you have signed your mother, Jeanne M. Sullivan's name on

checks, please state what checks you have signed by identifying the check number on the

draft, the bank it was drawn upon, the date it was made, the payee and for what amount.

Please state the reason why you signed each check.

**ANSWER:**

3.    Why didn't you use the Power of Attorney which was afforded you from your mother

instead of signing your mother's name on the documents and checks.

**ANSWER:**

4.    Did you initial after signing your mother's name on any document or check indicating that

you were in fact signing her name with her permission.  If you did not, please explain why.

If you did put your initials on any document or any check, please describe the document in

detail.

**ANSWER:**

5.  Please state why you stated in Probate Court that you had not signed your mother's name to

    checks and other documents when in fact you did.

**ANSWER:**




6.  Since you have claimed that your mother gave you permission to sign her name on

    documents and checks, please state whether this permission was given in writing or given

    verbally.  Please state when and where the permission was given.  Please state who (name

    and address), if anyone,  witnessed your mother giving you permission to sign her name on

    documents or checks.  If permission was given in writing, please describe the instrument or

    document in detail.

**ANSWER:**




7.  If you have or had authority to sign or co-sign on any of Jeanne M. Sullivan's accounts,

    please identify the account by the name and number.  Please state the name and address of

    the institution which holds that account.   Please state when and where you were given

    authority to sign, whether authority was given in writing or verbally, who witnessed Jeanne

    M. Sullivan giving you authority (name and address).  If authority was given in writing,

    please describe the instrument or document.

**ANSWER:**

8. Since you have denied that you are the owner of bank account known as number 20 006 840 705780 100 at the Bank of Butterfield located in Bermuda, please state who owns that account (name and address), when it was opened and why it was opened.

**ANSWER:**

9. Since you have admitted that on occasion you have deposited your mother's funds into account number 20 006 840 705780 100 at the Bank of Butterfield located in Bermuda, please state when you deposited your mother's funds into that account, why you deposited your mother's funds into that account, how you deposited those funds, i.e. in person or by mail or by another person, how much of your mother's funds you deposited into that account, whether you have made any withdrawals from that account (date and amount), whether you have any statements concerning that account, whether you can get statements concerning that account, what the yearly balance of that account has been for the past ten (10) years, whether anyone has made withdrawals from that account including Jeanne M. Sullivan and who (name and address) made those withdrawals.

**ANSWER:**

10. Please describe in detail every asset of your mother's which was transferred to Bermuda. State what the asset is or was and when it was transferred to Bermuda. Please state where that asset is now and state who has possession of the asset (name and address).

**ANSWER:**

11. Please state whether you had a role in the transfer of any of our mother's assets to Bermuda. What was that role. How did you assist in the transfer of those assets. When did you assist in the transfer. Why did you assist in the transfer. What was transferred. Who else assisted you in the transfer (name and address).

**ANSWER:**

12. Please state whether you have paid taxes to any nation, any state or any local government within the past ten (10) years. Please identify to whom you paid taxes and with whom you filed the tax return (name and address) and for what year you paid the taxes and/or filed these returns.

**ANSWER:**

13. Please state whether you have applied for a loan in the past ten (10) years. If so, please state when, where and with whom you applied for that loan.

**ANSWER:**

14. Please state whether you were given a loan in the past ten (10) years. If you were given a loan in the past ten (10) years, please state who gave you the loan, when was the loan given, what is the loan number, what was used to secure the loan, if anything and what was the loan for.

**ANSWER:**

15. Please state whether you have completed a financial statement declaring your assets for anyone, for any institution or for any entity in the past ten (10) years. If so, when did you complete said financial statement and from whom (name and address) did you complete that financial statement. What did you disclose as your net worth on each financial statement.

**ANSWER:**

16. Please state the name and address of your employer for the past ten (10) years, identifying the time period you worked for that employer (start date and separation date).

**ANSWER:**

17. Please state why you separated from each employer listed above.

**ANSWER:**

18. Please state what each employer paid you for the period of time you worked.

**ANSWER:**

19. Please state the names and addresses of your Direct Supervisors for each place of employment identified above.

**ANSWER:**

20. Please state why you believe the Plaintiff had, from November of 1990 through January of 2001, systematically excluded her daughter, Suzanne Xanthos, from being involved with her financial affairs as set forth in Paragraph Five of your Fourth Affirmative Defense. Please state what relevance that has to whether or not you defrauded your mother out of assets which were owned by her. Please identify each and every document which proves those allegations. Please identify each and every witness (name and address) which you believe will help prove those allegations. Please state in detail what each witness will testify to.

ANSWER:


21. Please explain how, as you stated in Paragraph 8 of the Fifth Affirmative Defense, that you changed your position to your detriment, carrying out all the financial transactions that your mother requested that you carry out. Please identify exactly what instructions your mother gave you. State whether those instructions were verbal or in writing. State whether your mother spoke to you on the telephone or in person. State whether and how you reported to your mother that you had carried out all of her instructions concerning her financial transactions. Please identify each and every document which proves this allegation. Please identify each and every witness (name and address) which you believe will help prove those allegations. Please state in detail what each witness will testify to.

ANSWER:

22. In your letter to Judge Magistrali dated April 25, 2002, you stated, "While it is true that I made regular visits to my mother at home in Sharon, Connecticut to assist her in specified business and financial transactions, at no time did I act on her behalf as Attorney-In-Fact." Please state when you visited your mother to assist her in specified business and financial transactions, what those specified business and financial transactions were, how you assisted her in those specified business and financial transactions, whether any of those business or financial transactions involved the transfer of assets from the United States to Bermuda (if so, what assets and when were they transferred), why your mother consulted with you regarding these specified business and financial transactions, whether you consulted with any other experts, including accountants, attorneys and/or financial advisors concerning her specified business and financial transactions, what expertise you offered regarding these specified business and financial transactions, whether you provided her any advice concerning these specified business and financial transactions. Please identify each and every document which prove these statements. Please identify each and every witness (name and address) which you believe will help prove these statements.

**ANSWER:**

23. In your letter to Judge Magistrali Court dated April 25, 2002, you stated, "I should also like to advise the Court that I do not currently, nor did I ever, maintain bank accounts or possess any other assets of my mother, without her specific approval and instruction." Please identify what assets you did possess of you mother's with her specific approval and instruction. State when those assets were possessed by you. State why those assets were possessed by you. State the value of those assets. State whether you still possess those assets. State where those assets are now. State whether the specific approval and instructions of you mother were given in writing or verbally. State whether anyone witnessed those instructions being given to you. Please identify each and every document which prove these statements. Please identify each and every witness (name and address) which you believe will help prove these statements.

**ANSWER:**

24. In you letter to Judge Magistrali dated April 25, 2002, you stated, "Certain bank accounts formerly in my mother's name only, were changed to include my name on the account. The purpose for such change(s) was necessitated by my mother's belief that should she fall ill, she wanted to provide an ability for me to secure funds necessary for her maintenance and benefit. Given this purpose and with my mother's prior approval and consent, I did draft several checks drawn on one or more of these accounts to fund and/or reimburse myself, my sister Maryanne and/or my sister Beth Ann for certain expenses related to my mother's care and maintenance." Please identify to which accounts you were referring. Please identify each and every document which prove these statements. Please identify each and every witness (name and address) which you believe will help prove these statements.

**ANSWER:**

25. Please identify the account by name, number, amount in the account and which bank the account was held. Please identify whether you have statements for these accounts. Please identify whether you have signature cards for these accounts. Please identify when your

mother gave you permission to change these accounts. Please state whether that permission was given verbally or in writing. Please state who witnessed your mother giving you permission. Please state why such changes were necessitated when you had a Durable Power of Attorney executed by your mother which is referred to in the second paragraph of the same letter. Please identify each and every document which prove these statements. Please identify each and every witness (name and address) which you believe will help prove these statements.

**ANSWER:**

THE PLAINTIFF,
JEANNE M. SULLIVAN

BY _____
Owen P. Eagan
EAGAN & DONOHUE
24 Arapahoe Road
West Hartford, CT 06107
Federal Bar No. ct00716
(860)232-7200
(Her Attorney)

## **VERIFICATION**

I, **DAVID J. SULLIVAN**, hereby certify that I have reviewed the above Interrogatories and responses thereto and that they are true and accurate to the best of my knowledge and belief.

DEFENDANT,

_____
**David J. Sullivan**

STATE OF CONNECTICUT }
                      } ss.                    **2003**
COUNTY OF             }

Subscribed and sworn to before me this _____ day of _____, 2003.

_____
Commissioner of the Superior Court/
Notary Public

My Commission Expires:_____

## REQUESTS TO PRODUCE

**B.**   The Plaintiff, **JEANNE M. SULLIVAN,** requests that the Defendant, **DAVID J.**

**SULLIVAN,** produce copies of all documents referred to below:

1.   Any and all documents referred to in Interrogatory No. 1;

2.   Any and all checks referred to in Interrogatory No. 2;

3.   Any and all documents or checks referred to in Interrogatory No. 4;

4.   All documents granting you permission to sign your mother's name listed in Interrogatory No. 6;

5.   Any and all copies of the documents referred to in Interrogatory No. 7;

6.   Any and all statements for account 20 006 840 705780 100 from the Bank of Butterfield and  deposit slips and/or deposit receipts and withdrawal slips and/or withdrawal receipts, books or records for said account which is referred to in Interrogatory No. 9;

7.   Any and all documents, records, correspondence, notes, memos, etc related to the transfer of you mother's real or personal property referred to in Interrogatory No. 10 and Interrogatory No. 11;

8.   Any and checks and any and all tax returns referred to in Interrogatory No. 12;

9.   Any and all loan documents including but not limited to the loan application, the statement, the note, the mortgage and the leases referred to in Interrogatory No. 13 and Interrogatory No. 14;

10.  Any and all financial statements referred to in Interrogatory No. 15;

11.  Any and all employment applications, employment contracts, correspondence, notes, memos, etc. and any and all payroll stubs and/or payroll receipts for each employer referred to in Interrogatory No. 16;

12.  Any and all documents related to your separation including letter of termination referred to in Interrogatory Nos. 16 - 18; and

13.  Any and all documents referred to in Interrogatory Numbers 20-25.

## **CERTIFICATION**

This certified that the foregoing Interrogatories and Requests for Production was sent First Class Mail, postage prepaid this 25th day of November, 2003 to:

William C. Franklin, Esq.
Cramer & Anderson, LLP
P.O. Box 278
46 West Street
Litchfield, CT 06759

Matthew Lefevre, Esq.
241 Asylum Street, 3rd Floor
Hartford, CT 06103

Owen P. Eagan

*CivilX01-P21&22D&P'sD.Sullivan.02/st*