*of Naugatuck, Inc.*, 5 Conn. App. 296, 301 (1985). A fair and reasonable estimate of the likely potential damages is sufficient to support the entry of a prejudgment attachment. *Id.* Nevertheless, the Plaintiff bears the burden of presenting "evidence which affords a reasonable basis for measuring her loss". *Spera v. Audiotape Corp.*, 1 Conn. App. 629, 633 (1984), quoted in *Rafferty v. Noto Brothers Construction*, 68 Conn. App. 685, 693 (2002).

II.     THE PLAINTIFF HAS FAILED TO ESTABLISH PROBABLE CAUSE RELATIVE TO HER VARIOUS CLAIMS.

The Plaintiff alleges in her first count that David J. Sullivan committed fraud. It is settled law that the essential elements of an action in fraud are 1) that a false representation was made as to a statement of fact; 2) that it was untrue and known to be untrue by the party making it; 3) that it was made to induce the other party to act on it; and 4) that the latter did so act on it to his injury. *Kilduff v. Adams, Inc.*, 219 Conn. 314, 329 (1991). Although the first count of the complaint alleges that David J. Sullivan represented he would take care of his mother's financial affairs, and use her assets for her benefit only, there was no evidence as to any conversation between David J. Sullivan and Jeanne M. Sullivan either from the side of Jeanne M. Sullivan or from the side of David J. Sullivan.

Furthermore, common law fraud must be proven by a higher standard than a fair preponderance of the evidence; namely, by "clear and satisfactory evidence". *Kildruff*, 219 Conn. at 327-28.

19

There is a three-year statute of limitations for fraud. *Travelers Indemnity Co. v. Rubin*, 209 Conn. 437, 443-44 (1988); *Connecticut General Statutes* §52-577. The uncontradicted evidence was that Jeanne M. Sullivan received her bank statements at her address at least up until her first stroke in 2001. Mr. Lefevre conceded that all he learned relative to the financial transactions at issue was through examination of financial records Jeanne M. Sullivan could have examined at any time. There was no evidence of a cover up relative to the availability of these records. This action was filed May 29, 2002. Any claimed losses that predate May 29, 1999 would under a theory of fraud be barred by the applicable statute of limitations.

The Plaintiff's second count is predicated on a claim of negligent misrepresentation. The Connecticut Supreme Court has held that the governing principals for a claim in negligent misrepresentation are set forth in §552 of the Restatement (2nd) of Torts (1977): "One who in the course of his business, profession, or employment supplies false information for the guidance of others in their business transaction is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information if he fails to exercise reasonable care or competence in obtaining or communicating the information." *Williams Ford, Inc. v. Hartford Courant Co.*, 232 Conn. 559, 575 (1995). In clarifying the scope of this theory, the Supreme Court stated, "§552 applies to anyone who supplies information 'in the course of his business, profession, or employment, or in any other transaction in which he has a

pecuniary interest'". *Id.* at 576. Reference to the second count will indicate that it is alleged that David J. Sullivan made representations to the Plaintiff Jeanne M. Sullivan, and that the Plaintiff Jeanne M. Sullivan relied on such representations and was damaged as a result of such representations. Putting aside whether such representations were made in the context of a business as contemplated by §522 of the Restatement (2nd), the Plaintiff has neither alleged in her complaint nor proved at the prejudgment remedy hearing the content of any representation made by David J. Sullivan to his mother. Mr. Lefevre readily admitted he had never discussed this case with Jeanne M. Sullivan, and did not claim that in his one discussion with David J. Sullivan any mention was made of discussions between David J. Sullivan and his mother. The Court would have to engage in pure speculation to conclude that a misrepresentation of any kind occurred at any point in time relative to this case.

The statute of limitations for negligent misrepresentation is the three-year statute of limitations set forth in *Connecticut General Statutes* §52-577. *Cocchiola Paving v. Peterbilt of Southern Connecticut*, No. CV01-0168579S, 2003 Conn. Super. LEXIS 589 (Superior Court Judicial District of Waterbury, March 3, 2003, Gallagher, J.); 50 U.C.C. Rep. Serv. 2d (Callaghan) 136. There was simply no evidence whatsoever regarding statements made by David J. Sullivan to Jeanne M. Sullivan. Even were there evidence of such statements, a vast majority of the alleged improper transactions are time barred pursuant to the applicable three-year statute of limitations. As such, the Plaintiff has

21

failed to establish probable cause that she will succeed relative to the negligent misrepresentation claim.

In her third count, the Plaintiff alleges that transfers of property from Jeanne M. Sullivan to David J. Sullivan were accomplished by David J. Sullivan exerting undue influence over his mother. The count further alleges that Jeanne M. Sullivan was in a weakened mental, physical, and/or emotional condition at the time, and that in the absence of undue influence, she would not have allowed any transfers to David J. Sullivan. There is absolutely no evidence to substantiate those allegations.

James J. Sullivan, before his death, and Jeanne M. Sullivan from the date of her husband's death until her incapacity in 2001, voluntarily involved David J. Sullivan in their financial transactions. There was no evidence that James J. Sullivan was under undue influence when he directed Suzanne Xanthos to make her monthly loan payments to David J. Sullivan, notwithstanding the fact that the payments were due James J. Sullivan. There was no evidence that James J. Sullivan was under undue influence if he in fact transferred the Herley stock to David J. Sullivan prior to his death. There was no evidence that Jeanne M. Sullivan was under undue influence, or for that matter under any influence from David J. Sullivan during the 1990s, when a vast majority of the transactions that are the subject of this action were made. In fact, Mr. Lefevre testified that as far as he knew, Jeanne M. Sullivan was competent and able to handle her affairs up until the time she had a stroke in 2001. Furthermore, there was no

evidence David J. Sullivan improperly participated in any fashion relative to the transactions described by Mr. Lefevre. In fact, the court should infer from the undisputed fact that Jeanne M. Sullivan controlled her own accounts and received statements with regard to them during this period of time, but complained to no one relative to the transactions Mr. Lefevre identified, that she in fact was satisfied with the transactions, not only at the time they were made, but after she had opportunity to review them upon her receipt of statements relative to her accounts on a periodic basis during this entire timeframe.

The sole credible evidence in this case is that Suzanne Xanthos in 2001, with 20/20 hindsight, objected to what her mother and possibly her father had done as early as 1990. This does not establish probable cause to attack transactions with which James J. Sullivan and Jeanne M. Sullivan were satisfied over a protracted period of time.

Furthermore, although a claim in undue influence is equitable, under the circumstances in this case a three-year statute of limitations would apply.

> Where a party seeks equitable relief pursuant to a cause of action that would also allow that party to seek legal relief, concurrent legal and equitable jurisdiction exists, and the statute of limitations that would be applicable to bar the legal claim also applies to bar the equitable claim.

*Dowling v. Finley Assoc., Inc.* 49 Conn. App. 330, 335 (1998), *reversed on other grounds*, 248 Conn. 364 (1999).

Our Connecticut Supreme Court has long held that courts of equity apply a rule of limitation in analogy to the statute of limitations, and ordinarily the period that would bar a remedy at law would bar a remedy in equity. Equity does not encourage parties to procrastinate in such cases. *Jeffery v. Fitch*, 46 Conn. 601, 605 (1879).

In this case, even were there evidence of undue influence, which was not the case here, the three-year statute of limitation that bars the legal claims on which the Plaintiff relies would bar the equitable claims including undue influence. The Plaintiff cannot now go back to transactions that occurred in 1990, 1994, 1995, 1996, and the like, and reassess those transactions at this point in time.

As a matter of policy that is a sound result. If neither James J. Sullivan nor Jeanne M. Sullivan saw fit to question these transactions, their daughter Suzanne Xanthos should not, through the auspices of a conservator, be permitted to second-guess their decisions in this regard at this late date.

The Plaintiff in her fourth count alleges unjust enrichment. To recover pursuant to such a theory, Jeanne M. Sullivan must allege and prove 1) that David J. Sullivan was benefited; 2) that David J. Sullivan unjustly did not pay Jeanne M. Sullivan for such benefits; 3) and that the failure of payment was to Jeanne M. Sullivan's detriment. *Weisman v. Kaspar*, 233 Conn. 531, 538 (1995). Although there was evidence that David J. Sullivan received benefits from Jeanne M. Sullivan, there was no evidence that his receipt was unjust. Jeanne M. Sullivan was the same woman who made a

conscious decision to sell a $490,000.00 home to a grandson for $165,000.00. Mr. Lefevre admitted there was no evidence that the benefit conferred on her grandson was anything other than a conscious decision on Jeanne M. Sullivan's behalf. Likewise, Mr. Lefevre identified transactions between both James J. Sullivan and Jeanne M. Sullivan on the one hand and David J. Sullivan on the other that may have benefited David J. Sullivan; but, the essential proof of the circumstances in which those transactions occurred was not proven. Those transactions are accordingly indistinguishable from the transaction in which Jeanne M. Sullivan benefited her grandson to the extent of approximately $300,000.00. This is particularly so when there was no evidence that either James J. Sullivan or Jeanne M. Sullivan ever took issue with any of the transactions that are now the subject of Mr. Lefevre's claims.

Finally, for reasons previously advanced herein, a three-year statute of limitation would apply to this equitable claim as well. Accordingly, a vast majority of the money sought by Mr. Lefevre cannot be recovered due to the fact that such transactions occurred in excess of three years before the filing of this action.

The Plaintiff in her fifth count claims that David J. Sullivan is holding legal title to assets and property of Jeanne M. Sullivan, and seeks the imposition of a constructive trust on such property. Although the complaint alleges that the property in question was obtained by fraud, duress, abuse of confidence, commission of wrong, artifice, concealment, or other questionable means, there was no evidence tending to prove any

25

of those allegations. Nor, in many cases, did Mr. Lefevre offer any evidence that David J. Sullivan was even in possession of the asset in question.

In short, the claim for constructive trust suffers from the same infirmities as the other equitable claims, and like the other equitable claims is by analogy bound by the three-year statute of limitations applicable to the legal claims asserted simultaneously with the equitable claims in this action.

In the Plaintiff's sixth count and eight count, the Plaintiff has alleged theft and conversion.

The sixth count, which sounds in theft, is improperly predicated on *Connecticut General Statutes* §53a-119, a criminal statute. A cause of action in statutory theft under Connecticut law is predicated on *Connecticut General Statutes* §52-564 on which the Plaintiff has not relied. The sixth count fails to state a cause of action on which Jeanne M. Sullivan can recover as alleged in the first special defense filed on behalf of David J. Sullivan.

If the sixth count did state a viable cause of action for statutory theft, Jeanne M. Sullivan would have to allege and prove that David J. Sullivan, with intent to deprive her of property or to appropriate the same to himself, wrongfully took, obtained, or withheld property from her. By contrast a cause of action in conversion requires the unauthorized assumption and exercise of the right of ownership over goods belonging to another to the exclusion of the owner's rights, and allegation and proof that the owner

is harmed as a result of the unauthorized act. Conversion is distinguished from statutory theft in two ways. First, statutory theft requires an intent to deprive another of his property. Second, conversion requires the owner be harmed by the conduct. *Suarez-Negrete v. Trotta*, 47 Conn. App. 517, 520-21 (1998).

Again, there is evidence of financial transactions in which David J. Sullivan was involved with either his father or his mother. There is no evidence, however, as to the circumstances under which those transactions occurred, or that David J. Sullivan stole money from either of his parents, or converted their assets to his own use. Again, Suzanne Xanthos, acting through the conservator, is second-guessing financial decisions both her father and mother made years before she became involved in their business, after her mother had a stroke in 2001.

The most telling fact in this case is that neither James J. Sullivan nor Jeanne M. Sullivan ever complained about the transactions that are the subject of this action, and that the only person who has complained, Suzanne Xanthos, did so only after neither her father or mother could countermand her objections to these events.

Under Connecticut law, conversion is a cause of action in tort. *Falker v. Samperi*, 190 Conn. 412 (1983). A cause of action in conversion is bound by a three-year statute of limitations set forth in *Connecticut General Statutes* §52-577. Because this is an occurrence statute, meaning that the time period within which Jeanne M. Sullivan must commence an action begins to run at the moment of the act or omission

complained of, when conducting an analysis under *Connecticut General Statutes* §52-577 relative to a conversion claim, the only facts material to the trial court's decision are the date of the wrongful conduct alleged in the complaint, and the date the action was filed. *Sterniak v. Mullins*, No. CV02-0516931S, 2003 Conn. Super. LEXIS 2812 (Superior Court Judicial District of New Britain, September 18, 2003, Cohn, J.), *citing, Collum v. Chapin*, 40 Conn. App. 499, 451 (1996).

Based on the foregoing, it is clear that any transactions prior to May 29, 1999 are time barred relative to a conversion claim even were their evidence submitted by Jeanne M. Sullivan in support of a conversion claim. The simple truth was that there was no such evidence adduced at the prejudgment remedy hearing.

In her seventh count, Jeanne M. Sullivan alleges damages on the basis of forgery. Specifically, she alleged that several checks and documents were forged in violation of *Connecticut General Statutes* §53a-137. The simple answer to this claim is that Mr. Lefevre admitted at the prejudgment remedy hearing that he was unable to opine as to the legitimacy of any signatures placed before him. Furthermore, he acknowledged that although either Suzanne Xanthos or Mr. Eagan had retained the services of a forgery expert, the documents that were presented in evidence at the prejudgment remedy hearing had not been reviewed by such expert, so as to determine the genuineness of the signatures thereon. In the total absence of any allegation or

28

proof as to forged documents, or losses sustained as a result thereof, this claim must fail.

Finally, in her ninth count Jeanne M. Sullivan alleges that David J. Sullivan was negligent in the fashion in which he either invested funds or moved funds in violation of the prudent investor rule.

There was no evidence introduced at the prejudgment remedy hearing suggesting that Jeanne M. Sullivan requested David J. Sullivan make any investments on her behalf, or that David J. Sullivan purported to make any investments on her behalf. Nor was there any evidence as to the standard of care to which David J. Sullivan as a potential investor would have to adhere.

Obviously, a cause of action in negligence is an action founded upon a tort. Pursuant to *Connecticut General Statutes* §52-577 no action founded upon a tort shall be brought but within three years from the date of the act or omission complained of. No date was specified in the complaint, nor at the prejudgment remedy hearing, as to when David J. Sullivan allegedly breached the duty and negligently or carelessly invested or moved funds in violation of the prudent investor rule. Obviously, however, any such transgression prior to May 29, 1999 would be time barred.

One additional issue need be addressed. Although there is no cause of action for breach of fiduciary duty, use of that term occurred with some frequency by Mr. Eagan during the pendency of the prejudgment remedy hearing.

29

> It is well settled that a fiduciary or confidential relationship is characterized by a unique degree of trust and confidence between the parties, one of who has superior knowledge, skill, or expertise and is under a duty to represent the interests of the other...Although this court has refrained from defining a fiduciary relationship in precise detail and in such a manner as to exclude new situations...we have recognized that not all business relationships implicate the duty of a fiduciary...In particular instances, certain relationships as a matter of law, do not impose upon either part the duty of a fiduciary. (citations omitted; internal quotation marks omitted)
>
> Our Supreme Court's opinion in *Hi-Ho Tower, Inc. v. Com-Tronics, Inc.*, 255 Conn. 20 (2000) is instructive. In that case the court stated: "In the cases in which this court has, as a matter of law, refused to recognize a fiduciary relationship, the parties were either dealing at arm's length, thereby lacking a relationship of dominance and dependence, or the parties were not engaged in a relationship of special trust and confidence." *Id.* at 39. *see also*, *Hemmingway v. Coleman*, 49 Conn. 390, 392 (1881). Furthermore, "[t]he law will imply [fiduciary responsibilities] only where one party to a relationship is unable to fully protect its interests [or where one party has a high degree of control over the property or subject matter of another] and unprotected party has placed its trust and confidence in the other". (internal quotation marks omitted) *Hi-Ho Tower, Inc. v. Com-Tronics, Inc.*, supra at 41.

*DeMorais v. Wisniowski*, 81 Conn. App. 595, 606-07 (2004).

In this case, no evidence was adduced as to whether there was a relationship of dominance and dependence between either James J. Sullivan and David J. Sullivan or between Jeanne M. Sullivan and David J. Sullivan. No evidence was adduced as to the financial savvy of any of those parties, or the circumstances under which any of the

30

transactions occurred. Although there was evidence that David J. Sullivan held a power of attorney from Jeanne M. Sullivan from mid-1991 to mid-2001, there was no evidence that he utilized the power of attorney, or that the existence of the power of attorney had anything to do with the transactions outlined by Mr. Lefevre. For example, although there was evidence in 1996 that Jeanne M. Sullivan drew a check payable to her own order in the sum of $250,000.00, endorsed the check, and gave it to David J. Sullivan to deposit into his account, there was no evidence as to how or why that transaction occurred. Nor was there any evidence that David J. Sullivan's power of attorney was utilized in any fashion relative to this transaction. Like the balance of the transactions described by Mr. Lefevre, their existence was established. The circumstances under which they occurred were not. The best evidence was that both James J. Sullivan and Jeanne M. Sullivan were, by their silence relative to these transactions for nearly a decade, satisfied they were in all respects appropriate. The existence of or the breach of a fiduciary duty by David J. Sullivan was simply not established.

III.    THE APPROPRIATE REMEDY

From all of the foregoing, it is clear that the requested prejudgment remedy, that is the attachment of David J. Sullivan's assets in the sum of $2,200,000.00 should be denied. For the reasons previously set forth, there was neither factual nor legal basis for the prejudgment remedy sought.

Even if the Court contemplated granting a prejudgment remedy, it is respectfully submitted that such prejudgment remedy would, because of the applicable statute of limitations, have to be restricted to those transactions that occurred subsequent to May 29, 1999, and could not include any transactions that occurred prior to that date.

Jeanne M. Sullivan has by motion dated December 1, 2003 moved pursuant to *Connecticut General Statutes* §52-278n for disclosure of assets by David J. Sullivan. Reference to *Connecticut General Statutes* §52-278n(a) will reveal that:

> The court may on motion of a party order an appearing defendant to disclose property in which he has an interest or debts owing to him sufficient to satisfy a prejudgment remedy. The existence, location, and extent of the defendant's interest in such property or debts shall be subject to disclosure. The form and terms of disclosure shall be determined by the court.

From the foregoing, it is clear that the statute contemplates an order of disclosure, not an order of delivery, of the assets in question. Furthermore, the statute specifically requires an individual against whom a prejudgment remedy is granted to disclose property in which he has an interest or debts owing to him, and does not require the disclosure of books, financial, statements, bank records, tax returns, savings accounts, documentation and other records related to his finances or related to his assets, as is requested in the Plaintiff's motion for disclosure of assets.

Recently, in the case of *Mammoet USA NE Corp., v. Dick Corp.*, No. 3:02CV2022, 2003 U.S. Dist. LEXIS 22332 (CT October 9, 2003) (Kravitz, J.), Judge

Kravitz addressed the issue of whether Magistrate Judge Glazer had correctly ruled on an application for prejudgment remedy and disclosure of assets. What was specifically at issue was the question of whether the District Court, which had in personam jurisdiction over the party against whom a prejudgment remedy had been granted had jurisdiction to order such individual to bring assets into the State of Connecticut for purposes of attachment. Judge Kravitz ruled that insofar as the party had not yet disclosed its assets, and insofar as the party had no objection to disclosing its assets, Judge Kravitz would defer the question of whether the court had jurisdiction to order assets to be brought into the State of Connecticut until assets had in fact been disclosed and a determination had been made as to whether the prejudgment remedy could be satisfied by disclosed assets already situated in the State of Connecticut. Judge Kravitz also failed to reach the question as to whether the party against whom the prejudgment remedy had issued could be compelled to disclose the existence of assets situated outside the State of Connecticut because of the simple reason that the party against whom the prejudgment remedy had been granted did not object to making such disclosure.

*Connecticut General Statutes* §52-278n(a) does not limit the disclosure of the Defendant's interest in property or debts to those located in Connecticut. It is, however, crucial, as Judge Kravitz recognized, that if a prejudgment remedy issues against David J. Sullivan, he have a full opportunity after disclosure of assets pursuant to *Connecticut*

33

*General Statutes* §52-278n(a) to brief and argue the question of whether this Court has jurisdiction to order attachment of any such assets outside the State of Connecticut, or in the alternative whether this Court has jurisdiction to compel David J. Sullivan to deliver any such assets to the State of Connecticut, so that they in fact can be attached.

The foregoing said, it is the position of David J. Sullivan that the motion for disclosure of assets should be denied on the simple basis that it can be granted only in a situation where a prejudgment remedy issues against David J. Sullivan. As this is not a case where the issuance of any such prejudgment remedy would be appropriate, the motion for prejudgment remedy should be denied, thereby requiring that the motion for disclosure of assets be denied.

THE DEFENDANT
DAVID J. SULLIVAN

BY _____
William C. Franklin
Fed. Bar No. ct07187
For Cramer & Anderson, LLP
P.O. Box 278
46 West Street
Litchfield, CT 06759
Tel No. (860) 567-8718
Fax No. (860) 567-4531
wfranklin@cramer-anderson.com

## CERTIFICATION

I hereby certify that a copy of the foregoing was mailed via first class mail, postage pre-paid to all counsel and pro se parties of record on March 5, 2004.

Owen P. Eagan, Esq.
Eagan & Donohue
24 Arapahoe Road
West Hartford, CT 06107

_____
William C. Franklin,
Fed. Bar No. ct 07187