FILED

2004 MAR -8 P 2: 46

# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JEANNE M. SULLIVAN, | : | CIVIL ACTION |
| PLAINTIFF | : | NO.: 302CV916(CFD) |
| VS. | : | |
| DAVID J. SULLIVAN, | : | |
| DEFENDANT | : | MARCH 5, 2004 |

## SUPPLEMENTAL ATTACHMENT TO PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR PREJUDGMENT REMEDY

The Plaintiff, Jeanne M. Sullivan, in the above captioned matter, hereby submits the attachment to Plaintiff's Memorandum of Law in Support of Plaintiff's Motion for Prejudgment Remedy which was filed with the Court on Friday, March 5, 2004 at 3:58 P.M.

The attachment was inadvertently omitted from the Memorandum.

PLAINTIFF,
JEANNE M. SULLIVAN

By _____
Owen P. Eagan, Esq.
Eagan & Donohue
24 Arapahoe Road
West Hartford, CT 06107
Federal Bar No. ct00716
(860)232-7200
Her Attorney

## **CERTIFICATION**

    This certifies that the foregoing Memorandum of Law was mailed First Class, postage prepaid this 5th day of March, 2004 to:

William C. Franklin, Esq.
Cramer & Anderson
P.O. Box 278
46 West Street
Litchfield, CT 06759

Matthew J. Lefevre, Esq.
241 Asylum Street, 3rd Floor
Hartford, CT 06103

                                                                           Owen P. Eagan

*X01.Civil.P49AttachmentToMemorandumOfLaw/st*

Get a Document - by Citation - 1992 U.S. Dist. LEXIS 17601 Page 1 of 8

Case 3:02-cv-00916-CFD    Document 96    Filed 03/08/2004    Page 3 of 10

Service: **Get by LEXSEE®**
Citation: **1992 US Dist. Lexis 17601**

*1992 U.S. Dist. LEXIS 17601, \**

JOHN C. HAMMA and TENEX CORPORATION v. GRADCO SYSTEMS, INC., KEITH B. STEWART, and GRADCO (JAPAN), LTD. ROBERT CLARK DUBOIS v. GRADCO SYSTEMS, INC., KEITH B. STEWART, and GRADCO (JAPAN), LTD.

Civil No. B:88-115 (JAC), Civil No. B:89-437 (JAC)

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF CONNECTICUT

1992 U.S. Dist. LEXIS 17601

November 3, 1992, Decided
November 4, 1992, Filed

## CASE SUMMARY

**PROCEDURAL POSTURE:** Plaintiffs, individuals and corporation, filed an application for prejudgment remedy (PRJ). In that application, plaintiffs sought an order requiring the attachment of shares owned by defendant corporation in then-defendant company. The corporation opposed plaintiffs' application on the grounds that the court lacked jurisdiction to award the PRJ and that the PRJ statute was unconstitutional.

**OVERVIEW:** The court overruled the corporation's objections to plaintiffs' application for PJR. The corporation argued that the court lacked jurisdiction to issue an order attaching the stock and that such an order would amount to an injunction and therefore required plaintiffs to meet the standard of proof required for issuance of an injunction. The court held that it had proper jurisdiction based on its in personam jurisdiction. The court held that such orders might have the effect of an injunction but need not satisfy the requirements governing injunctions. The corporation argued that the probable cause standard violated due process because complex factual issues were presented and the facts were vigorously contested. The court held that the corporation had a full opportunity to present its own evidence and to challenge the evidence presented by plaintiffs. The court held that the prejudgment evidentiary hearing properly contained the risk of erroneous deprivation, and thus it was unnecessary abandon the probable cause standard for complex or vigorously contested cases. The court held that a bond requirement was not an indispensable requisite of a constitutional PJR statute.

**OUTCOME:** In an oral ruling, the court overruled the corporation's jurisdictional and constitutional objections to plaintiffs' application for PJR.

**CORE TERMS:** memorandum, prejudgment, attachment, probable cause standard, jurisdictional, injunction, stock, erroneous deprivation, bond requirement, ancillary, constitutional attack, probable cause, ex parte, order requiring, personam jurisdiction, prediction, contested, plurality, issuance, territorial jurisdiction, likelihood of success, evidentiary hearing, property rights, opportunity to contest, concerns expressed, factual issues, reasons stated, remain free, oral ruling, certificates

### LexisNexis (TM) HEADNOTES - Core Concepts - ♦ Hide Concepts

Civil Procedure > Remedies > Seizure of Persons & Property

Civil Procedure > Jurisdiction

*HN1* Plaintiffs in civil actions in the United States District Court for the District of Connecticut are entitled to seek relief under the prejudgment remedy (PJR) procedures established by the State of Connecticut. Conn. R. Civ. P. 5(c). Connecticut law defines a PJR as any remedy or combination of remedies that enables a person to attach the property of a defendant in a civil action. Conn. Gen. Stat. § 52-278a(d). Connecticut law provides that a PJR should be awarded where the plaintiff seeking the remedy shows there is "probable cause" to sustain the validity of his claim. Conn. Gen. Stat. § 52-278d. A federal district court can effectuate a PJR issued under Connecticut law by ordering parties over whom the court has in personam jurisdiction to take or refrain from taking certain actions. The district court's authority to issue such ancillary orders is based on the court's in personam jurisdiction, which gives the court inherent equitable authority to order a party to do certain acts either within or outside the court's territorial jurisdiction. The broad authority conferred on a court by the exercise of in personam jurisdiction serves the important policy of preventing a party from frustrating justice by removing assets from the court's territorial jurisdiction. More Like This Headnote

Civil Procedure > Remedies > Seizure of Persons & Property

*HN2* Ancillary orders issued by courts in effectuating prejudgment remedies may have the effect of injunctions, but such orders need not satisfy the requirements governing injunctions in Fed. R. Civ. P. 65. On the contrary, federal courts routinely issue ancillary orders in conjunction with prejudgment remedies without finding a likelihood of success on the merits or requiring that plaintiff post a bond. The standard for issuance of ancillary orders is no different from the standard for awarding the prejudgment remedy that such orders help implement. Under Connecticut state law, that standard is neither more nor less than probable cause. More Like This Headnote

Civil Procedure > Remedies > Seizure of Persons & Property

*HN3* Even the temporary or partial impairments to property rights that attachments entail are sufficient to merit due process protection. Determining whether due process was provided requires a careful evaluation of the facts of that case in light of the following factors: (1) the private interest that would be affected by the prejudgment measure; (2) the risk of erroneous deprivation through the procedures under attack and the probable value of additional or alternative safeguards; and (3) the private interest of the party seeking relief. More Like This Headnote

Civil Procedure > Remedies > Bonds

*HN4* A bond requirement is not a sine qua non of a constitutional prejudgment remedy statute. More Like This Headnote


**COUNSEL:** [*1] EDWARD F. HENNESSEY, BRIEN P. HORAN, KATHERINE B. LARSON, (Robinson & Cole), Hartford, CT, GRANT P. HASKELL, Esq., Westport, CT, Counsel for Plaintiffs.

JEFFREY HELLMAN, PAUL SANSON, (Shipman & Goodwin), Hartford, CT, Counsel for Defendants.

**JUDGES:** Cabranes

**OPINIONBY:** JOSE A. CABRANES

of ex parte attachments do not [*7] apply when a PJR application is contested--that is, when a party whose property interests are at stake is afforded a pre-deprivation opportunity for a hearing on the application for attachment. Plaintiffs also argue that the more general concerns expressed by the Court with regard to the vagueness of the Connecticut probable cause standard are merely dicta. n7 As for the second prong of defendants' constitutional attack, plaintiffs argue that the omission of a bond requirement from the PJR statute does not violate due process, pointing out (as defendants acknowledge) that the defendants' argument is based on a minority position in both cases cited by the defendants--the view of a plurality of four justices in Doehr and the view of one judge in Pinsky. n8 Plaintiffs also argue that even if a bond were constitutionally required in the ex parte context, it would not follow that the same requirement would be imposed where the defendant had an opportunity to contest the attachment.

- - - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - -

n7 See Plaintiff's April 3 Memorandum at 7-12.

n8 See Plaintiffs' April 3 Memorandum at 12-15.

- - - - - - - - - - - - End Footnotes- - - - - - - - - - - - - [*8]

DISCUSSION

Defendants' jurisdictional and constitutional arguments against plaintiffs' application for a PJR raise important issues of civil procedure and constitutional law. I will address each of these arguments in turn.

I

HN1⚓Plaintiffs in civil actions in this district are entitled to seek relief under the PJR procedures established by the State of Connecticut. See Rule 5(c), Local Rules of Civil Procedure (D. Conn. 1992) (providing that a party may seek a PJR in accordance with Connecticut law "in addition to remedies otherwise provided by federal law"). Connecticut law defines a PJR as "any remedy or combination of remedies" that enables a person to attach the property of a defendant in a civil action. See Conn. Gen. Stat. § 52-278a(d). Connecticut law provides that a PJR should be awarded where the plaintiff seeking the remedy shows there is "probable cause" to sustain the validity of his claim. See Conn. Gen. Stat. § 52-278d; see also Bank of Boston Connecticut v. Schlesinger, 220 Conn. 152, 156, 595 A.2d 872, 874 (1991).

A federal district court can effectuate a PJR issued under Connecticut law by ordering [*9] parties over whom the court has in personam jurisdiction to take or refrain from taking certain actions. See Inter-Regional Financial Group, Inc. v. Hashemi, 562 F.2d 152, 154 (2d Cir. 1977), cert. denied, 434 U.S. 1046, 54 L. Ed. 2d 798, 98 S. Ct. 892 (1978) (directing a defendant to bring stock certificates into the state and to deliver them to the Clerk for attachment). The district court's authority to issue such ancillary orders is based on the court's in personam jurisdiction, which gives the court inherent equitable authority to order a party to do certain acts either within or outside the court's territorial jurisdiction. See, e.g., Fleming v. Gray Manufacturing Co., 352 F. Supp. 724, 726 (D. Conn. 1973) (Zampano, J.) The broad authority conferred on a court by the exercise of in personam jurisdiction serves the important policy of preventing a party from frustrating justice by removing assets from the court's territorial jurisdiction.

Get a Document - by Citation - 1992 U.S. Dist. LEXIS 17601   Page 6 of 8

Case 3:02-cv-00916-CFD   Document 96   Filed 03/08/2004   Page 6 of 10

HN2 Ancillary orders issued by courts in effectuating prejudgment remedies may have the effect of injunctions, but such orders need not satisfy the requirements governing [*10] injunctions in Rule 65 of the Federal Rules of Civil Procedure. On the contrary, federal courts routinely issue ancillary orders in conjunction with prejudgment remedies without finding a "likelihood of success on the merits" or requiring that plaintiff post a bond. See, e.g., Hashemi, 562 F.2d at 154; Fleming, 352 F. Supp. at 726. The standard for issuance of ancillary orders is no different from the standard for awarding the PJR that such orders help implement. Under Connecticut state law, that standard is neither more nor less than probable cause.

II

Both elements of defendants' constitutional challenge to the Connecticut PJR statute invite this court to step significantly beyond the scope of the Supreme Court's recent decisions in this area. This court declines to take up that invitation, for reasons stated below.

A

It is undisputed that HN3 "even the temporary or partial impairments to property rights that attachments . . . entail are sufficient to merit due process protection." Doehr, 111 S. Ct. at 2113. The question raised by defendants' due process challenge in this case is whether [*11] the procedures afforded by the Connecticut PJR statute afforded them the process they were due. This question cannot be answered simply by citing cases in which prejudgment remedies have been found to violate due process. Determining whether due process was provided in a particular case requires a careful evaluation of the facts of that case in light of the following factors: (1) the private interest that would be affected by the prejudgment measure; (2) the risk of erroneous deprivation through the procedures under attack and the probable value of additional or alternative safeguards; and (3) the private interest of the party seeking relief. See Doehr, 111 S. Ct. at 2112 (citing Mathews v. Eldridge, 424 U.S. 319, 334, 47 L. Ed. 2d 18, 96 S. Ct. 893 (1976)).

The disagreement in the case before the court concerns the constitutionality of the risk of erroneous deprivation created by the Connecticut probable cause standard. It is true, as defendants argue, that the majority in Doehr expressed concern about the adequacy of the probable cause standard in reaching the conclusion that the Connecticut procedure for granting ex parte attachments violated [*12] the Due Process Clause. See Doehr, 111 S. Ct. at 2113. But there is a long distance between the Supreme Court's holding in that case and the holding that defendants propose in this one. The attachment hearing in this case is contested; defendants have had ample notice of the application for a PJR; and defendants will have a full opportunity to present their own evidence and to challenge the evidence presented by plaintiffs. As a result, this court will not be asked to find probable cause "merely because the plaintiff believes the defendant is liable, or because the plaintiff can make out a facially valid complaint." n9 The concerns voiced by the Supreme Court about the probable cause standard are therefore not applicable here.

- - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - - -

n9 See Defendants' March 24 Memorandum at 13 (citing Doehr, 111 S. Ct. at 2114).

- - - - - - - - - - - - End Footnotes- - - - - - - - - - - - - - -

Defendants also argue that the probable cause standard provides too little procedural protection in this case because complex factual issues [*13] are presented. In defendants' view, the complexity of the factual issues substantially increases the risk of an erroneous

deprivation of defendants' property rights. While the factual complexity of this case does exceed that of many debtor-creditor disputes, the existence of such complexity does not necessarily create an intolerable risk of erroneous deprivation. The factual complexity of this case can be and has been adequately addressed by providing defendants with adequate notice of plaintiffs' PJR application and an opportunity to contest the application at an evidentiary hearing. Because the risk of erroneous deprivation can be contained by requiring the use of existing procedures, it is unnecessary to take the far more drastic step of requiring the abandonment of Connecticut's probable cause standard in some vaguely defined set of "complex" cases.

B

It is not necessary to linger over defendants' second constitutional argument. In essence, defendants are asking this court to accept their prediction about what a majority of the Supreme Court might do if it addressed the question of whether the Due Process Clause establishes a bond requirement for PJR statutes. Observing that [*14] a plurality of four justices in Doehr stated that due process does require such a bond, defendants proffer their prediction that a majority of the Court would take the same view if given an opportunity to do so. Defendants' prediction, while interesting, is simply too weakly supported to justify a decision by this court declaring unconstitutional a long-established statute of the state of Connecticut. The better view, and the view that this court hereby adopts, is that $^{HN4}$a bond requirement is not a sine qua non of a constitutional PJR statute. See Shaumyan v. O'Neill, 716 F. Supp. 65, 80-82 (D. Conn. 1989) (Nevas, J.) (holding that absence of bond requirement in Connecticut PJR statute does not violate Due Process Clause); see also Shaumyan v. O'Neill, No. N:87-463 (AHN), 1992 U.S. Dist. LEXIS 8150, at *20 (D. Conn. May 28, 1992) (same); New Destiny Development Corp. v. Piccione, No. 3:91-429 (AHN), 1992 U.S. Dist. LEXIS 13795, at *8 n.5 (D. Conn. August 11, 1992) (same).

IV

For the foregoing reasons, defendants' jurisdictional and constitutional objections to plaintiffs' application [*15] for a PJR are hereby OVERRULED. Defendants remain free to raise any other objections to the plaintiffs' application.

It is so ordered.

Dated at New Haven, Connecticut, this 3rd day of November, 1992.

Jose A. Cabranes
Chief Judge

Service: **Get by LEXSEE®**
Citation: **1992 US Dist. Lexis 17601**
View: **Full**
Date/Time: Wednesday, March 3, 2004 - 2:37 PM EST

* Signal Legend:
● - Warning: Negative treatment is indicated
⚠ - Caution: Possible negative treatment
◆ - Positive treatment is indicated
Ⓐ - Citing Refs. With Analysis Available
❶ - Citation information available
* Click on any *Shepard's* signal to *Shepardize®* that case.

Get a Document - by Citation - 1992 U.S. Dist. LEXIS 17601
Case 3:02-cv-00016-JDS Document 4 EX 5 Filed 03/08/2004 Page 8 of 10
Page 8 of 8

About LexisNexis | Terms and Conditions

Copyright © 2004 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.

Civil Procedure > Jurisdiction

*HN1* Plaintiffs in civil actions in the United States District Court for the District of Connecticut are entitled to seek relief under the prejudgment remedy (PJR) procedures established by the State of Connecticut. Conn. R. Civ. P. 5(c). Connecticut law defines a PJR as any remedy or combination of remedies that enables a person to attach the property of a defendant in a civil action. Conn. Gen. Stat. § 52-278a(d). Connecticut law provides that a PJR should be awarded where the plaintiff seeking the remedy shows there is "probable cause" to sustain the validity of his claim. Conn. Gen. Stat. § 52-278d. A federal district court can effectuate a PJR issued under Connecticut law by ordering parties over whom the court has in personam jurisdiction to take or refrain from taking certain actions. The district court's authority to issue such ancillary orders is based on the court's in personam jurisdiction, which gives the court inherent equitable authority to order a party to do certain acts either within or outside the court's territorial jurisdiction. The broad authority conferred on a court by the exercise of in personam jurisdiction serves the important policy of preventing a party from frustrating justice by removing assets from the court's territorial jurisdiction. More Like This Headnote

Civil Procedure > Remedies > Seizure of Persons & Property

*HN2* Ancillary orders issued by courts in effectuating prejudgment remedies may have the effect of injunctions, but such orders need not satisfy the requirements governing injunctions in Fed. R. Civ. P. 65. On the contrary, federal courts routinely issue ancillary orders in conjunction with prejudgment remedies without finding a likelihood of success on the merits or requiring that plaintiff post a bond. The standard for issuance of ancillary orders is no different from the standard for awarding the prejudgment remedy that such orders help implement. Under Connecticut state law, that standard is neither more nor less than probable cause. More Like This Headnote

Civil Procedure > Remedies > Seizure of Persons & Property

*HN3* Even the temporary or partial impairments to property rights that attachments entail are sufficient to merit due process protection. Determining whether due process was provided requires a careful evaluation of the facts of that case in light of the following factors: (1) the private interest that would be affected by the prejudgment measure; (2) the risk of erroneous deprivation through the procedures under attack and the probable value of additional or alternative safeguards; and (3) the private interest of the party seeking relief. More Like This Headnote

Civil Procedure > Remedies > Bonds

*HN4* A bond requirement is not a sine qua non of a constitutional prejudgment remedy statute. More Like This Headnote

**COUNSEL:** [*1] EDWARD F. HENNESSEY, BRIEN P. HORAN, KATHERINE B. LARSON, (Robinson & Cole), Hartford, CT, GRANT P. HASKELL, Esq., Westport, CT, Counsel for Plaintiffs.

JEFFREY HELLMAN, PAUL SANSON, (Shipman & Goodwin), Hartford, CT, Counsel for Defendants.

**JUDGES:** Cabranes

**OPINIONBY:** JOSE A. CABRANES

Get a Document - by Citation - 1992 U.S. Dist. LEXIS 17601 Page 3 of 8

Case 3:02-cv-00916-CFD    Document 96    Filed 03/08/2004    Page 10 of 16

**OPINION:** RULING ON DEFENDANTS' JURISDICTIONAL AND CONSTITUTIONAL OBJECTIONS TO PLAINTIFFS' AMENDED APPLICATION FOR PREJUDGMENT REMEDY

JOSE A. CABRANES, Chief Judge:

Pending before the court are defendants' jurisdictional and constitutional objections (filed March 24, 1992) to plaintiffs' Application for Prejudgment Remedy (filed March 12, 1992). For the reasons stated below, defendants' jurisdictional and constitutional objections are overruled. Defendants remain free to raise any additional objections to plaintiffs' application for prejudgment remedy.

BACKGROUND

Plaintiffs filed an application for prejudgment remedy ("PJR") on March 12, 1992. In that application, plaintiffs sought an order requiring the attachment of shares owned by defendant Gradco Systems, Inc. ("Gradco") in then-defendant Gradco (Japan), Ltd. ("GJL"). Gradco submitted a memorandum on March 24, 1992, opposing the plaintiffs' application [*2] for a PJR on two grounds: (1) that this court lacked jurisdiction to award the PJR sought by plaintiffs, and (2) that the PJR statute governing this case is unconstitutional. Plaintiffs submitted a memorandum in reply on April 3, 1992. Defendants submitted a memorandum in further opposition on April 13, 1992, to which plaintiffs replied on October 16, 1992. These memoranda focused exclusively on the jurisdictional and constitutional challenges presented by the defendants in their memorandum in opposition of March 24. At a hearing on various pending motions in this matter on October 27, 1992, this court issued an oral ruling in which defendants' jurisdictional and constitutional objections to plaintiffs' application were overruled. The written ruling entered today sets out the reasons for the oral ruling of October 27.

Defendants' first objection to plaintiffs' application rests on jurisdictional grounds. Defendants argue that this court lacks jurisdiction to issue an order attaching Gradco's stock in GJL, since that stock is located outside the state of Connecticut. n1 In defendants' view, an order requiring the GJL stock to be brought into Connecticut would amount to an injunction [*3] and would therefore require plaintiffs to meet the standard of proof required for issuance of an injunction under Rule 65 of the Federal Rules of Civil Procedure. Rule 65 requires plaintiffs to show (1) irreparable harm if the injunction were not granted and (2) either likelihood of success on the merits or sufficiently serious question going to the merits to make them fair ground for litigation and a balance of hardships tipping decidedly towards the party requesting relief. See e.g., Weitzman v. Stein, 897 F.2d 653, 658 (2d Cir. 1990). Defendants assert, and plaintiffs apparently do not dispute, that plaintiffs have not met the requirements of Rule 65.

- - - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - -

n1 See Memorandum of Law of Gradco Systems, Inc. in Opposition to the Plaintiffs' Amended Application for Prejudgment Remedy (filed March 24, 1992) ("Defendants' March 24 Memorandum") at 6-11.

- - - - - - - - - - - - End Footnotes- - - - - - - - - - - - - -

Second, defendants argue that the Connecticut PJR statute, Conn. Gen. Stat. §§ 52-278a et seq., is unconstitutional on its face. [*4] The defendants' constitutional attack on the PJR statute consists of two parts. First, defendants argue that the statute violates procedural due process because it requires only a showing of probable cause--a standard that the United States Supreme Court appeared to view with disfavor in the context of ex parte attachments.