**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF CONNECTICUT**

-----------------------------------------------------------

JEANNE M. SULLIVAN,   :
      **Plaintiff,**   :
               :   **Case No. 302 CV 916 (CFD)**
**v.**   :
               :
DAVID J. SULLIVAN,   :
      **Defendant**   :   **APRIL 13, 2004**

-----------------------------------------------------------

**DEFENDANT'S OBJECTION TO RULING ON**
**MOTION TO COMPEL DEFENDANT, DAVID SULLIVAN'S DEPOSITION**

Pursuant to 28 U.S.C. §636 and Rule 72(a) of the Federal Rules of Civil Procedure, the defendant, David J. Sullivan, hereby objects to the Ruling on Plaintiff's Motion to Compel Defendant, David Sullivan's Deposition issued by the Court (Smith, M.J.) on March 29, 2004 (doc. #98). As grounds for this objection, the defendant respectfully submits that the Court committed clear error in entering an order granting a motion that was prematurely filed and enabling the plaintiff, without justifiable cause, to compel the defendant, a Bermuda resident, to travel to Hartford, Connecticut for his deposition.

**I.    Relevant Facts**

David Sullivan is a British subject who has resided in Bermuda for the past 20 plus years. The plaintiff initially noticed Mr. Sullivan's deposition to be held in Connecticut, but thereafter agreed to not go forward with that deposition. Thereafter,

with no new notice of any deposition having been served or pending, the plaintiff prematurely moved to compel David Sullivan to submit to deposition in Bermuda, his place of residence, and for sanctions against David Sullivan.  The plaintiff had not even noticed David Sullivan's deposition in Bermuda.  When the absence of Notice of Deposition was raised in a status conference with Judge Droney on December 4, 2003, Attorney Eagan attempted to remedy the problem by serving a Notice of Deposition as to David Sullivan in Bermuda.  David Sullivan moved for a protective order and also objected to that notice on the ground that it did not comply with Rules 28 and 30 of the Federal Rules of Civil Procedure in that it did not identify an applicable treaty or convention by which the deposition can be taken; it did not purport to pursue a letter of request for an appointment of a commissioner in order to properly proceed in Bermuda; it did not purport to identify any law by which the deposition may occur in Bermuda, nor did it identify who would conduct the deposition or address the question of whether plaintiff's counsel was authorized by Bermuda law to conduct such a deposition in that forum.

Thus, the plaintiff's motion to compel was filed prematurely in that the plaintiff had not even noticed the deposition to be held in Bermuda prior to filing the motion. The plaintiff's subsequent efforts to correct this error after the motion was filed failed to comply with the Rules applicable for noticing a deposition in a foreign country.

Notwithstanding the plaintiff's utter disregard of the rules of procedure, the Court issued an order granting the motion to compel.  The court further ordered that if the parties are unable to agree on a place and time for the deposition, the deposition will be conducted at the United States Courthouse in Hartford on Tuesday, May 4, 2004.

## II.    Argument

A magistrate judge's order on non-dispositive matters shall be set aside or modified where clearly erroneous or contrary to law.  Fed. R. Civ. P. 72(a).  This is such a case.

### A.    The Defendant is Entitled to the Protection of the Federal Rules of Procedure

It was error for the magistrate judge to grant the plaintiff's Motion to Compel on the ground that said motion was filed prematurely and absent compliance by the plaintiff with the Federal Rules of Civil Procedure.

Plaintiff's motion was brought pursuant to Rule 37(d) of the Federal Rules of Civil Procedure.  Rule 37(d) applies where "a party … fails ... to appear before the officer who is to take the deposition, after being served with a proper notice…."  In this case, as set forth above, there had been no proper notice served.  Indeed, there had been no notice served at the time of the filing of the motion.  Further, the notice served subsequent to the filing of the motion failed to comply with Rule 28(b) of the Federal Rules of Civil Procedure, which applies to depositions to be conducted in foreign

countries. Thus, because there were no grounds for even filing the motion, it was clear error for the motion to have been granted. The fact that the Magistrate Judge then proceeded to provide relief that was even greater than that which was requested in the motion, as set forth below, only compounded the error.

### B. Order Compelling the Defendant, a Bermuda Resident, to Travel to Hartford, Connecticut for Deposition Is Clearly Erroneous or Contrary to Law

Federal caselaw has established a general presumption that an individual defendant's deposition will be held in the district of his or her residence. Mill-Run Tours, Inc. v. Khashoggi, 124 F.R.D. 547 (S.D.N.Y. 1989); Kurt M. Jachmann, Co., Inc. v. Hartley, Cooper & Co., 16 F.R.D. 565 (S.D.N.Y. 1954) (vacating notices of deposition of defendants to be held at the United States Courthouse in New York where defendants were British subjects residing and working in England); Farquhar v. Shelden, 116 F.R.D. 70 (E.D. Mich. 1987) (defendant, a citizen of the Netherlands, was entitled to a protective order requiring that his deposition be taken in the Netherlands, rather than in Michigan where it had been noticed); FDIC v. Antillana, S.A., United States District Court for the Southern District of New York, No. 88 Civ. 2670 (JFK), 1990 U.S. Dist. LEXIS 13246 (Oct. 5, 1990) (where plaintiff noticed depositions of defendants, all of whom lived and worked in Buenos Aires, Argentina, to be held in New York, court ordered depositions to be taken in Buenos Aires).

4

Because of the presumption that a defendant is to be deposed at the place of his

residence, it is the plaintiff that shoulders the burden of proving circumstances

warranting any deviation from that presumption.

> If a plaintiff notices an individual defendant's deposition with
> a location other than defendant's residence or place of
> business and defendant makes an objection, the plaintiff has
> the affirmative burden of demonstrating "peculiar"
> circumstances sufficient to compel the Court to suspend the
> general rule and to order that depositions be held in the
> other locations.

FDIC v. Antillana, S.A., United States District Court for the Southern District of New

York, No. 88 Civ. 2670 (JFK), 1990 U.S. Dist. LEXIS 13246 at *3 (Oct. 5, 1990).

The plaintiff in this case, in apparent recognition of this presumption and without

such peculiar circumstances, had in fact attempted to notice the defendant's deposition

in Bermuda, where he resides. Moreover, the plaintiff's motion to compel does not seek

to compel the defendant's deposition in Connecticut, but instead seeks to compel his

deposition where he resides, in Bermuda. Notwithstanding this concession by the

plaintiff, the court's order now enables the plaintiff, without proof of peculiar

circumstances, to compel the deposition of the defendant to be held in Hartford,

Connecticut. It is respectfully submitted that this order is clearly erroneous and should

be set aside. See Zuckert v. Berkliff Corp., 96 F.R.D. 161 (N.D. Ill. 1982). In Zuckert,

the plaintiff had moved to compel depositions of the defendants in Chicago, which was

not the defendants' business location. The motion was referred to a magistrate judge,

5

who granted the motion. Id. at 162. Upon objection, the district court held that the plaintiff had not persuaded the court that there were any unusual circumstances to justify a deviation from the general rule that a defendant corporation should be taken at its principal place of business and therefore vacated the magistrate judge's ruling. Id. at 163. The same reasoning applies here. No unusual circumstances justify a deviation from the general rule that the defendant is to be deposed where he resides.

## III.    Conclusion

It is respectfully submitted that the magistrate judge's ruling granting the plaintiff's motion to compel constitutes clear error and is contrary to law. The plaintiff's motion, which seeks to compel the defendant's deposition in Bermuda where the defendant resides, was filed prematurely in that the plaintiff had not noticed the defendant's deposition to be held in Bermuda at the time of filing the motion to compel and, further, the notice that was subsequently served was deficient in that it failed to comply with Rule 28 of the Federal Rules of Civil Procedure. Accordingly, it was clear error for the magistrate judge to grant the motion.

It is further submitted that the magistrate judge further erred in entering an order that enables the plaintiff to compel the deposition of the defendant to be taken in Hartford, Connecticut, when the plaintiff's motion did not ask for such relief but instead asked for an order to compel the defendant to be deposed at the place of his residence, that being Bermuda. Further, there are no peculiar circumstances here that would

6

support the magistrate's order, which deviates from the general presumption that a

defendant is to be deposed at the place of his residence.

For the foregoing reasons, it is respectfully submitted that the Ruling of

Magistrate Judge Smith dated March 29, 2004 be set aside and the plaintiff's Motion to

Compel be denied.


                              THE DEFENDANT
                              DAVID J. SULLIVAN,


                        BY _Denise M. Cloutier_
                              Denise M. Cloutier
                              Fed. Bar No. ct09843
                              For Cramer & Anderson, LLP
                              P.O. Box 278
                              46 West Street
                              Litchfield, CT  06759
                              Tel No. (860) 567-8718
                              Fax No. (860) 567-4531
                              dcloutier@cramer-anderson.com

## CERTIFICATION

I hereby certify that a copy of the foregoing was mailed via first class mail,

postage pre-paid to all counsel and pro se parties of record on April 13, 2004.

Owen P. Eagan, Esq.
Eagan & Donohue
24 Arapahoe Road
West Hartford, CT 06107


_Denise M. Cloutier_
Denise M. Cloutier
Fed. Bar No. ct 09843