UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

---

JEANNE M. SULLIVAN,
        Plaintiff,

against

DAVID J. SULLIVAN,
        Defendant

Case No. 302 CV 916 (CFD)

APRIL 13, 2004

---

## DEFENDANT'S OBJECTION TO MAGISTRATE JUDGE'S RULING ON MOTION FOR DISCLOSURE OF ASSETS

Pursuant to 28 U.S.C. §636 and Rule 72 of the Federal Rules of Civil Procedure, the defendant, David J. Sullivan, hereby objects to the Order granting the plaintiff's Motion for Disclosure of Assets dated December 1, 2003, which order was issued by the Court (Smith, M.J.) on March 29, 2004 (doc. #99). As grounds for this objection, the defendant respectfully submits that the order issued constitutes clear error as it is overly broad and exceeds the relief authorized by the governing statute, Conn. Gen. Stat. §52-278n. Further, because the order granting the motion for disclosure of assets is necessarily based on the Court's order granting the plaintiff's motion for prejudgment remedy, to which order the defendant has also objected, the defendant hereby incorporates by reference his objections raised and argued in Defendant's Objection to Ruling on Plaintiff's Motion for Prejudgment Remedy filed herewith.

The Court's order granted the plaintiff's Motion for Disclosure of Assets without any express limitation. Because the plaintiff's motion overreached the statutory authority regarding the disclosure of assets in connection with a prejudgment remedy, the Court's order is similarly in error.

Conn. Gen. Stat. §52-278n governs the plaintiff's Motion for Disclosure of Assets. That statute provides, in pertinent part,

> The court may, on motion of a party, order an appearing defendant to disclose property in which he has an interest or debts owing to him sufficient to satisfy a prejudgment remedy. The existence, location and extent of the defendant's interest in such property or debts shall be subject to disclosure. The form and terms of disclosure shall be determined by the court.

Conn. Gen. Stat. §52-278n(a).

First, the plaintiff's Motion for Disclosure of Assets seeks an order disclosing assets in which the defendant has an interest that would be subject to an injunction or which may be necessary to satisfy the prejudgment remedy requested. Because no injunction has issued, the court's order of disclosure should only pertain to assets of the defendant which may be necessary to satisfy the prejudgment remedy requested. Further, to the extent that any injunction may issue in the future, Conn. Gen. Stat. §52-278n, which is the sole statutory authority for the prejudgment disclosure of assets and the only authority on which the plaintiff relies in support of its motion, does not provide for the disclosure of assets other than in a sum

2.

sufficient to satisfy a prejudgment remedy. Indeed, temporary injunctive relief is expressly excluded from the definition of a prejudgment remedy set forth at Conn. Gen. Stat. §52-278a(d). Accordingly, there is no statutory authority for the Court to order disclosure of property that might be subject to any temporary injunction that could possibly enter in the future and, therefore, no disclosure should be so ordered.

Second, the plaintiff has requested disclosures that far exceed the parameters of disclosure that are defined by the governing statute. Specifically, and in addition to disclosure of assets which may be necessary to satisfy the prejudgment remedy, the plaintiff further seeks to have the defendant "disclose any and all books, financial statements, bank records, tax returns, savings accounts and documentation and other records related to his finances and/or related to the assets referred above (including his holdings in Bermuda and in the United States)." Plaintiff's Motion for Disclosure of Assets, p.1. This goes far beyond that which is authorized by the governing statute. It is respectfully submitted that the Court's order granting the plaintiff's motion without expressly excepting therefrom the overly broad disclosures sought by the plaintiff was clearly erroneous.

Based on the foregoing and the arguments made in support of the defendant's Objection to the Ruling on the Plaintiff's Motion for Prejudgment

Remedy, the defendant objects to the Order granting the Motion for Disclosure of Assets.

                              THE DEFENDANT
                              DAVID J. SULLIVAN,


BY *Denise M. Cloutier*
               Denise M. Cloutier
               Fed. Bar No. ct09843
               For Cramer & Anderson, LLP
               P.O. Box 278
               46 West Street
               Litchfield, CT  06759
               Tel No. (860) 567-8718
               Fax No. (860) 567-4531
               dcloutier@cramer-anderson.com

## **CERTIFICATION**

I hereby certify that a copy of the foregoing was mailed via first class mail, postage pre-paid to all counsel and pro se parties of record on April 13, 2004.

Owen P. Eagan, Esq.
Eagan & Donohue
24 Arapahoe Road
West Hartford, CT 06107

*Denise M. Cloutier*
Denise M. Cloutier
Fed. Bar No. ct 09843