UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

---------------------------------------------------------------
                                                :
JEANNE M. SULLIVAN,                             :
                    Plaintiff,                  :
                                                :   Case No. 302 CV 916 (CFD)
          against                               :
                                                :
DAVID J. SULLIVAN,                              :
                    Defendant                   :   April 29, 2004
---------------------------------------------------------------

**DEFENDANT'S MOTION FOR STAY AND/OR PROTECTIVE
ORDER FROM MAGISTRATE JUDGE'S DISCOVERY ORDERS**

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Defendant David J. Sullivan hereby respectfully requests that certain discovery orders issued by Magistrate Judge Smith by orders dated March 29, 2004 be stayed, or that protective orders issue relative to such orders, and in support of this motion states as follows.

1.  The within action involves a claim by the Plaintiff, who is disabled and acting through a Conservator, against the Defendant, the Plaintiff's son, claiming that over approximately a 12-year period of time the Defendant converted to his own use various assets rightfully owned by the Plaintiff.

2.  On Friday, February 27, 2004, an evidentiary hearing was held before Magistrate Judge Smith pursuant to an application for prejudgment remedy in which, by the terms of such application, the Plaintiff sought a prejudgment remedy against the

PDF created with pdfFactory trial version www.pdffactory.com

Defendant in the sum of 2.2 million dollars.  In addition, Magistrate Judge Smith did at such hearing also address outstanding discovery issues between the parties.

      3.     By Memorandum of Decision filed March 29, 2004, Magistrate Judge Smith made certain factual findings, and granted the application for prejudgment remedy.  Magistrate Judge Smith made no finding as to the amount of the prejudgment remedy that should issue.  Simultaneously with granting the application for prejudgment remedy, Magistrate Judge Smith entered certain discovery orders, all of which were dated March 29, 2004; namely, that the Defendant David J. Sullivan, who is both a citizen and resident of Bermuda, submit to a deposition in Hartford, Connecticut May 4, 2004; that Defendant David J. Sullivan disclose sufficient assets to satisfy the prejudgment remedy granted; and, that the Defendant David J. Sullivan execute a bank authorization by which the Conservator for the Plaintiff could examine bank records relative to accounts owned by the Defendant David J. Sullivan and situated in Bermuda.

      4.     Pursuant to 28 U.S.C. §636 and Rule 72 of the Federal Rules of Civil Procedure, the Defendant David J. Sullivan did file timely objections on April 13, 2004 to the Magistrate Judge's ruling on the Plaintiff's motion for prejudgment remedy, the Magistrate Judge's ruling on the motion for disclosure of assets, the Magistrate Judge's ruling compelling the Defendant David J. Sullivan to attend a deposition in Hartford, Connecticut May 4, 2004, and the Magistrate Judge's ruling that the Defendant David J.

2

PDF created with pdfFactory trial version www.pdffactory.com

Sullivan execute an authorization relative to his bank account situated in Bermuda, the content of which objections are incorporated by reference herein.

5. The Court has not issued rulings on any of the objections referenced in the preceding paragraph.

6. The objections raised by the Defendant David J. Sullivan were raised in good faith, are supported by applicable law, and raise legitimate issues to which the Defendant David J. Sullivan is entitled to judicial review.

7. If the discovery orders are not stayed and/or a protective order does not issue excusing the Defendant David J. Sullivan from complying with such discovery orders, the Defendant David J. Sullivan will, by complying with such discovery orders, moot the legitimate legal challenges that have been raised to such discovery orders in objections previously and timely filed with this Court.

8. It is fundamentally unfair to require the Defendant David J. Sullivan to comply with discovery orders that may have erroneously issued without a judicial determination as to whether objections he has legitimately raised have merit.

WHEREFORE, the Defendant David J. Sullivan prays that this Motion for Stay and/or Protective Order be granted, and that he be excused from attending the deposition on May 4, 2004, and that he be excused from executing an authorization relative to bank accounts owned by him in Bermuda, and that he be excused from disclosing assets sufficient to satisfy a prejudgment remedy in an undetermined sum,

PDF created with pdfFactory trial version www.pdffactory.com

until such time as the Court has issued rulings on the various objections raised by the Defendant David J. Sullivan to such orders by filings timely made in this Court on April 13, 2004.

        THE DEFENDANT
        DAVID J. SULLIVAN


BY _____
       William C. Franklin
       Fed. Bar No. ct07187
       For Cramer & Anderson, LLP
       P.O. Box 278
       46 West Street
       Litchfield, CT  06759
       Tel No. (860) 567-8718
       Fax No. (860) 567-4531
       wfranklin@cramer-anderson.com

PDF created with pdfFactory trial version www.pdffactory.com

5

### **CERTIFICATION**

I hereby certify that a copy of the foregoing was mailed via first class mail, postage pre-paid to all counsel and pro se parties of record on April 29, 2004.

Owen P. Eagan, Esq.
Egan & Donohue
24 Arapahoe Road
West Hartford, CT 06107

_____
William C. Franklin,
Fed. Bar No. ct 07187

5

PDF created with pdfFactory trial version www.pdffactory.com