

transactions occurred. Although there was evidence that David J. Sullivan held a power of attorney from Jeanne M. Sullivan from mid-1991 to mid-2001, there was no evidence that he utilized the power of attorney, or that the existence of the power of attorney had anything to do with the transactions outlined by Mr. Lefevre. For example, although there was evidence in 1996 that Jeanne M. Sullivan drew a check payable to her own order in the sum of $250,000.00, endorsed the check, and gave it to David J. Sullivan to deposit into his account, there was no evidence as to how or why that transaction occurred. Nor was there any evidence that David J. Sullivan's power of attorney was utilized in any fashion relative to this transaction. Like the balance of the transactions described by Mr. Lefevre, their existence was established. The circumstances under which they occurred were not. The best evidence was that both James J. Sullivan and Jeanne M. Sullivan were, by their silence relative to these transactions for nearly a decade, satisfied they were in all respects appropriate. The existence of or the breach of a fiduciary duty by David J. Sullivan was simply not established.

III.   THE APPROPRIATE REMEDY

From all of the foregoing, it is clear that the requested prejudgment remedy, that is the attachment of David J. Sullivan's assets in the sum of $2,200,000.00 should be denied. For the reasons previously set forth, there was neither factual nor legal basis for the prejudgment remedy sought.



Exhibit B

Even if the Court contemplated granting a prejudgment remedy, it is respectfully submitted that such prejudgment remedy would, because of the applicable statute of limitations, have to be restricted to those transactions that occurred subsequent to May 29, 1999, and could not include any transactions that occurred prior to that date.

Jeanne M. Sullivan has by motion dated December 1, 2003 moved pursuant to *Connecticut General Statutes* §52-278n for disclosure of assets by David J. Sullivan. Reference to *Connecticut General Statutes* §52-278n(a) will reveal that:

> The court may on motion of a party order an appearing defendant to disclose property in which he has an interest or debts owing to him sufficient to satisfy a prejudgment remedy. The existence, location, and extent of the defendant's interest in such property or debts shall be subject to disclosure. The form and terms of disclosure shall be determined by the court.

From the foregoing, it is clear that the statute contemplates an order of disclosure, not an order of delivery, of the assets in question. Furthermore, the statute specifically requires an individual against whom a prejudgment remedy is granted to disclose property in which he has an interest or debts owing to him, and does not require the disclosure of books, financial, statements, bank records, tax returns, savings accounts, documentation and other records related to his finances or related to his assets, as is requested in the Plaintiff's motion for disclosure of assets.

Recently, in the case of *Mammoet USA NE Corp., v. Dick Corp.*, No. 3:02CV2022, 2003 U.S. Dist. LEXIS 22332 (CT October 9, 2003) (Kravitz, J.), Judge

32

Kravitz addressed the issue of whether Magistrate Judge Glazer had correctly ruled on an application for prejudgment remedy and disclosure of assets. What was specifically at issue was the question of whether the District Court, which had in personam jurisdiction over the party against whom a prejudgment remedy had been granted had jurisdiction to order such individual to bring assets into the State of Connecticut for purposes of attachment. Judge Kravitz ruled that insofar as the party had not yet disclosed its assets, and insofar as the party had no objection to disclosing its assets, Judge Kravitz would defer the question of whether the court had jurisdiction to order assets to be brought into the State of Connecticut until assets had in fact been disclosed and a determination had been made as to whether the prejudgment remedy could be satisfied by disclosed assets already situated in the State of Connecticut. Judge Kravitz also failed to reach the question as to whether the party against whom the prejudgment remedy had issued could be compelled to disclose the existence of assets situated outside the State of Connecticut because of the simple reason that the party against whom the prejudgment remedy had been granted did not object to making such disclosure.

*Connecticut General Statutes* §52-278n(a) does not limit the disclosure of the Defendant's interest in property or debts to those located in Connecticut. It is, however, crucial, as Judge Kravitz recognized, that if a prejudgment remedy issues against David J. Sullivan, he have a full opportunity after disclosure of assets pursuant to *Connecticut*

33

*General Statutes* §52-278n(a) to brief and argue the question of whether this Court has jurisdiction to order attachment of any such assets outside the State of Connecticut, or in the alternative whether this Court has jurisdiction to compel David J. Sullivan to deliver any such assets to the State of Connecticut, so that they in fact can be attached.

The foregoing said, it is the position of David J. Sullivan that the motion for disclosure of assets should be denied on the simple basis that it can be granted only in a situation where a prejudgment remedy issues against David J. Sullivan. As this is not a case where the issuance of any such prejudgment remedy would be appropriate, the motion for prejudgment remedy should be denied, thereby requiring that the motion for disclosure of assets be denied.

THE DEFENDANT
DAVID J. SULLIVAN


BY  _[signature]_
William C. Franklin
Fed. Bar No. ct07187
For Cramer & Anderson, LLP
P.O. Box 278
46 West Street
Litchfield, CT 06759
Tel No. (860) 567-8718
Fax No. (860) 567-4531
wfranklin@cramer-anderson.com
