## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JEANNE M. SULLIVAN, | : | CIVIL ACTION NO.: |
|     PLAINTIFF | : | NO.: 302CV916(CFD) |
| | : | |
| VS. | : | |
| | : | |
| DAVID J. SULLIVAN, | : | |
|     DEFENDANT | : | MAY 5, 2004 |

### REPLY TO DEFENDANT'S OBJECTION TO MAGISTRATE JUDGE'S RULING ON MOTION FOR DISCLOSURE OF ASSETS

The Plaintiff, Jeanne M. Sullivan, hereby submits her Reply to Defendant's Objection to Magistrate Judge Smith's ruling on Plaintiff's Motion for Disclosure of Assets.

**I.      The Objection is Untimely**

Pursuant to 28 U.S.C. §636 and Rule 72 of the Federal Rules of Civil Procedure, "any party wishing to object must, within ten (10) days after service of such order or recommended ruling [on him], serve on all parties, with the Clerk, written objection which shall specifically identify the ruling, order, proposed findings and conclusions, or part thereof which objection is made and the factual and legal basis for such objection."  Rule 72 further states, "service of the order of the Magistrate Judge or recommended ruling shall be deemed to occur no later than five (5) days after the filing of such order or ruling with the Clerk."

In this case, Magistrate Judge Smith's ruling was filed on March 29, 2004. The Plaintiff received the Judge's ruling the next day, Tuesday, March 30, 2004. (See Affidavit of Marco D'Occhio attached hereto.) While Defendant's counsel probably received the ruling on or about the same day, the Defendant fails to state that in his motion.

Pursuant to Rule 72 of the Federal Rules of Civil Procedure, service of the Order is deemed to have been received no later than 5 days after its filing. Five days after filing would have been April 3, 2003, therefore, the Defendant was required to serve his objection on all parties and the Clerk no later than April 13, 2003.

The Defendant's objection was mailed on April 13, 2003 and not served until after that date. The Plaintiff received the Defendant's motion on April 15, 2004. (See Affidavit of Marco D'Occhio attached hereto.) Therefore since the objection was not served until after the time allotted by the Federal Rules of Civil Procedure, the objection is untimely.

## II. Magistrate Judge Smith's Ruling on Motion for Disclosure of Assets Should be Upheld.

Connecticut law defines that Prejudgment Remedy as "any remedy of combination of remedies" that enables a person to attach the property of a Defendant in a civil action. See Connecticut General Statutes §52-278a(d).

A federal district court can effectuate a Prejudgment Remedy issued under Connecticut law by ordering parties over whom the court has in personam jurisdiction to take or refrain from taking certain actions. See Inter-Regional Financial Group, Inc. v. Hashemi, 562 F.2d, 152, 154 (2d Cir. 1977).

The district court's authority to issue such ancillary orders is based on the court's in personam jurisdiction, which gives the court inherent equitable authority to order a party to do certain acts either within or outside the court's territorial jurisdiction. Fleming v. Gray Manufacturing Co., 352 F. Supp. 724, 726 (D. Conn. 1973). The broad authority conferred on a court by the exercise of in personam jurisdiction serves the important policy of preventing a party from frustrating justice by removing assets from the court's territorial jurisdiction. Hamma v. Gradco Systems Inc, No. B:88-115 (JAC), 1992 U.S. Dist. LEXIS 17601, at *9, (Nov. 4, 1992) (copy attached).

Ancillary orders issued by courts in effectuating prejudgment remedies may have the effect of injunctions, but such orders need not satisfy the requirements governing injunctions in Rule 65 of the Federal Rules of Civil Procedure. Id. at 10. Federal courts routinely issue ancillary orders in conjunction with prejudgment remedies without finding a "likelihood of success on the merits" or requiring that the plaintiff post a bond. See Hashemi, 562 F.2d. at 154; Fleming, 352 F. Supp. at 726.

In Hashemi, the Second Circuit held "Rule 64 of the Federal Rules of Civil Procedure makes available to Federal District Courts of all remedies providing for the seizure of property to secure satisfaction of a judgment in the same manner as provided by the law of the State in which the Court is sitting." (Hashami, p.154). The Second Circuit Court went on to state that a District Court may issue an injunction in aid of attachment which may take the form of a mandate requiring the Defendant to bring stock certificates into the state and deliver them to the physical control and possession of a sheriff. Hashemi at 154, 155.

The Second Circuit also held that if the District Court has personal jurisdiction over a Defendant and if justice and the reasonable demands of a situation warrant, the Court may order the Defendant to do or refrain from doing certain acts in another state. <u>Columbia, Nastri & Carbone v. Columbia Ribbon & Carbon Mfg. Co.</u>, 367 F.2d. 308, 313 (2d Cir. 1966). Magistrate Judge Smith's ruling was correct when he Ordered the Defendant, David Sullivan, to disclose assets necessary to satisfy the Prejudgment Remedy of $2,200,000.00. David Sullivan lives in Bermuda. He has secreted away over $2,000,000.00 of his mother's assets. As of this date, he has failed to provide any discovery concerning those assets, including those assets he deposited from his mother's account into his account in Bermuda.

This ancillary Order issued by the Court to effectuate Prejudgment Remedy was absolutely necessary because the Prejudgment Remedy Attachment would be meaningless without knowledge of what can be attached. State law permits the filing of a Motion for Disclosure of Assets after the granting of a Prejudgment Remedy pursuant to §52-278(n) of the Connecticut General Statutes. It is an important policy of the Sate to prevent parties like David Sullivan from frustrating justice by removing assets, from the Court's territorial jurisdiction.

5

    The Plaintiff respectfully requests that Magistrate Judge Smith's ruling be upheld.

                                      PLAINTIFF,
                                      JEANNE M. SULLIVAN


                            By:_____
                                Owen P. Eagan
                                EAGAN & DONOHUE
                                24 Arapahoe Road
                                West Hartford, CT  06107
                                Federal Bar No. ct00716
                                (860)232-7200 - telephone
                                (860)232-0214 – facsimile
                                Lawfirm5@mindspring.com

## CERTIFICATION OF SERVICE

      This certifies that a copy of the foregoing Response to Defendant's Objection to Magistrate Judge's Ruling on Motion for Disclosure of Assets was mailed First Class, postage prepaid, to all parties of record this ___5th___ day of May, 2004.

William C. Franklin, Esq.
Cramer & Anderson
P.O. Box 278
46 West Street
Litchfield, CT 06759

                                          Owen P. Eagan

*X01-P51Resp.DefObjMagistrate'sRulingMotDisclAssest/st*