UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JEANNE M. SULLIVAN, | : | CIVIL ACTION NO.: |
| PLAINTIFF | : | NO.: 302CV916(CFD) |
| | : | |
| VS. | : | |
| | : | |
| DAVID J. SULLIVAN, | : | |
| DEFENDANT | : | MAY 5, 2004 |

**PLAINTIFF'S REPLY TO DEFENDANT'S OBJECTION TO RULING ON MOTION TO COMPEL DEFENDANT, DAVID SULLIVAN'S DEPOSITION**

The Plaintiff, Jeanne M. Sullivan, hereby submits her Reply to Defendant's Objection to Magistrate Judge Smith's Ruling on Plaintiff's Motion to Compel Defendant, David Sullivan's Deposition.

**I.      The Objection is Untimely**

Pursuant to 28 U.S.C. §636 and Rule 72 of the Federal Rules of Civil Procedure, "any party wishing to object must, within ten (10) days after service of such order or recommended ruling [on him], serve on all parties, with the Clerk, written objection which shall specifically identify the ruling, order, proposed findings and conclusions, or part thereof which objection is made and the factual and legal basis for such objection." Rule 72 further states, "service of the order of the Magistrate Judge or recommended ruling shall be deemed to occur no later than five (5) days after the filing of such order or ruling with the Clerk."

In this case, Magistrate Judge Smith's ruling was filed on March 29, 2004. The Plaintiff received the Judge's ruling the next day, Tuesday, March 30, 2004. (See Affidavit of Marco D'Occhio attached hereto.) While Defendant's counsel probably received the ruling on or about the same day, the Defendant fails to state that in his motion.

Pursuant to Rule 72 of the Federal Rules of Civil Procedure, service of the Order is deemed to have been received no later than 5 days after its filing. Five days after filing would have been April 3, 2003, therefore, the Defendant was required to serve his objection on all parties and the Clerk no later than April 13, 2003.

The Defendant's objection was mailed on April 13, 2003 and not served until after that date. The Plaintiff received the Defendant's motion on April 15, 2004. (See Affidavit of Marco D'Occhio attached hereto.) Therefore since the objection was not served until after the time allotted by the Federal Rules of Civil Procedure, the objection is untimely.

II.   **Magistrate Judge Smith's Ruling on Motion To Compel Defendant, David Sullivan's Deposition Should Be Upheld.**

On December 3, 2003, the Plaintiff, Jeanne M. Sullivan, filed a Motion to Compel the Defendant, David J. Sullivan's Deposition and Motion for Sanctions pursuant to Rule 37d of the Federal Rules of Civil Procedure. The motion contained sixteen (16) paragraphs of facts with references to exhibits. In essence, the motion demonstrated that numerous telephone calls, Notices of Deposition and letters were sent to David Sullivan's attorney, but the Defendant objected and refused to attend his deposition in Court or in Bermud, starting in January 2003 and continuing through November 2003.

2

Finally, Defendant's counsel called the undersigned on November 19, 2003 and stated that David Sullivan would not come to Connecticut to give his deposition, nor would David Sullivan give a deposition in Bermuda unless the Court compelled him to do so.

The Complaint in this matter was filed on May 29, 2002 and the Defendant has successfully avoided having his deposition taken until now.

In his Memorandum in Opposition to the Plaintiff's Motion to Compel the Defendant, David J. Sullivan's deposition and Motion for Sanctions, the Defendant made broad sweeping accusations yet failed to cite any cases.  He argued that the Plaintiff should "possibly" subpoena the Defendant in Bermuda and compel him to a deposition there.

This "cat and mouse" game is not condoned by the Court.  Rules of discovery are designed to make a "trial less of a game of blind man's bluff and more of a fair contest with basic issues and facts disclosed to the fullest practical extent."  United States v. Procter and Gamble, 356 U.S. 677, 682; Hickman v. Taylor, 329 U.S. 495, 501 (1947).

3

Pursuant to Magistrate Judge Smith's Order, the Plaintiff noticed David J. Sullivan's deposition for May 4, 2004. The Court's Order should be upheld, compelling David J. Sullivan to give deposition in the Courthouse. He should not be permitted to further obfuscate the issues in this case and prevent the Plaintiff from obtaining legitimate discovery at this late date in the trial.

The Plaintiff, Jeanne M. Sullivan, respectfully requests that the Magistrate Judge Smith's ruling be upheld.

                                                          PLAINTIFF,
                                                          JEANNE M. SULLIVAN


By:_____
    Owen P. Eagan, Esq.
    EAGAN & DONOHUE
    24 Arapahoe Road
    West Hartford, CT  06107
    Federal Bar No. ct00716
    (860)232-7200 - telephone
    (860)232-0214 – facsimile
    Lawfirm5@mindspring.com

## **CERTIFICATION OF SERVICE**

   This certifies that a copy of the foregoing Plaintiff's Response to Defendant's Objection to Ruling on Motion to Compel Defendant, David Sullivan's Deposition was mailed First Class, postage prepaid, to all parties of record this ___5th___ day of May, 2004.

William C. Franklin, Esq.
Cramer & Anderson
P.O. Box 278
46 West Street
Litchfield, CT 06759

 

                                            Owen P. Eagan

*X01-P51Resp.DefObjRulingMotCompelDSdepo/st*