**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

----------------------------------------------------------------
                    :

JEANNE M. SULLIVAN,           :
          **Plaintiff,**      :
                    : **Case No. 302 CV 916 (CFD)**

    **against**           :
                    :

DAVID J. SULLIVAN,        :
                    :
         **Defendant**    : **May 14, 2004**
----------------------------------------------------------------

**DEFENDANT'S REPLY BRIEF**
**IN SUPPORT OF OBJECTION TO MAGISTRATE JUDGE'S RULING ON**
**PLAINTIFF'S MOTION FOR PREJUDGMENT REMEDY**

Pursuant to Rule 7(d) of the Local Rules of Civil Procedure, the defendant, David

J. Sullivan, hereby submits this brief in reply to the memorandum filed by the plaintiff,

Jeanne M. Sullivan, dated May 5, 2004 and entitled, "Plaintiff's Reply to Defendant's

Objection to Magistrate Judge's Ruling on Plaintiff's Motion for Prejudgment Remedy."

**I.     The Defendant's Objection Was Timely Filed**

The plaintiff argues that the defendant's objection was not timely filed (Plaintiff's

Brief at 1-2).  This is incorrect.  As a foundation for the plaintiff's argument, the plaintiff

points out (1) that the Magistrate Judge's decision was filed on March 29, 2004; (2) that

Rule 72 of the Federal Rules of Civil Procedure provides for a ten-day period for

objecting to a magistrate judge's ruling; and (3) that pursuant to Rule 72, service of the

1

PDF created with pdfFactory trial version www.pdffactory.com

Order is deemed to have been received no later than five days after its filing, which the plaintiff claims in this case to be April 3, 2004.  Based on these facts, the plaintiff incorrectly argues that the defendant was required to serve his objection on all parties and the Clerk of the Court no later than April 13, 2004.  The plaintiff then acknowledges that the defendant's objection was mailed on April 13, 2004, but incorrectly contends that it was not served until after that date.  Based on the foregoing, the plaintiff incorrectly concludes that the objection was untimely made.

The plaintiff's reasoning is flawed in multiple respects.

First, the ten-day time period for filing and serving an objection to a magistrate judge's ruling as set forth in Rule 72 is extended by Rule 6, which excludes Saturdays, Sundays and legal holidays from the computation of the ten-day period.  Rule 6 of the Federal Rules of Civil Procedure provides in pertinent part:

> When the period of time prescribed or allowed is less than 11 days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation.  As used in this rule … , "legal holiday" includes … any other day appointed as a holiday by the President or the Congress of the United States, or by the state in which the district court is held.

Fed. R. Civ. P. 6(a).  Because the ten-day time period prescribed by Rule 72 is less than 11 days, Saturdays, Sundays and legal holidays are to be excluded from the computation of the time for filing an objection.  Applying Rule 6 to the present facts, and computing the due date for the objection beginning with April 3, as the plaintiff suggests

2

PDF created with pdfFactory trial version www.pdffactory.com

(despite the fact that even this date is a Saturday that should be excluded), and excluding Saturdays, Sundays and April 9, 2004, a state-declared legal holiday designated by the Governor as a day of Fasting and Prayer, on which day the federal court was closed in observance thereof, then the last day for filing and serving the defendant's objection was April 19, 2004.  By the plaintiff's own admission, service of the objection was made prior to April 19, 2004.

Second, the plaintiff argues that the defendant's objection "was mailed on April 13, 2003 [sic] and not served until after that date."  This too is incorrect.  The objection was served by mail on April 13, 2004.  Pursuant to Rule 5(b) of the Federal Rules of Civil Procedure, service may be made by mail.  Fed. R. Civ. P. 5(b)(2)(B).  Further, when service is made by mail, "[s]ervice by mail is complete on mailing."  Id.  Here, the defendant's counsel certified that service was made by mail on April 13, 2004.  Service was complete upon mailing, not upon receipt, as suggested by the plaintiff.  Accordingly, service was made on April 13, 2004, well within the time period for filing the objection.

Third, service of the objection here was timely even if the defendant received the Magistrate Judge's ruling on March 30, 2004, which the plaintiff suggests but offers no proof thereof.  Assuming, solely for the purposes of this argument, the defendant's counsel did receive the Magistrate Judge's ruling one day after it was filed, that being on March 30, 2004, then the deadline for filing and serving the objection, calculated

3

PDF created with pdfFactory trial version www.pdffactory.com

pursuant to Rules 6 and 72, would have been April 14, 2004.  Even under this scenario, the objection was timely filed and served on April 13, 2004.

For all of the foregoing reasons, the plaintiff's argument that the defendant's objection was untimely is without merit.  The objection was timely filed and served.

## II.     The Plaintiff's Reply Was Untimely Filed and Served

Although the plaintiff has argued that the defendant's objection was not timely filed and served, it is in fact the reply brief of the plaintiff that was untimely and, therefore, should not be considered by the court.

Pursuant to Rule 72 of the Federal Rules of Civil Procedure, a party may respond to another party's objections to the ruling of a magistrate judge within 10 days after being served with a copy thereof.  In her brief, the plaintiff admits, through counsel, that the defendant's objections were received on April 15, 2004.  The deadline for filing a response to the objection, excluding Saturdays, Sundays and holidays, would therefore be April 29, 2004.  The plaintiff's response, however, is dated May 5, 2004 and, accordingly, is too late and should not be considered.

## III.    Although the Defendant Will Stand on the Arguments Made in Defendant's Objection to Magistrate Judge's Ruling on Plaintiff's Motion for Prejudgment Remedy of April 13, 2004, a Number of Brief Points Need be Made.

PDF created with pdfFactory trial version www.pdffactory.com

First, the argument at page 7-8 in the plaintiff's memorandum of May 5, 2004 that Magistrate Judge Smith's finding that a prejudgment remedy in the amount of 2.2 million dollars was supported by the evidence is disingenuous.  The fact of the matter is that counsel for the plaintiff could not ascertain the amount of the prejudgment remedy awarded, and accordingly made an ex parte communication to the court through Magistrate Judge Smith's clerk to ascertain Magistrate Judge Smith's intention in that regard.  A copy of the letter verifying this action is attached as Exhibit A.

Had plaintiff's counsel restricted himself to the record, it would have been virtually impossible for him to argue either the amount of the prejudgment remedy granted by Magistrate Judge Smith, or whether such award was supported in the evidence.  Only by going outside the record could the plaintiff make such argument, which demonstrates the inherent flaw in the decision by Magistrate Judge Smith in the first instance.

Second, the plaintiff in attempting to argue there was support in the record, mischaracterizes the testimony of Mr. Lefevre on one crucial point.  At page 8 in the plaintiff's memorandum of May 5, 2004, the plaintiff states that Mr. Lefevre testified that $742,000.00, which was characterized as unaccounted for assets, was taken by the defendant.  This statement is simply false.  Mr. Lefevre testified that his review of the plaintiff's records indicated that he believed there were assets valued at $742,000.00 for

5

which he could not account.  He specifically admitted he had no evidence that the defendant had anything to do with his in ability to account for those assets.

The significance of the foregoing is that because there was no evidence that tied the defendant to Mr. Levfevre's ability to account for $742,000.00 in allegedly unaccounted for assets, Magistrate Judge Smith's finding that there was probable cause that a prejudgment remedy in the amount of 2.2 million should issue was not supported by the evidence presented to him.

Third, in considering the applicability of the statute of limitations, the Court should consider the uncontradicted testimony provided by Mr. Lefevre in this regard.  Mr. Lefevre testified that he was able to discover claimed conversions by the defendant merely by reviewing the plaintiff's records.  He also testified that as far as he knew, the plaintiff's records were sent to the plaintiff during the timeframe in question and reviewed by her.  There was no evidence that the plaintiff, Mr. Lefevre's ward, could not have discovered every transaction about which Mr. Lefevre testified contemporaneously with such transaction occurring.  There was, for example, no evidence that the plaintiff's bank statement were hidden from her; no evidence that monies were taken from her accounts without her knowledge; and, in fact, the uncontradicted evidence was, with regard to most of these transactions, that the plaintiff participated in the transactions by drawing money from her accounts and delivering it to her son, the defendant.  Mr. Lefevre admitted he had no knowledge of any conversations between the plaintiff and

6

PDF created with pdfFactory trial version www.pdffactory.com

her son, the defendant, relative to these transactions, and no knowledge as to why they occurred.

Although the plaintiff argued at page 6 of her memorandum of May 5, 2004 that some continuing duty the defendant had to the plaintiff tolled the statute of limitations, on the evidence presented to the Magistrate Judge, the continuing duty doctrine would not apply.  In the recent Appellate Court decision of *Navin v. Essex Savings Bank*, 82 Conn. App. 255 (2004), the Connecticut Appellate Court in considering this doctrine, stated as follows:

> The continuing course of conduct doctrine reflects the policy that during an ongoing relationship lawsuits are premature because specific tortious acts or omissions may be difficult to identify and may yet be remedied…For example, the doctrine is generally applicable under circumstances where it may be impossible to pinpoint the exact date of a particular negligent act or omission that causes injury, or where the negligence consists of a series of acts or omissions, and it is appropriate to allow the course of action to terminate before allowing the repose section of the statute of limitations to run.

*Id.* at 262-263.

In this particular case, Mr. Lefevre testified with pinpoint accuracy as to the date of each alleged transaction in which Mr. Lefevre claimed the defendant improperly participated.  Mr. Lefevre conceded that he was able to pinpoint the date of the transaction simply by looking at the records of his ward, the plaintiff, and conceded that

PDF created with pdfFactory trial version www.pdffactory.com

the plaintiff could have reviewed the records at the time of the transactions to discover precisely what Mr. Lefevre discovered when he eventually reviewed her records.  This is a case where the uncontradicted evidence clearly showed that the alleged tortious acts or omissions were identified both as to date and amount, and where there was no evidence that the defendant undertook any act at the time of the transactions to any way hide his participation in such transaction.  Although the plaintiff claims the defendant at some point in time sent various letters requesting that entities not cooperate with his sister, who had the time held a power of attorney from the plaintiff, such letters were written in 2001, years after the transactions at issue involved, and in fact after the statute of limitations barred any claim relative to such transactions.

In light of the foregoing, there was no evidence before the court from which the court could conclude that even the defendant, David J. Sullivan, participated in these transactions, he in any fashion hid them from his mother, the plaintiff, or attempted to conceal that which he was doing from her.  In light thereof, the Magistrate Judge's conclusion that the statute of limitation is inapplicable to this case, and that there is probable cause the plaintiff can recover monies from transactions that occurred over an 11-year period is without merit.

8

PDF created with pdfFactory trial version www.pdffactory.com

THE DEFENDANT
DAVID J. SULLIVAN


BY _____
        Denise M. Cloutier
        Fed. Bar No. ct09843
        William C. Franklin
        Fed. Bar No. ct07187
        For Cramer & Anderson, LLP
        P.O. Box 278
        46 West Street
        Litchfield, CT  06759
        Tel No. (860) 567-8718
        Fax No. (860) 567-4531
        wfranklin@cramer-anderson.com

9

PDF created with pdfFactory trial version www.pdffactory.com

## <u>CERTIFICATION</u>

I hereby certify that a copy of the foregoing was mailed via first class mail,

postage pre-paid to all counsel and pro se parties of record on May 14, 2004.

Owen P. Eagan, Esq.
Eagan & Donohue
24 Arapahoe Road
West Hartford, CT 06107

_____
Denise M. Cloutier
Fed. Bar No. ct09843

10

PDF created with pdfFactory trial version www.pdffactory.com