UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---

JEANNE M. SULLIVAN,

        Plaintiff,

    against

DAVID J. SULLIVAN,

        Defendant

Case No. 302 CV 916 (CFD)

May 14, 2004

---

**DEFENDANT'S REPLY BRIEF
IN SUPPORT OF OBJECTION TO MAGISTRATE JUDGE'S RULING ON
PLAINTIFF'S MOTION FOR DISCLOSURE OF ASSETS**

    Pursuant to Rule 7(d) of the Local Rules of Civil Procedure, the defendant, David J. Sullivan, hereby submits this brief in reply to the memorandum filed by the plaintiff, Jeanne M. Sullivan, dated May 5, 2004 and entitled, "Reply to Defendant's Objection to Magistrate Judge's Ruling on Motion for Disclosure of Assets."

**I.    The Defendant's Objection Was Timely Filed**

    The plaintiff argues that the defendant's objection was not timely filed (Plaintiff's Brief at 1-2). This is incorrect. As a foundation for the plaintiff's argument, the plaintiff points out (1) that the Magistrate Judge's decision was filed on March 29, 2004; (2) that Rule 72 of the Federal Rules of Civil Procedure provides for a ten-day period for objecting to a magistrate judge's ruling; and (3) that pursuant to Rule 72, service of the

1

PDF created with pdfFactory trial version www.pdffactory.com

Order is deemed to have been received no later than five days after its filing, which the plaintiff claims in this case to be April 3, 2004.  Based on these facts, the plaintiff incorrectly argues that the defendant was required to serve his objection on all parties and the Clerk of the Court no later than April 13, 2004.  The plaintiff then acknowledges that the defendant's objection was mailed on April 13, 2004, but incorrectly contends that it was not served until after that date.  Based on the foregoing, the plaintiff incorrectly concludes that the objection was untimely made.

The plaintiff's reasoning is flawed in multiple respects.

First, the ten-day time period for filing and serving an objection to a magistrate judge's ruling as set forth in Rule 72 is extended by Rule 6, which excludes Saturdays, Sundays and legal holidays from the computation of the ten-day period.  Rule 6 of the Federal Rules of Civil Procedure provides in pertinent part:

> When the period of time prescribed or allowed is less than 11 days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation.  As used in this rule … , "legal holiday" includes … any other day appointed as a holiday by the President or the Congress of the United States, or by the state in which the district court is held.

Fed. R. Civ. P. 6(a).  Because the ten-day time period prescribed by Rule 72 is less than 11 days, Saturdays, Sundays and legal holidays are to be excluded from the computation of the time for filing an objection.  Applying Rule 6 to the present facts, and computing the due date for the objection beginning with April 3, as the plaintiff suggests

2

PDF created with pdfFactory trial version www.pdffactory.com

(despite the fact that even this date is a Saturday that should be excluded), and excluding Saturdays, Sundays and April 9, 2004, a state-declared legal holiday designated by the Governor as a day of Fasting and Prayer, on which day the federal court was closed in observance thereof, then the last day for filing and serving the defendant's objection was April 19, 2004.  By the plaintiff's own admission, service of the objection was made prior to April 19, 2004.

 Second, the plaintiff argues that the defendant's objection "was mailed on April 13, 2003 [sic] and not served until after that date."  This too is incorrect.  The objection was served by mail on April 13, 2004.  Pursuant to Rule 5(b) of the Federal Rules of Civil Procedure, service may be made by mail. Fed. R. Civ. P. 5(b)(2)(B).  Further, when service is made by mail, "[s]ervice by mail is complete on mailing." Id.  Here, the defendant's counsel certified that service was made by mail on April 13, 2004.  Service was complete upon mailing, not upon receipt, as suggested by the plaintiff.  Accordingly, service was made on April 13, 2004, well within the time period for filing the objection.

 Third, service of the objection here was timely even if the defendant received the Magistrate Judge's ruling on March 30, 2004, which the plaintiff suggests but offers no proof thereof.  Assuming, solely for the purposes of this argument, the defendant's counsel did receive the Magistrate Judge's ruling one day after it was filed, that being on March 30, 2004, then the deadline for filing and serving the objection, calculated

3

PDF created with pdfFactory trial version www.pdffactory.com

pursuant to Rules 6 and 72, would have been April 14, 2004. Even under this scenario, the objection was timely filed and served on April 13, 2004.

For all of the foregoing reasons, the plaintiff's argument that the defendant's objection was untimely is without merit. The objection was timely filed and served.

**II.     The Plaintiff's Reply Was Untimely Filed and Served**

Although the plaintiff has argued that the defendant's objection was not timely filed and served, it is in fact the reply brief of the plaintiff that was untimely and, therefore, should not be considered by the court.

Pursuant to Rule 72 of the Federal Rules of Civil Procedure, a party may respond to another party's objections to the ruling of a magistrate judge within 10 days after being served with a copy thereof. In her brief, the plaintiff admits, through counsel, that the defendant's objections were received on April 15, 2004. The deadline for filing a response to the objection, excluding Saturdays, Sundays and holidays, would therefore be April 29, 2004. The plaintiff's response, however, is dated May 5, 2004 and, accordingly, is too late and should not be considered.

PDF created with pdfFactory trial version www.pdffactory.com

THE DEFENDANT
DAVID J. SULLIVAN


BY _____
      Denise M. Cloutier
      Fed. Bar No. ct09843
      William C. Franklin
      Fed. Bar No. ct07187
      For Cramer & Anderson, LLP
      P.O. Box 278
      46 West Street
      Litchfield, CT  06759
      Tel No. (860) 567-8718
      Fax No. (860) 567-4531
      wfranklin@cramer-anderson.com

PDF created with pdfFactory trial version www.pdffactory.com

## **CERTIFICATION**

I hereby certify that a copy of the foregoing was mailed via first class mail, postage pre-paid to all counsel and pro se parties of record on May 14, 2004.

Owen P. Eagan, Esq.
Eagan & Donohue
24 Arapahoe Road
West Hartford, CT 06107

_____
Denise M. Cloutier
Fed. Bar No. ct09843

PDF created with pdfFactory trial version www.pdffactory.com