UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---

| | |
|---|---|
| JEANNE M. SULLIVAN, | : |
|       Plaintiff, | : |
| | : Case No. 302 CV 916 (CFD) |
|   against | : |
| DAVID J. SULLIVAN, | : |
|       Defendant | : May 25, 2004 |

---

**DEFENDANT'S OBJECTION/SURREPLY TO:**

**PLAINTIFF'S REPLY BRIEFS OF MAY 21, 2004;**

**WHICH REPLY BRIEFS ARE ADDRESSED TO MAGISTRATE JUDGE SMITH'S RULING ON PLAINTIFF'S MOTION FOR PREJUDGMENT REMEDY ISSUED MARCH 29, 2004; THE RULING ON PLAINTIFF'S MOTION TO COMPEL DEFENDANT TO SIGN RELEASE AND AUTHORIZATION OF MARCH 29, 2004; THE RULING ON PLAINTIFF'S MOTION FOR DISCLOSURE OF ASSETS OF MARCH 29, 2004; AND THE RULING ON PLANTIFF'S MOTION TO COMPEL THE DEFENDANT'S DEPOSITION OF MARCH 29, 2004**

**I.  Plaintiff's Purported Reply Briefs Of May 21, 2004 Are Not Authorized By Our Rules Of Practice And Should, Accordingly, Be Disregarded By The Court.**

By rulings dated March 29, 2004, Magistrate Judge Smith issued a ruling granting an application for prejudgment remedy; issued a ruling granting a motion that the defendant disclose assets; issued a ruling granting a motion to compel the

1

PDF created with pdfFactory trial version www.pdffactory.com

defendant's deposition in Hartford, Connecticut; and issued a ruling directing that the defendant execute a bank authorization relative to bank accounts situated in Bermuda.

The defendant timely filed objections to each of the foregoing rulings, which objections were dated April 13, 2004 and filed on that date.

By filings dated May 5, 2004, the plaintiff filed four separate memoranda in opposition to the memoranda filed by the defendant on April 13, 2004, in each case setting forth the plaintiff's position in opposition to the defendant's objection and in support of the rulings issued by Magistrate Judge Smith.

In accordance with Rule 7d of the Local Rules of Civil Procedure, the defendant did, by pleadings dated May 14, 2004 file reply memoranda that addressed specific points raised by the plaintiff in her memoranda dated May 5, 2004.

It is respectfully submitted that the foregoing filings exhausted those briefs that could properly be submitted to the Court relative to the March 29, 2004 rulings by Magistrate Judge Smith. Notwithstanding the foregoing, the plaintiff by pleadings dated May 21, 2004 filed four additional memoranda purportedly filed pursuant to Rule 7d of the Local Rules of Civil Procedure, which in effect were additional reply briefs not authorized by our Rules. Objection is hereby interposed to such filings, as they are not authorized by the rules, and it is respectfully submitted that such filings be disregarded by the Court.

2

PDF created with pdfFactory trial version www.pdffactory.com

**II.    To The Degree The Contentions Raised In Plaintiff's Reply Briefs Of May 21, 2004 Are Considered By The Court, Such Contentions Are Without Merit.**

    A.    Reply Brief Re: Prejudgment Remedy

The plaintiff contends in her May 21, 2004 memorandum that the defendant's argument that Magistrate Smith improperly issued a prejudgment remedy in the sum of 2.2 million dollars is moot. There is neither factual nor legal analysis in support of this claim.

The defendant did in his prior filings carefully document errors with regard to the ruling issued by Magistrate Judge Smith relative to the prejudgment remedy, which ruling issued March 29, 2004. There is no merit to the unsubstantiated claim that those issues are moot. The defendant continues to assert, as he initially did that Magistrate Judge Smith's issuance of a prejudgment remedy was clearly erroneous, and should be vacated.

    B.    Reply Brief Re: Motion to Compel Defendant's Deposition

As was referenced earlier, the defendant sought timely review of Magistrate Judge Smith's order that the defendant appear in Hartford for a deposition. The defendant had contended that Magistrate Judge Smith was clearly erroneous in ordering the deposition occur in Hartford, Connecticut rather than Bermuda, where the defendant resides.

PDF created with pdfFactory trial version www.pdffactory.com

When the court did not rule on the defendant's objection to Magistrate Judge Smith's ruling relative to the deposition, the defendant filed a motion for stay and/or protective order relative to Magistrate Judge Smith's discovery orders, which motion was dated and filed April 29, 2004. The defendant sought by such stay to suspend compliance with Magistrate Judge Smith's ruling that the deposition occur in Hartford, Connecticut, that a bank authorization be signed, and that the defendant be compelled to disclose assets only until this Court had an opportunity to review the propriety of those rulings in accordance with objections filed on behalf of the defendant April 21, 2004.

By order dated May 6, 2004, Magistrate Judge Smith denied the motion for stay and/or protective order. As a result, the defendant was either in a position whereby the defendant had to agreed to be deposed, or the defendant would face possible default and/or contempt for his failure to abide by Magistrate Judge Smith's discovery orders, notwithstanding the defendant's timely request that such orders be reviewed by this Court.

Accordingly, the defendant's counsel contacted the plaintiff's counsel and agreed to a deposition date in Hartford, Connecticut for June 23, 2004. Counsel for the plaintiff specifically reserved the right to continue that deposition to a later date if the defendant filed objections to a pending discovery request, compliance with which is due June 11, or objections to the document request attached to the notice of deposition. The plaintiff

4

wished to reserve the right to obtain rulings from the court on any such objections if the plaintiff believed that the deposition would be compromised by the unavailability of records to which the defendant filed timely objection. It is therefore not clear the deposition will occur, even as scheduled on June 23.

It is the hope of the defendant that the court issues a ruling on the various objections filed to Magistrate Judge Smith's March 29, 2004 rulings before these discovery matters proceed. The defendant will obviously be guided by any orders issued by the Court relative to those objections. Clearly they are not moot. Clearly the resolution of any of such objections will have an impact on how discovery proceeds in this case. The defendant has in good faith attempt to comply with Magistrate Judge Smith's rulings on discovery issues notwithstanding the fact that the defendant has filed proper objection to them. The defendant respectfully requests that the Court review those rulings in accordance with the memorandum previously filed addressing the propriety of such ruling.

C.   Reply Brief Re: Motion for Disclosure of Assets

As was the case relative to the notice of deposition, the defendant is between a rock and a hard place. Although the defendant has timely objected to Magistrate Judge Smith's ruling relative to disclosure of assets, Magistrate Judge Smith has denied the defendant's request for a stay or protective order pending review of the order issued.

5

PDF created with pdfFactory trial version www.pdffactory.com

If this Court vacates the prejudgment remedy order issued by Magistrate Judge Smith March 29, 2004, obviously, the Court will also vacate the order of even date requiring the disclosure of assets.  Even if the Court upholds the ruling by Magistrate Judge Smith relative to issuance of the prejudgment remedy, the defendant has asked that the Court review the scope of the ruling granting the motion for disclosure of assets, as such ruling requires the disclosure of records and information far in excess of that which the statute authorizing a disclosure of assets provides.  This issue remains a viable issue that should be reviewed by this Court.

D.	Reply Brief Re: Motion to Compel Defendant to Sign Release and Authorization

This ruling by Magistrate Judge Smith, which issued March 29, 2004, like the prior two discovery orders, has placed the defendant in the difficult position of having sought timely review of the propriety of Magistrate Judge Smith's ruling while being subject to disclosing such records due to the decision of Magistrate Judge Smith denying the motion for stay or protective order pending review of his order in this regard.

Contrary to the representations set forth in the plaintiff's Reply of May 21, 2004, the defendant has not agreed to bring all of the bank records concerning the bank accounts in Bermuda to a deposition scheduled in June.  Instead, the defendant has reserved his right to file objections by June 11, 2004 relative to this document request,

6

PDF created with pdfFactory trial version www.pdffactory.com

and the plaintiff has reserved her right to postpone the deposition in the event she seeks a judicial review with regard to the objections filed.

Furthermore, the issue of the scope of this ruling remains very much in dispute. The ruling by Magistrate Judge Smith could compel production of bank records for a period of time in excess of a decade. The defendant has sought judicial review of this order on the basis that it is claimed that the applicable statute of limitations in this case would limit review of the bank records to a more manageable period of three years. This issue is not moot. It remains a viable issue in the case; and the defendant respectfully requests that the Court address such issue in accordance with the arguments previously raised in memoranda submitted to this Court.

                THE DEFENDANT
                DAVID J. SULLIVAN


        BY _____
                William C. Franklin
                Fed. Bar No. ct07187
                Denise M. Cloutier
                Fed. Bar No. ct09843
                For Cramer & Anderson, LLP
                P.O. Box 278
                46 West Street
                Litchfield, CT  06759
                Tel No. (860) 567-8718
                Fax No. (860) 567-4531
                wfranklin@cramer-anderson.com

PDF created with pdfFactory trial version www.pdffactory.com

**CERTIFICATION**

I hereby certify that a copy of the foregoing was mailed via first class mail, postage pre-paid to all counsel and pro se parties of record on May 25, 2004.

Owen P. Eagan, Esq.
Eagan & Donohue
24 Arapahoe Road
West Hartford, CT 06107

_____
William C. Franklin
Fed. Bar No. ct07187

PDF created with pdfFactory trial version www.pdffactory.com