UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JEANNE M. SULLIVAN,           : | |
|     Plaintiff,                    : | |
|                                       : | |
| v.                                  : | Civil Action No. 3:02 CV 916 (CFD) |
|                                       : | |
| DAVID J. SULLIVAN,           : | |
|     Defendant.                 : | |

## RULING ON PENDING MOTIONS AND OBJECTIONS

Pending are the following motions and objections filed by the defendant: Objection to Magistrate Judge's Ruling on Plaintiff's Motion for Prejudgment Remedy; Objection to Magistrate Judge's Ruling on Motion for Disclosure of Assets; Motion for Stay and/or Protective Order from Magistrate Judge's Discovery Orders; Objection to Entry of Order for Prejudgment Remedy Attachment; and Motion for Stay on Entry of Order for Prejudgment Remedy Attachment. A hearing was held on these motions and objections on October 25, 2004.

In his Objection to Magistrate Judge's Ruling on Plaintiff's Motion for Prejudgment Remedy, the defendant alleged four reasons why the recommended ruling was erroneous or clearly contrary to law: 1) the magistrate judge did not make a ruling or finding as to the amount of potential damages for which probable cause was found; 2) the magistrate judge did not properly apply and consider the defendant's affirmative defense that the plaintiff's claims were time-barred by the applicable statute of limitations; 3) the ruling's findings of probable cause were unsupported by the evidence presented; and 4) the magistrate judge ordered that the plaintiff receive injunctive relief when no such application was pending.

This Court disagrees with defendant's arguments, and overrules his objection. The

magistrate judge's ruling neither was erroneous nor clearly contrary to law. As to defendant's first argument, the magistrate judge promptly amended the recommended ruling to specify the amount of potential damages. See Doc. # 113. A clear finding of probable damages exists on the record.

Defendant's second argument is that the plaintiff's claims are barred by Conn. Gen. Stat. § 52-577, which establishes a three year statute of limitations for claims of fraud, misrepresentation, and conversion. That statute of limitations is tolled, however, upon showing a continuous course of fraudulent concealment or the existence of a fiduciary relationship between the parties. See Conn. Gen. Stat. § 52-595; see also Olin Corp. v. Chase Brass & Copper Co., 1980 U.S. Dist. LEXIS 17068, at *9 (D. Conn. Sept. 15, 1980) (holding that existence of fiduciary relationship is sufficient to toll statute of limitations under Conn. Gen. Stat. § 52-577); Long v. Abbott Mortgage Corp., 424 F. Supp. 1095, 1098 (D. Conn. 1976) (same). Because the Court finds that defendant David J. Sullivan was acting in a fiduciary capacity for his mother, the statute of limitations properly was tolled as to plaintiff Jeanne M. Sullivan's claims.

As to defendant's third argument, the Court finds that the magistrate judge's determinations of probable cause were supported adequately by the evidence presented at the prejudgment remedy hearing. As to defendant's fourth argument, the Court finds that no injunctive relief was awarded in the magistrate judge's ruling. Therefore, for the above reasons, defendant's Objection to Magistrate Judge's Ruling on Plaintiff's Motion for Prejudgment Remedy [Doc. # 110] is OVERRULED.

Similarly, the defendant's Objection to Entry of Order for Prejudgment Remedy Attachment [Doc. # 117] is OVERRULED. The defendant's Objection to Magistrate Judge's

Ruling on Motion for Disclosure of Assets [Doc. # 109] is OVERRULED.  The defendant's Motion for Stay on Entry of Order for Prejudgment Remedy Attachment [Doc. # 116] is DENIED.

The defendant's Motion for Stay and/or Protective Order from Magistrate Judge's Discovery Orders [Doc. #112] is DENIED.  Specifically, the Court finds that the defendant would suffer no hardship by submitting to deposition in Hartford, Connecticut.  Under Connecticut law, the trial court has discretion to order that an out-of-state defendant appear for deposition, in accordance with the special circumstances of the case.  See Antonios v. Farmers Ins., 1996 Conn. Super. LEXIS 428, *3-*4 (Conn. Super. Ct. Feb. 8, 1996); Sansone v. Haselden, 1 Conn. L. Rptr. 520, 521 (Conn Super. Ct. Apr. 18, 1990).  Under federal law, while the deposition of a nonresident defendant generally is conducted at the defendant's "place of residence," the trial court retains "substantial discretion to designate the site of a deposition."  7 James Wm. Moore et al., Moore's Federal Practice § 30.20[1][b] (Matthew Bender 3d ed. 2003); see also Custom Form Mfg., Inc. v. Omron Corp., 196 F.R.D. 333, 336 (N.D. Ind. 2000) (holding that "place of residence" rule merely is a presumption that court may override based on relevant factors of case); Buzzeo v. Bd. of Educ., 178 F.R.D. 390, 392 (E.D.N.Y. 1998) (considering factors of cost, convenience, and efficiency in ordering corporate deposition at principal place of business, and noting court's discretion to designate another location); Armsey v. Medshares Mgmt. Servs., Inc., 184 F.R.D. 569, 571 (W.D. Va. 1998) (holding that courts may exercise discretion in determining appropriate site for deposition).

The Court finds that the defendant's long history of conducting business in Connecticut, as well as his continuing ties to the forum state, constitute adequate grounds for him to appear for

deposition in Hartford. Therefore, the parties are ordered to confer and schedule a mutually acceptable date for the deposition of defendant David J. Sullivan in Hartford, Connecticut.

SO ORDERED this ___8th___ day of November 2004, at Hartford, Connecticut.


                            /s/ CFD
                            **CHRISTOPHER F. DRONEY**
                            **UNITED STATES DISTRICT JUDGE**