UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

------------------------------------------------------------
:
**JEANNE M. SULLIVAN,** :
        **Plaintiff,** :
: Case No. 302 CV 916 (CFD)
     **against** :
:
**DAVID J. SULLIVAN,** :
        **Defendant** : **DECEMBER 17, 2004**
------------------------------------------------------------

**MOTION FOR PROTECTIVE ORDER RE: DOCUMENT REQUEST
RELATED TO RE-NOTICE OF DEPOSITION OF DECEMBER 9, 2004**

     The Defendant, David J. Sullivan, hereby requests the entry of an order excusing his compliance with a certain document request attached to a Re-Notice of Deposition of December 9, 2004 by which the Plaintiff seeks to take the deposition of David J. Sullivan on December 20, 2004, and in support of this motion states as follows.

     1.    During the Spring of 2004, an order issued from this Court that David J. Sullivan be subjected to deposition at Hartford, Connecticut.

     2.    In accordance with that order, a Re-Notice of Deposition issued on or about May 19, 2004 noticing the deposition of David J. Sullivan for June 23, 2004 in Hartford. A copy of that notice, to which was attached a document request, is attached hereto as Exhibit A.

PDF created with pdfFactory trial version www.pdffactory.com

3. By letter dated June 11, 2004, the undersigned wrote counsel for the Plaintiff, and provided counsel for the plaintiff an authorization to obtain the bank records sought in the Re-Notice of Deposition of May 19, 2004. The Defendant had previously been ordered by the Court to provide such bank authorization.

4. On June 18, 2004, counsel for the Plaintiff indicated to the undersigned that in light of the fact that he had not obtained the bank records, counsel for the Plaintiff unilaterally postponed the deposition of David J. Sullivan scheduled for June 23, 2004, and indicated it would be rescheduled at the convenience of Plaintiff's counsel after receipt of the bank records.

5. Plaintiff's counsel subsequently indicated to the undersigned that he had received the bank records sought in or about September of 2004.

6. Subsequent to the foregoing, the Court scheduled argument on a question previously decided by Magistrate Judge Smith, namely, whether the Defendant, a resident and citizen of Bermuda, could be compelled to attend a deposition in Hartford, Connecticut, or whether instead the deposition could occur in Bermuda. The Court ruled November 8, 2004 that the deposition should proceed in Hartford, Connecticut.

7. Immediately after issuance of the Court's order, Plaintiff's counsel requested deposition dates for the Defendant to travel to Hartford for the purpose of his deposition.

PDF created with pdfFactory trial version www.pdffactory.com

8.      By letter dated December 3, 2004, the undersigned provided proposed deposition dates for the Defendant.  A copy of the letter setting forth the proposed dates is attached as Exhibit B.  By letter dated December 8, 2004, Plaintiff's counsel confirmed the deposition would occur December 20, 2004. (Exhibit C)  By Re-Notice of Deposition dated December 9, 2004, the deposition of December 20 was confirmed.  Attached to the Re-Notice of Deposition were the original 16 requests for documents accompanied by 11 additional categories of documents sought.  (Exhibit D)  This request for documents was voluminous and received only 10 days before the scheduled deposition.

9.      Federal Rule of Civil Procedure 30 provides for deposition upon oral examination.  Federal Rule of Civil Procedure 30(b)(5) permits the notice to the party deponent to be accompanied by a request for the production of documents and tangible things at the taking of the deposition, provided such document request complies with Federal Rule of Civil Procedure 34.

10.     Federal Rule of Civil Procedure 34(b) provides that upon receipt of a document request, the party to whom the document request is addressed shall have 30 days to respond.

11.     The Re-Notice of Deposition of December 9, 2004 is in violation of the foregoing Federal Rules of Civil Procedure, as despite the fact it seeks a voluminous document request from the Defendant David J. Sullivan, he has been permitted only 10

3

PDF created with pdfFactory trial version www.pdffactory.com

days to respond to the document request, and not the 30 days guaranteed him under the Federal Rules of Civil Procedure.

12. The Plaintiff has known that she wished to take the deposition of David J. Sullivan for at least the last six months. Furthermore, the Defendant provided Plaintiff's counsel various dates for the scheduled deposition that would have permitted Plaintiff's counsel to make a document request that would have permitted the Defendant sufficient time to comply with the document request.

13. The Plaintiff unilaterally selected the date on which the deposition was to occur, and then served a voluminous document request that was in violation of the Federal Rules of Civil Procedure and prejudiced the Defendant in that the Defendant was not given the requisite time to comply with the discovery request.

14. Independent from the foregoing, objection is also interposed to producing original shares of stock relative to companies situated in Bermuda. The Defendant has produced such information as he could regarding these assets. Production of original assets for purposes of a discovery deposition is outside the scope of that which is permitted for discovery under the Federal Rules of Civil Procedure, and is an attempt to misuse the discovery process to compel delivery of assets normally situated in Bermuda to Connecticut.

WHEREFORE, the Defendant David J. Sullivan prays that this Motion for Protective Order be granted, and that the Defendant be excused from complying with

4

PDF created with pdfFactory trial version www.pdffactory.com

5

producing whatever documents the Defendant has been unable to gather in the 10 days he has been given to do so.

        THE DEFENDANT
        DAVID J. SULLIVAN


      BY _____
        William C. Franklin
        Fed. Bar No. ct07187
        For Cramer & Anderson, LLP
        P.O. Box 278
        46 West Street
        Litchfield, CT  06759
        Tel No. (860) 567-8718
        Fax No. (860) 567-4531
        wfranklin@cramer-anderson.com

PDF created with pdfFactory trial version www.pdffactory.com

## **CERTIFICATION**

I hereby certify that a copy of the foregoing was mailed via first class mail postage pre-paid and via facsimile to all counsel and pro se parties of record on December 17, 2004.

Owen P. Eagan, Esq.
Egan & Donohue
24 Arapahoe Road
West Hartford, CT 06107

Fax number: 860-232-0214

                                                                                  _____
                                                                                  William C. Franklin,
                                                                                   Fed. Bar No. ct 07187

PDF created with pdfFactory trial version www.pdffactory.com