UNITED STATES DISTRICT COURT
---------------------DISTRICT OF CONNECTICUT---------------------

| | |
|---|---|
| JEANNE M. SULLIVAN, : | CIVIL ACTION NO.: |
| PLAINTIFF : | 3:02cv00916 (CFD) |
| : | |
| VS. : | |
| : | |
| DAVID J. SULLIVAN : | DECEMBER 27, 2004 |

**MOTION FOR ANCILLARY ORDERS
IN CONJUNCTION WITH PREJUDGMENT REMEDY**

The Plaintiff, Jeanne M. Sullivan, in the above referenced matter hereby moves for an Ancillary Order in Conjunction with the Prejudgment Remedy (hereinafter "PJR") entered by the Court through United States Magistrate Judge Thomas P. Smith on March 29, 2004.

Ordering the Defendant David Sullivan to produce his assets which are presently located in Bermuda and to bring those assets to the United States and to present them to the Clerk of this Court or in the alternative to present them to an agent of this Court who will keep said assets pursuant to the $2,200,000.00 Prejudgment Remedy Order of Attachment and further to Order David Sullivan not to transfer any property both real and personal disclosed or undisclosed.

**I.      FACTS AND PROCEDURAL HISTORY**

The Plaintiff, Jeanne M. Sullivan, has filed a Complaint alleging the Defendant, David Sullivan, has systematically defrauded her out of approximately $2,000,000.00 over a ten (10) year period of time when he acted as her trusted financial advisor.

On March 29, 2004, after a lengthy probable cause hearing the Court granted the Plaintiff's Motion for Prejudgment Remedy (hereinafter "PJR") against David Sullivan in the amount of $2,200,000.00. In conjunction with the PJR, the Court Ordered David Sullivan to disclose his assets including "all property, real and/or personal and/or otherwise in which he has an interest . . . And further that the Defendant David J. Sullivan . . . disclose any and all books, financial statements, bank records, tax returns, savings accounts and documentation of other records related to his finances and/or related to the assets referred to above (including his holdings in Bermuda and in the United States)." The Defendant, David Sullivan, objected to both the above Magistrate Judge's rulings. His objections were overruled by the Court on November 8, 2004.

After numerous requests by Plaintiff's counsel, the Defendant provided only a "List of Assets Owned by David Sullivan" (copy attached and marked Exhibit "A").

The list did not provide any books, financial statements, bank records, tax returns, savings accounts or documentation of other records relating to David Sullivan's finances and/or related to his assets including any of his holdings in Bermuda and in the United States. The list also failed to disclose the value of those assets.

As a result of the above, the Plaintiff filed a Motion for Contempt for Failure to Comply with the Court's Order to disclose assets sufficient to satisfy the PJR and the matter is scheduled for hearing before this Court on January 10, 2005.

Now comes the Plaintiff moving this Court for an ancillary Order or injunction Ordering the Defendant to produce assets which are presently located in Bermuda and to bring those assets to the United States and to present them to the Clerk of this Court or to an agent of this Court who will keep said assets pursuant to the $2,200,000.00 PJR attachment.

## II.     LAW

A federal district court can effectuate a PJR issued under Connecticut law by ordering parties over whom the court has in personam jurisdiction to take or refrain from taking certain actions. Inter-Regional Financial Group, Inc. v. Hashemi, 562 F.2d 152, 154 (2d Cir. 1977). The district court's authority to issue such ancillary orders is based on the court's in personam jurisdiction, which gives the court inherent equitable authority to order a party to do certain acts either within or outside the court's territorial jurisdiction. Fleming v. Gray Manufacturing Co., 352 F. Supp. 724, 726 (D. Conn. 1973). The broad authority conferred on a court by the exercise of in personam jurisdiction serves the important policy of preventing a party from frustrating justice by removing assets from the court's territorial jurisdiction. Hamma v. Gradco Systems Inc, No. B:88-115 (JAC), 1992 U.S. Dist. LEXIS 17601, at *9, (Nov. 4, 1992).

Ancillary orders issued by courts in effectuating prejudgment remedies may have the effect of injunctions, but such orders need not satisfy the requirements governing injunctions in Rule 65 of the Federal Rules of Civil Procedure. Id. at 10. Federal courts routinely issue

ancillary orders in conjunction with prejudgment remedies without finding a "likelihood of success on the merits" or requiring that the plaintiff post a bond. See <u>Hashemi</u>, 562 F.2d. at 154; <u>Fleming</u>, 352 F. Supp. at 726.

In <u>Hashemi</u>, the Second Circuit held "Rule 64 of the Federal Rules of Civil Procedure makes available to Federal District Courts of all remedies providing for the seizure of property to secure satisfaction of a judgment in the same manner as provided by the law of the State in which the Court is sitting." (<u>Hashemi</u>, p.154). The Second Circuit Court went on to state that a District Court may issue an injunction in aid of attachment which may take the form of a mandate requiring the Defendant to bring stock certificates into the state and deliver them to the physical control and possession of a sheriff. <u>Hashemi</u> at 154, 155.

The Second Circuit also held that if the District Court has personal jurisdiction over a Defendant and if justice and the reasonable demands of a situation warrant, the Court may order the Defendant to do or refrain from doing certain acts in another state. <u>Columbia, Nastri & Carbone v. Columbia Ribbon & Carbon Mfg. Co.</u>, 367 F.2d. 308, 313 (2d Cir. 1966).

### III. ARGUMENT

This Court has already determined that there was sufficient proof of probable cause to render a PJR attachment in the amount of $2,200,000.00. This was based on the evidence which the Plaintiff presented over the course of a full day hearing which demonstrated David Sullivan had systematically stolen approximately $2,000,000.00 of his mother's money.

4

For example, it was also proven that David Sullivan took over $454,000.00 worth of his mother's stock in Herley Microwave Industries. It was also proven by David Sullivan's admission the He withdrew $90,000.00 from his mother's bank account located in Bermuda which he maintained for her.

At hearing and based on discovery it was proven that David Sullivan placed over $600,000.00 of his mother's money into his account in Bermuda.

It was also proven by David Sullivan's admission that he has forged his mother's name on checks and other documents.

David Sullivan has also admitted that he has bought large quantities of stock from his mother for cash without any written record of the transaction.

Finally on September 23, 2003, in an objection to the Application to Continue this lawsuit filed in the Torrington Probate Court, David Sullivan made it clear he had no intention of honoring this Court's Order of Attachment.

David Sullivan argued in Probate Court, even if the Plaintiff were to obtain a judgment in the Federal District Court for the State of Connecticut, the judgment would be unenforceable in Bermuda. His attorney wrote:

> Prosecution of the federal action will involve hundreds of
> thousands of dollars in attorney's fees and costs, which should be
> justified to be for the benefit of the Estate of Jeanne M. Sullivan
> before such action is permitted to proceed, particularly in light of
> the fact that all of the Defendants named in the action reside
> outside of the State of Connecticut and in the case of David J.
> Sullivan, reside outside of the United States, and there has been no

showing that if a judgment is obtained against any or all of these Defendants that such judgment can be collected for the benefit of the Estate.

In the second to last paragraph of the Court's decision, the Court stated:

The Magistrate Judge finds further that the Plaintiff has shown that she is likely to succeed on the merits of her claims against the Defendant and that irreparable harm is likely to befall the Plaintiff unless the Defendant is prohibited and enjoined from transferring his property. Accordingly the entry of an injunction by the District Court Judge would appear to be appropriate upon the application by the Plaintiff and the submission to the Court of a narrowly drawn proposed Order in otherwise proper form.

Since the Court has exercised personal jurisdiction over the Defendant David Sullivan and since the reasonable demands of the situation warrant, David Sullivan should be Ordered to produce and turn over sufficient assets necessary to satisfy the PJR attachment including but not limited to the following:

1. 916 shares of common stock in Bank of N.T. Butterfield and Son, Ltd.;

2. 40,800 shares of stock in Sun Control Limited;

3. Defendant's whole life policy with BF&M Life Company, Ltd.;

4. His one-half interest in bank account #1002-260179 Bank of Bermuda, HSB; and

5. His one-half interest in bank account #20006 840 705780 100 at Bank of N.T. Butterfield and Son, Ltd.

The Plaintiff also moves that the Defendant, David Sullivan, be prohibited and enjoined from encumbering or transferring any of his property both real, personal, disclosed and undisclosed.

PLAINTIFF,
JEANNE M. SULLIVAN

BY _____
Owen P. Eagan
EAGAN & DONOHUE
24 Arapahoe Road
West Hartford, CT 06107
Fed. Bar No. : ct00716
(860)232-7200 - Telephone
(860)232-0214 – Facsimile
Lawfirm5@Mindspring.com

## **CERTIFICATION**

This certified that a copy of the foregoing Memorandum of Law was mailed, postage prepaid this 27th day of December, 2004 to all counsel and pro se parties of record as follows:

William C. Franklin, Esq.
Cramer & Anderson
P.O. Box 278
46 West Street
Litchfield, CT 06759

Matthew Lefevre, Esq.
94 Church Street
Torrington, CT 06790

_____
Owen P. Eagan

*X01.P24.MotAncillaryOrders/st*

8

# CRAMER & ANDERSON LLP
## LAW OFFICES

46 WEST STREET
P.O. BOX 278
LITCHFIELD, CT 06759-0278

(860) 567-8717
FAX (860) 567-4531

68 NORTH STREET
DANBURY, CT 06810

KENT GREEN
KENT, CT 06757

51 MAIN STREET
NEW MILFORD, CT 06776

2 GREEN HILL ROAD
WASHINGTON DEPOT, CT 06794

William C. Franklin

December 3, 2004

SENT VIA MAIL & FACSIMILE: 860-232-0214

Owen P. Eagan, Esq.
Egan & Donohue
24 Arapahoe Road
West Hartford, CT 06107

Re: **Jeanne M. Sullivan v. David Sullivan, et al**

Dear Owen:

In accordance with your recent requests, I submit herewith a list of assets produced by Mr. Sullivan, which list indicates the asset by name and identifying characteristic, the record title owner of each asset, the location of each asset, and Mr. Sullivan's percent ownership of each asset.

Relative to deposition dates, both Mr. Sullivan and I are available for Mr. Sullivan to be deposed in Hartford, Connecticut on December 13, 14, 20, 23, 28, 29, or 30.

In actuality, those dates between Christmas and New Year's would be optimum for Mr. Sullivan, as his business is closed at that time.

With dates filling up quickly on unrelated matters, would you please let me know your preference for Mr. Sullivan's deposition at your earliest convenience. If all of those dates are unacceptable, please let me know. My schedule is relatively open in January, and I believe I could provide additional dates in that month when both Mr. Sullivan and I could attend a deposition at your convenience.

Very truly yours,

William C. Franklin
WCF/dob

cc: David Sullivan

**EXHIBIT "A"**

# David J. Sullivan, Esq., JP

## List of Assets

| TYPE | TITLE | LOCATION | % OF OWNERSHIP |
|---|---|---|---|
| Bank Account (checking) #1002-26017 9 | David J. & or Janice M. Sullivan | Bank of Bermuda, HSBC Front Street, Hamilton, Bermuda | 50% |
| Bank Account (checking) 20 006 840 705780 100 | David J. & or Janice M. Sullivan | Bank of N.T. Butterfield & Son Ltd Front Street, Hamilton, Bermuda | 50% |
| House & Property | David J. & Janice M., Kelly, Claire & Maureen Sullivan | 6 Camden North Road Paget, DV 03, Bermuda | 20% |
| Furnishings | David J. & Janice M. Sullivan | 6 Camden North Road Paget, DV 03, Bermuda | 50% |
| Shares-common 1,833 | David J. & Janice M. Sullivan | Bank of N.T. Butterfield & Son Ltd Front Street, Hamilton, Bermuda | 50% |
| Shares 4,800 common | David J. Sullivan | Sun Control Limited Parliament Street, Hamilton, Bermuda | 100% |
| House & Property | David J. & Janice M. Sullivan | 3501 Ocita Drive Orlando, FL 32837, USA | 50% |
| Bank Account (checking) #9870 | David J. & or Janice M. Sullivan | Bank of America Town Center Blvd. Orlando, FL 32837, USA | 50% |
| Whole Life Policy | David J. Sullivan | BF & M Life Co., Ltd. Pitts Bay Road, Pembroke, Bermuda | 100% |

TOTAL P.03