# UNITED STATES DISTRICT COURT
## ----------------------DISTRICT OF CONNECTICUT----------------------

| | | |
|---|---|---|
| JEANNE M. SULLIVAN, | : | CIVIL ACTION NO.: |
| PLAINTIFF | : | 3:02cv00916 (CFD) |
| | : | |
| VS. | : | |
| | : | |
| DAVID J. SULLIVAN | : | DECEMBER 30, 2004 |

### PLAINTIFF'S OBEJCTION TO DEFENDANT'S MOTION FOR PROTECTIVE ORDER RE: DOCUMENT REQUEST RELATED TO RENOTICE OF DEPOSITION OF DECEMBER 9, 2004

The Plaintiff, Jeanne M. Sullivan, in the above referenced matter hereby Objects to Defendant's Motion for Protective Order Re: Document Request Related to Re-notice of Deposition of December 9, 2004 for the following reasons:

A.      The Defendant objects on the basis that Rule 34(b) of the Federal Rules of Civil Procedure provides that upon receipt of a document request, the party to whom the document request is addressed shall have thirty (30) days to respond.  By agreement of counsel, David Sullivan's Deposition has been continued to a date in mid-January, 2005, more than thirty (30) days after the December 9, 2004 Renotice of Deposition and therefore this problem has been solved;

B.      After refusing to submit to a deposition which has been renoticed over six (6) times and then after being Ordered to submit to a deposition, the Defendant himself offered the date upon which he wanted his Deposition taken, therefore it is unfair for him to argue that he needed thirty (30) days to gather information for the same;

C    The additional information sought is information concerning David Sullivan's assets. The Defendant has had ample notice this information would be required. David Sullivan has known since this case was filed and since his lawyer signed the Rule 26(f) Report of Parties Planning Meeting that his assets were in question and discovery was needed regarding those assets. He was reminded this information was required when he received various discovery and production requests on September 1, 2003, November 19, 2003, December 11, 2003 and January 29, 2004.

D.    David Sullivan was Ordered by the Court to disclose assets sufficient to satisfy the Prejudgment Remedy Attachment and all financial information concerning his real and personal property. It is disingenuous for David Sullivan to argue he did not have enough time to gather the information necessary for the Deposition.

I.    **FACTS**

This action was filed in the Connecticut United States District Court on May 28, 2002. Plaintiff filed a Notice of Deposition on January 8, 2003 requesting that the Defendant produce sixteen (16) items.

The Deposition was re-noticed at least five (5) times thereafter because the Defendant:

a.    first refused to give his Deposition in Connecticut;

b.    then refused to give his Deposition in Bermuda; and

c.    refused to give his Deposition as well.

In the meantime, the Plaintiff sought discovery on certain bank records concerning a Bermuda bank account owned by David Sullivan into which well over $700,000.00 of the Plaintiff, his mother, Jeanne M. Sullivan's money was deposited.

The Plaintiff filed a Motion for Prejudgment Remedy Attachment (hereinafter "PJR") of David Sullivan's assets. On March 29, 2004, after a full day of hearing, the Court on found probable cause to sustain the validity of the Plaintiff's claim and Ordered a $2,200,000.00 attachment based on the evidence presented which prove that David Sullivan had defrauded his mother out of at least $2,200,000.00 of her money.

The Court also Ordered David Sullivan to disclose assets sufficient to satisfy the $2,200,000.00 PJR. The Court also Ordered David Sullivan to submit to a Deposition in the Connecticut District Courthouse.

Based on these Orders, the Defendant through his Counsel, William Franklin, finally provided the authorization to obtain bank records from the N.T. Bank of Butterfield and Son, Ltd. in Bermuda and finally agreed to submit to a Deposition. The Deposition was scheduled and the authorization was signed and sent to the bank. The bank took longer than expected to produce the records requested. Since the bank records were a necessary part of the Deposition, both Plaintiff's counsel and Defendant's counsel agreed to mark the Deposition off until such time as Plaintiff's counsel could adequately obtain review the bank records.

Thereafter, the Defendant objected to the Court's ruling on the PJR and on the Court's ruling on the Motion to Disclose Assets. Those matters were scheduled for argument on October 25, 2004.

Five minutes before argument, counsel for the Defendant David Sullivan indicated that David Sullivan would also be objecting to giving the Deposition of David Sullivan.

On November 9, 2004, the Court overruled all of the Defendant's Objections and Ordered the attachment of property and Ordered the disclosure of assets and Ordered David Sullivan to submit to a Deposition in the Connecticut District Courthouse.

The undersigned then wrote a series of letters to Attorney William Franklin requesting the disclosure of assets and a list of dates that were convenient for his client David Sullivan to come to the United States and submit to a Deposition (copies attached and marked Exhibit "A-1 through A-4").

Initially, Defendant's counsel did not want to make a disclosure of assets, but said that disclosure could be made at the Deposition (copy of Attorney Franklin's letter attached and marked Exhibit "B"). The undersigned asked for the disclosure of assets so that he could prepare for the Defendant's Deposition (copy of letter attached and marked Exhibit "C").

Eventually, the Defendant provided woefully an inadequate "List of Assets" without providing disclosure of the amount of each asset and without providing any copies of books or records or financial statements as Ordered by the Court (copy of letter attached and marked Exhibit "D").

4

The Plaintiff then moved for contempt based on the inadequate disclosure and that matter is scheduled for hearing on January 10, 2005.

In his letter (Exhibit "D"), Defendant's counsel also provided a list of dates that would be convenient for the Defendant David Sullivan to be deposed.

In an effort to accommodate David Sullivan, the undersigned selected one of the dates, made arrangements with his client, the Conservator of Jeanne M. Sullivan, Attorney Matthew Lefevre to be present.  Then the undersigned made arrangements with the Clerk of the Court to have a room available for the deposition.  Then the undersigned contacted Attorney Franklin's office regarding the above and finally, the undersigned Renoticed the Deposition of David Sullivan on December 9, 2004 for the date David Sullivan had selected.  The undersigned both faxed and mailed a copy of the Renotice of Deposition to the Defendant's attorney on that date.

In the Renotice of Deposition, the Plaintiff requested that David Sullivan bring additional items which had not been previously requested (copy of Renotice of Deposition attached and marked Exhibit "E").  Those items appear in Numbers 17 – 27.  The Plaintiff wanted David Sullivan to produce these items listed in Plaintiff's Renotice of Deposition so that he could be examined on the same.

The Deposition was scheduled for Monday morning on December 20, 2004. Late on Friday afternoon, December 17, 2004, the Defendant faxed this Motion for Protective Order arguing that he should not be required to produce the additional documents requested in the December 9, 2004 Re-Notice of Deposition because he did not have thirty (30) days to gather this information pursuant to Federal Rule of Civil Procedure 34(b).

II.     **LAW AND ARGUMENT**

A.     **Deposition Rescheduled to Mid-January, 2005 so Defendant Has More Than Thirty Days to Gather Information.**

Under Federal Rule of Civil Procedure 30, the Defendant correctly states that notice to the party deponent may be accompanied by a request for production of documents and tangible things at the taking of the Deposition provided that such document request complies with Federal Rule of Civil Procedure 34.

Federal Rule of Civil Procedure 34(b) provides that upon receipt of a document request, the party to whom the document request is addressed shall have thirty (30) days to respond. The Defendant is correct, he did not have thirty (30) days to respond. That issue has been resolved.

B.     **The Plaintiff Scheduled the Deposition at the Defendant's Convenience.**

By agreement of counsel, the Deposition has been continued until mid-January, 2005. This will able the Defendant more than thirty (30) days to gather the information necessary to comply.

The Defendant chose December 20, 2004, the original date of the Deposition. It would therefore not be fair to the Plaintiff to grant the Defendant's Motion for a Protective Order.

Federal Rules of Civil Procedure 1 provides:

> Scope and Purpose of Rules
>
> These rules govern the procedure of the Unites States District Courts in all suits of a civil nature whether cognizable as cases at law or in equity or in admiralty, with the exception stated in Rule 81. They shall be construed and administered to secure just, speedy and inexpensive determination of every action.

The Defendant asks the Court to construe the rules in a way that is opposite to the scope and purpose of the rules. He has delayed the just and speedy determination of this action by delaying his attendance at his own Deposition by failing to provide necessary information to the Plaintiff which he has already been Ordered to produce.

**C.    The Defendant Had Ample Notice That the Information Would Be Required.**

The Defendant has had ample notice that his assets would be subject to scrutiny since the date this case was filed. On May 28, 2002, the Plaintiff filed her Complaint. Therein, the Plaintiff alleged that her son David Sullivan used his position of trust and defrauded her out of her assets. She demanded that he return those assets to her.

The Defendant acknowledged that he had notice of the Plaintiff's need for this financial information when his attorney signed the Parties Rule 26(f) Report of Parties Planning Meeting filed on December 2, 2003. Therein, the parties together indicated that discovery will be needed on the following subjects:

1.    A financial history of the Defendant, David Sullivan, including all distributions of the dividends paid over the past ten (10) years;

2.    A listing of all holding held by James Sullivan and Jeanne Sullivan over the past fifteen (15) years;

3.    A copy of David Sullivan's financial records;

4.    A copy of all tax returns filed by David J. Sullivan for the past ten (10) years;

5.    An explanation by David J. Sullivan of how assets were acquired over the past ten (10) years;

6.    All information concerning allegations set forth in the Plaintiff's Complaint; and

7.    All information concerning allegations set forth in the Defendant's Special Defenses.

The Plaintiff filed four (4) sets of discovery and production requests, many of which asked David Sullivan to produce the same financial information. For example, on December 11, 2003, the Plaintiff asked David Sullivan to provide all information about all property transferred to him by his parents. He testified at deposition at least $600,000.00 of his mother's money went into his account in Bermuda. David Sullivan was clearly aware that his financial records would be needed.

The Defendant also knew that he would have to disclose information concerning his assets when he agreed to have an Order enter Ordering him not to sell, encumber, transfer or dispose of any of his assets in the Unites States and not dispose of for less than full or adequate consideration any asset situated outside of the United States. That Order was signed by Magistrate Judge Thomas P. Smith on March 7, 2003.

**D.**      <u>**The Items Requested in the Notice of Deposition are Similar to the Items David Sullivan was Ordered to Disclose on March 29, 2004**</u>

The additional items requested in David Sullivan's Renotice of Deposition dated December 9, 2004 are as follows:

> 17.      Statements for Account #1002-26017 9, Bank of Bermuda, HSBC, Front Street, Hamilton, Bermuda.
>
> 18.      Copies of bank statements for the past three (3) years for Bank Account (checking) 20 006 840 705780 100, Bank of N.T. Butterfield & Son Ltd, Front Street, Hamilton, Bermuda.
>
> 19.      Copies of all deeds, mortgages, encumbrances, appraisals, market analyses, tax bills and all other documents concerning property known as 6 Camden North Road, Paget, DV 03, Bermuda.
>
> 20.      Copies of all appraisals, valuations, receipts, etc. concerning furnishings held or located within 6 Camden North Road, Paget, DV 03, Bermuda.
>
> 21.      The original 1,833 common shares of Bank of N.T. Butterfield & Son Ltd, Front Street, Hamilton, Bermuda and copies of statements, records, documents, etc. concerning the ownership and value of the same.

22.    The original 4,800 common shares of Sun Control Limited, Parliament Street, Hamilton, Bermuda and copies of statements, records, documents, etc. concerning the ownership and value of the same.

23.    Copies of all deeds, mortgages, encumbrances, appraisals, market analyses, tax bills and any other documents concerning property known as 3501 Ocita Drive, Orlando, FL 32837, USA.

24.    Copies of the past three (3) years of statements for bank account (checking) #9870, Bank of America, Town Center Blvd., Orlando, FL 32837, USA.

25.    Copies of a Whole Life Policy of David J. Sullivan with BF & M Life Co., Ltd., Pitts Bay Road, Pembroke, Bermuda. Copies of all correspondence, notes, policy summaries and any other documents from the insurer to David Sullivan, including any copies of statements or documents setting forth the value of said policy, including the cash value, cash surrender value, death benefit, cost basis, premium payments, loan transactions, loan balance, ownership, parties insured, beneficiary designations;

26.    All other bank, financial, investment, loans, statements and documents.

27.    All documents of transfer of gifts.

On December 1, 2003 in conjunction with the Plaintiff's Motion for PJR, the Plaintiff

filed a Motion for Disclosure of Assets moving that David Sullivan be required to disclose all his

property, real or personal or mixed and also requiring David Sullivan to disclose any and all

books, financial statements, bank records, tax returns, savings accounts and documentation or

other records related to finances and/or related to his assets referred to above (including but not limited to his holdings in Bermuda and in the United States).

That motion was granted on March 29, 2004. Thereafter, the Defendant objected to disclosing that record at that time. On November 8, 2004, the Court overruled the Defendant's objection.

Despite that Order, the Defendant filed a woefully insufficient list of assets without providing any information concerning the value of the assets he was listing and without providing any of his financial information as he was so Ordered. On December 9, 2004, the Plaintiff moved for contempt for David Sullivan's failure to Disclose Assets as Ordered by the Court. Clearly, David Sullivan had knowledge at that time that the Plaintiff wanted the information requested in the Renotice of Deposition.

**E.    Production of Original Stock Certificates.**

With regard to the request to produce original stock certificates, David Sullivan should be required to produce original stock certificates for several reasons:

1.    David Sullivan has fabricated documents by forging both his mother's and father's name;

2.    David Sullivan claims he has purchased over $60,000.00 worth of Varian Stocks from his mother for cash and that there are no written records concerning the transaction.

3.     The Plaintiff would like to examine these stock certificates he claims to own to determine whether in fact they are owned by the Plaintiff herself and to determine whether the Defendant, David Sullivan, has in some way altered these documents which could very well have been owned by the Plaintiff, Jeanne M. Sullivan; and

4.     In addition, David Sullivan will be required to produce these stock certificates pursuant to the Order for PJR attachment which was entered by the Court on March 29, 2004 in the amount of $2,200,000.00.

## IV.     **CONCLUSION**

The Defendant, David Sullivan is playing a cat and mouse game with the Court, ignoring the Court's Orders and preventing the just, speedy and inexpensive determination of this action.

**WHEREFORE**, the Plaintiff objects to the Defendant's Motion for Protective Order Re: Document Request Related to Re-Notice of Deposition of December 9, 2004.

PLAINTIFF,
JEANNE M. SULLIVAN

BY _____
      Owen P. Eagan
      EAGAN & DONOHUE
      24 Arapahoe Road
      West Hartford, CT 06107
      Fed. Bar No. :  ct00716
      (860)232-7200 - Telephone
      (860)232-0214 – Facsimile
      Lawfirm5@Mindspring.com

## **CERTIFICATION**

This certified that a copy of the foregoing Memorandum of Law was mailed, postage prepaid this 30th day of December, 2004 to all counsel and pro se parties of record as follows:

William C. Franklin, Esq.
Cramer & Anderson
P.O. Box 278
46 West Street
Litchfield, CT 06759

Matthew Lefevre, Esq.
94 Church Street
Torrington, CT 06790

Owen P. Eagan

*X01.P25.Objection/st*

*Eagan & Donohue*

### ATTORNEYS AT LAW

OWEN P. EAGAN
THOMAS W. DONOHUE
MICHAELA J. ROSENBERGER
MARCO D'OCCHIO

THE GRISWOLD HOUSE
24 ARAPAHOE ROAD
WEST HARTFORD, CONNECTICUT 06107
(860) 232-7200
———
TELECOPIER (860) 232-0214

November 10, 2004

**VIA FAX (860) 567-4531 and FIRST CLASS MAIL**

William C. Franklin, Esq.
Cramer & Anderson
P.O. Box 278
46 West Street
Litchfield, CT 06759

**Re: <u>Jeanne M. Sullivan v. David J. Sullivan</u>**

Dear Bill:

In accordance with the Court's rulings dated November 8, 2004 against the Defendant, David Sullivan, please provide me with three dates upon which David Sullivan is available for deposition in Connecticut in November and early December, 2004.

Pursuant to the Court's Order, please also provide me with a complete and detailed disclosure of all of David Sullivan's assets so that the Plaintiff may properly attach those necessary to satisfy the Prejudgment Remedy.

Thank you.

Very truly yours,

Owen P. Eagan

OPE/st

c Matthew Lefevre, Esq.
*X01-L173.Franklin*

**EXHIBIT "A-1"**

*Eagan & Donohue*

ATTORNEYS AT LAW

OWEN P. EAGAN
THOMAS W. DONOHUE
MICHAELA J. ROSENBERGER
MARCO D'OCCHIO

THE GRISWOLD HOUSE
24 ARAPAHOE ROAD
WEST HARTFORD, CONNECTICUT 06107
(860) 232-7200

TELECOPIER (860) 232-0214

November 15, 2004

**Via Fax (860) 567-4531** and Regular Mail

William C. Franklin
Cramer & Anderson, LLP
46 West Street
P.O. Box 278
Litchfield, CT  06759-0278

**Re: Jeanne M. Sullivan v. David Sullivan, et al**

Dear Bill:

Thank you for your letter dated November 15, 2004 wherein you acknowledged receipt of my letter dated November 10, 2004.

I understand you have written Mr. Sullivan relative to deposition dates in November and December. However, I do not have confirmation that you wrote to Mr. Sullivan about disclosing all of his assets pursuant to the Court's order.

Please advise.

Very truly yours,

Owen P. Eagan

OPE:ddl
X01-L

**EXHIBIT "A-2"**



**Eagan & Donohue**

ATTORNEYS AT LAW

OWEN P. EAGAN
THOMAS W. DONOHUE
MICHAELA J. ROSENBERGER
MARCO D'OCCHIO

THE GRISWOLD HOUSE
24 ARAPAHOE ROAD
WEST HARTFORD, CONNECTICUT 06107
(860) 232-7200

TELECOPIER (860) 232-0214

November 17, 2004

**Via Fax (860) 567-4531**

William C. Franklin
Cramer & Anderson, LLP
46 West Street
P.O. Box 278
Litchfield, CT   06759-0278

**Re: Jeanne M. Sullivan v. David Sullivan, et al**

Dear Bill:

It would be easier for me to review David Sullivan's financial statement prior to the deposition.

Please have him comply with the Court's order.

Very truly yours,

Owen P. Eagan

OPE:ddl
*X01-L14*

**EXHIBIT "A-3"**



### Eagan & Donohue
**ATTORNEYS AT LAW**

OWEN P. EAGAN
THOMAS W. DONOHUE
MICHAELA J. ROSENBERGER
MARCO D'OCCHIO

THE GRISWOLD HOUSE
24 ARAPAHOE ROAD
WEST HARTFORD, CONNECTICUT 06107
(860) 232-7200

TELECOPIER (860) 232-0214

November 29, 2004

**Via Fax (860) 567-4531**

William C. Franklin
Cramer & Anderson, LLP
46 West Street
P.O. Box 278
Litchfield, CT   06759-0278

**Re: Jeanne M. Sullivan v. David Sullivan, et al**

Dear Bill:

We have been waiting for Mr. Sullivan's Disclosure of Assets pursuant to the Federal Court Order and we have not received a response.  If we do not have a disclosure by the end of this week, we will be forced to file a Motion for Contempt and a Motion for Default.

We also have been waiting for deposition dates for Mr. Sullivan.  Unless we hear from you by the end of this week regarding these dates, we will be forced to file a Motion for Default.

Thank you.

Very truly yours,

*Owen P. Eagan*

Owen P. Eagan

OPE:ddl
*X01-L44*
*c. Matthew Lefevre*

**EXHIBIT "A-4"**

# CRAMER & ANDERSON LLP

LAW OFFICES

46 WEST STREET

P.O. BOX 278

LITCHFIELD, CT 06759-0278

(860) 567-8717

FAX (860) 567-4531

68 NORTH STREET
DANBURY, CT 06810

KENT GREEN
KENT, CT 06757

51 MAIN STREET
NEW MILFORD, CT 06776

2 GREEN HILL ROAD
WASHINGTON DEPOT, CT 06794

William C. Franklin

November 16, 2004

Owen P. Eagan, Esq.
Egan & Donohue
24 Arapahoe Road
West Hartford, CT 06107

**Re:  Jeanne M. Sullivan v. David Sullivan, et al**

Dear Owen:

Receipt is hereby acknowledged of your letter of November 15, 2004.  My thought was that if the deposition of Mr. Sullivan occurs in Hartford within the next few weeks, you could question him at length relative to the location and value of his assets in the context of that proceeding.  I thought such an approach might make more sense than for Mr. Sullivan to write out information you could readily obtain from him were you to question him in that regard.  Please advise.

Very truly yours,

William C. Franklin
WCF/dob

cc: David Sullivan

**EXHIBIT "B"**



**Eagan & Donohue**

ATTORNEYS AT LAW

OWEN P. EAGAN
THOMAS W. DONOHUE
MICHAELA J. ROSENBERGER
MARCO D'OCCHIO

THE GRISWOLD HOUSE
24 ARAPAHOE ROAD
WEST HARTFORD, CONNECTICUT 06107
(860) 232-7200
———
TELECOPIER (860) 232-0214

November 17, 2004

**Via Fax (860) 567-4531**

William C. Franklin
Cramer & Anderson, LLP
46 West Street
P.O. Box 278
Litchfield, CT  06759-0278

**Re: Jeanne M. Sullivan v. David Sullivan, et al**

Dear Bill:

It would be easier for me to review David Sullivan's financial statement prior to the deposition.

Please have him comply with the Court's order.

Very truly yours,

Owen P. Eagan

OPE:ddl
*X01-L14*

**EXHIBIT "C"**

# CRAMER & ANDERSON LLP

LAW OFFICES

46 WEST STREET
P.O. BOX 278
LITCHFIELD, CT 06759-0278

(860) 567-8717
FAX (860) 567-4531

68 NORTH STREET
DANBURY, CT 06810

KENT GREEN
KENT, CT 06757

51 MAIN STREET
NEW MILFORD, CT 06776

2 GREEN HILL ROAD
WASHINGTON DEPOT, CT 06794

William C. Franklin

December 3, 2004

SENT VIA MAIL & FACSIMILE: 860-232-0214

Owen P. Eagan, Esq.
Egan & Donohue
24 Arapahoe Road
West Hartford, CT 06107

**Re:  Jeanne M. Sullivan v. David Sullivan, et al**

Dear Owen:

In accordance with your recent requests, I submit herewith a list of assets produced by Mr. Sullivan, which list indicates the asset by name and identifying characteristic, the record title owner of each asset, the location of each asset, and Mr. Sullivan's percent ownership of each asset.

Relative to deposition dates, both Mr. Sullivan and I are available for Mr. Sullivan to be deposed in Hartford, Connecticut on December 13, 14, 20, 23, 28, 29, or 30.

In actuality, those dates between Christmas and New Year's would be optimum for Mr. Sullivan, as his business is closed at that time.

With dates filling up quickly on unrelated matters, would you please let me know your preference for Mr. Sullivan's deposition at your earliest convenience.  If all of those dates are unacceptable, please let me know.  My schedule is relatively open in January, and I believe I could provide additional dates in that month when both Mr. Sullivan and I could attend a deposition at your convenience.

Very truly yours,

William C. Franklin
WCF/dob

cc: David Sullivan

**EXHIBIT "D"**

# David J. Sullivan, Esq., JP

## List of Assets

| TYPE | TITLE | LOCATION | % OF OWNERSHIP |
|---|---|---|---|
| Bank Account (checking) #1002-26017 9 | David J. & or Janice M. Sullivan | Bank of Bermuda, HSBC Front Street, Hamilton, Bermuda | 50% |
| Bank Account (checking) 20 006 840 705780 100 | David J. & or Janice M. Sullivan | Bank of N.T. Butterfield & Son Ltd Front Street, Hamilton, Bermuda | 50% |
| House & Property | David J. & Janice M., Kelly, Claire & Maureen Sullivan | 6 Camden North Road Paget, DV 03, Bermuda | 20% |
| Furnishings | David J. & Janice M. Sullivan | 6 Camden North Road Paget, DV 03, Bermuda | 50% |
| Shares-common 1,833 | David J. & Janice M. Sullivan | Bank of N.T. Butterfield & Son Ltd Front Street, Hamilton, Bermuda | 50% |
| Shares 4,800 common | David J. Sullivan | Sun Control Limited Parliament Street, Hamilton, Bermuda | 100% |
| House & Property | David J. & Janice M. Sullivan | 3501 Ocita Drive Orlando, FL 32837, USA | 50% |
| Bank Account (checking) #9870 | David J. & or Janice M. Sullivan | Bank of America Town Center Blvd. Orlando, FL 32837, USA | 50% |
| Whole Life Policy | David J. Sullivan | BF & M Life Co., Ltd. Pitts Bay Road, Pembroke, Bermuda | 100% |

# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

JEANNE M. SULLIVAN,             :    CIVIL ACTION NO.:
                PLAINTIFF    :      NO.: 302CV916(CFD)
                                :

VS.                                  :
                                  :

DAVID J. SULLIVAN,             :
                DEFENDANT    :    DECEMBER 9, 2004

## RE-NOTICE OF DEPOSITION

**PLEASE TAKE NOTICE THAT** the pursuant to Rule 30 of the Federal Rules of Civil Procedure, the Plaintiff in the above-captioned action, **JEANNE M. SULLIVAN,** will take the deposition of **DAVID J. SULLIVAN,**  before Niziankiewicz and Miller Court Reporting, or any person authorized to take depositions in the State of Connecticut, on **MONDAY, DECEMBER 20, 2004 at 10:00 A.M.,** or such other day to which the proceedings may be continued until completed, at the **UNITED STATES DISTRICT COURT, 450 MAIN STREET, ROOM 648, HARTFORD, CONNECTICUT.**

The deposition is being taken for the purposes of discovery, for use at trial, or for such other purposes as are permitted under the Rules of Court, including the applicable Federal Rules of Civil Procedure.  The Defendant, David J. Sullivan, is requested to bring to this deposition any and all written material or tangible items of any kind referred to, prepared by and/or in the possession of the deponent, which relate to the above referenced matter, including but not limited to the following:

**EXHIBIT "E"**

1.  On May 30, 2002, he testified under oath to the Probate Court he removed boxes of records from his mother, Jeanne M. Sullivan's house in Sharon, Connecticut. Please provide copies of all those documents;

2.  Copies of his U.S. and other tax returns for the years 1990 to the present;

3.  Copies of any financial statements prepared by him or for him for the past ten (10) years;

4.  Copies of all the bank and financial records, he held and/or maintained for his mother, Jeanne M. Sullivan, and for his father, James Sullivan;

5.  Copies of any and all stocks, bonds, deeds, etc. he is holding, concerning property which are or have been owned by his mother, Jeanne M. Sullivan, and/or by his father, James Sullivan, or which David J. Sullivan claims were distributed, conveyed and/or transferred by Jeanne M. Sullivan and/or James Sullivan to him over the past fourteen (14) years;

6.  Copies of any and all correspondence, memoranda and other writings between David J. Sullivan and Attorney Lincoln Cornell over the past fourteen (14) years;

7.  Copies of any and all correspondence, memoranda and other writings between David J. Sullivan and Catherine Beers over the past fourteen (14) years;

8.  Copies of any and all correspondence, memoranda and other writings between David J. Sullivan and his mother and/or his father over the past fourteen (14) years;

9.  Copies of any and all correspondence, memoranda and other writings he had with his brother, James J. Sullivan, or any other sibling concerning his mother, his father and /or his mother's and/or father's assets, and/or financial affairs over the past fourteen (14) years;

10. Copies of any and all correspondence, memoranda or other writings he has had with any banks or financial institutions including but not limited to those in the United States, Bermuda and elsewhere concerning his mother and/or his father, and/or his mother's or father's assets and/or financial affairs;

11. Copies of any and all records, statements, instruments, memos, notes, certificates, passbooks, writings, printouts, etc., he has with regard to any of his mother's and/or father's assets, and/or financial affairs of any type or nature whatsoever;

12. Copies of all statements, printouts, correspondence, checks and other documents, instruments, memoranda and/or writings concerning any accounts of Jeanne Sullivan, James Sullivan and/or David Sullivan with Brown Brothers Harriman and/or any and all agents, employees, officers and/or representatives thereof;

13. Copies of all statements, printouts, correspondence, checks and other documents, instruments, memoranda and/or writings concerning any accounts of Jeanne Sullivan, James Sullivan and/or David Sullivan with The N.T. Bank of Butterfield & Son Limited and/or any and all agents, employees, officers and/or representatives thereof, including but not limited to Account #'s: 20 006 840 705780 100; 006 840 217752 100; and/or 006 840 705 700 100;

14. Copies of all statements, printouts, correspondence, checks and other documents, instruments, memoranda and/or writings concerning any accounts of Jeanne Sullivan, James Sullivan and/or David Sullivan with National Iron Bank and/or any and all agents, employees, officers and/or representatives thereof;

15. Copies of all correspondence, documents, instruments, memoranda and/or other writings between David J. Sullivan and Jacob (a/k/a Jack) Wasserman, Corner Realty, 30/7, Inc., Riveranda Associates, 352 Seventh Avenue Associates, W.G.A.S. Associates, Turnpike Associates, 35C Corp., and/or any other investment enterprises in which Jeanne Sullivan and/or James Sullivan had any ownership interest and/or involvement between 1988 and the present.

16. Copies of all stock certificates, share certificates and/or any other instruments, documents, correspondence, memoranda and/or other writings relating to investments of Jeanne Sullivan and/or James Sullivan in Varian, Tootsie Roll, Envirosource, Cadbury Schweppes, Herley, Veeco, N.E.O.A. 4, Novatronics, Pickering Controls and/or any other Companies in which Jeanne Sullivan and/or James Sullivan had any ownership interest and/or involvement between 1988 and the present.

17. Statements for Account #1002-26017 9, Bank of Bermuda, HSBC, Front Street, Hamilton, Bermuda.

18. Copies of bank statements for the past three (3) years for Bank Account (checking) 20 006 840 705780 100, Bank of N.T. Butterfield & Son Ltd, Front Street, Hamilton, Bermuda.

19. Copies of all deeds, mortgages, encumbrances, appraisals, market analyses, tax bills and all other documents concerning property known as 6 Camden North Road, Paget, DV 03, Bermuda;

20. Copies of all appraisals, valuations, receipts, etc. concerning furnishings held or located within 6 Camden North Road, Paget, DV 03, Bermuda.

21. The original 1,833 common shares of Bank of N.T. Butterfield & Son Ltd, Front Street, Hamilton, Bermuda and copies of statements, records, documents, etc. concerning the ownership and value of the same;

22. The original 4,800 common shares of Sun Control Limited, Parliament Street, Hamilton, Bermuda and copies of statements, records, documents, etc. concerning the ownership and value of the same;

23. Copies of all deeds, mortgages, encumbrances, appraisals, market analyses, tax bills and any other documents concerning property known as 3501 Ocita Drive, Orlando, FL 32837, USA;

24. Copies of the past three (3) years of statements for bank account (checking) #9870, Bank of America, Town Center Blvd., Orlando, FL 32837, USA.

25. Copies of a Whole Life Policy of David J. Sullivan with BF & M Life Co., Ltd., Pitts Bay Road, Pembroke, Bermuda. Copies of all correspondence, notes, policy summaries and any other documents from the insurer to David Sullivan, including any copies of statements or documents setting forth the value of said policy, including the cash value, cash surrender value, death benefit, cost basis, premium payments, loan transactions, loan balance, ownership, parties insured, beneficiary designations;

26. All other bank, financial, investment, loans, statements and documents;

27. All documents of transfer of gifts.

PLAINTIFF,
JEANNE M. SULLIVAN

By_____
    Owen P. Eagan
    EAGAN & DONOHUE
    24 Arapahoe Road
    West Hartford, CT  06107
    Fed. Bar No.: ct00716
    (860)232-7200 - Telephone
    (860)232-0214 - Facsimile
    Lawfirm5@Mindspring.com

## **CERTIFICATION**

This is to certify that the foregoing was send First Class Mail postage prepaid and Facsimile, on this 8th day of December, 2004 to the following:

William C. Franklin, Esq. (Facsimile: (860)567-4531)
Cramer & Anderson, LLP
P.O. Box 278
46 West Street
Litchfield, CT   06759

_____
Owen P. Eagan

*X01-D01.DavidJ.Sulivan.05/st*