FILED

2005 JAN -3 A 10: 54

U.S. DISTRICT COURT
HARTFORD, CT.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

---

JEANNE M. SULLIVAN,
        Plaintiff,

against

DAVID J. SULLIVAN,
        Defendant

Case No. 302 CV 916 (CFD)

December 30, 2004

---

## OBJECTION TO MOTION FOR CONTEMPT AND SANCTIONS

The defendant, David J. Sullivan, hereby objects to the plaintiff, Jeanne M. Sullivan's Motion for Contempt and Sanctions of December 9, 2004 and in support of this objection states as follows:

FACTS:

On or about December 1, 2003, the plaintiff, Jeanne M. Sullivan, filed a Motion for Disclosure of Assets. The sole authority cited for the Motion was Connecticut General Statute §52-278n, which provides as to the scope of disclosure as follows:

> The court may on motion of a party order an appearing defendant to disclose property in which he has an interest or debts owing to him sufficient to satisfy a prejudgment remedy. The existence, location and extent of the defendant's interest in such property or debts shall be subject to disclosure. The form and terms of disclosure shall be determined by the court. (Motion for Contempt – Ex. A)

Ultimately, the Court overruled the defendant's objections to the Motion for Disclosure of Assets and ordered compliance with the Motion on November 8, 2004.

As a result of the Court's Order of November 8, 2004, counsel for the plaintiff wrote counsel for the defendant November 10, 2004 and sought, "a complete and detailed disclosure of all of David Sullivan's assets so the plaintiff may properly attach those necessary to satisfy the prejudgment remedy." The plaintiff also in accordance with an Order issued November 8, 2004 requested deposition dates for the defendant who was ordered to travel at his expense from Bermuda to Hartford, Connecticut for the purpose of being deposed (Motion for Contempt – Ex. B1).

Plaintiff's counsel's letter was received November 15, 2004. In response, counsel for the defendant wrote counsel for the plaintiff November 16, 2004 and suggested counsel for the plaintiff question the defendant, David Sullivan, relative to his assets at the deposition to be scheduled shortly after that communication (Ex. A).

By letter dated November 17, 2004, counsel for the plaintiff rejected counsel for the defendant's suggestion and stated it would be easier for him to review David Sullivan's "financial statement" prior to the deposition (Motion for Contempt – Ex. B3).

Finally, by letter dated November 29, 2004, counsel for the plaintiff demanded counsel for the defendant provide deposition dates and Mr. Sullivan's disclosure of assets within one week or face a Motion for Contempt and/or Motion for Default (Motion for Contempt – Ex. B4).

By letter dated December 3, 2004, counsel for the defendant provided counsel for the plaintiff the requested deposition dates (Ex. B). In addition, counsel for the defendant provided counsel for the plaintiff with such letter, a list of assets prepared and produced by David J. Sullivan (Motion for Contempt – Ex. C). That disclosure of assets was twice supplemented by counsel for the defendant. Specifically, by letter dated December 16, 2004, counsel for the defendant wrote counsel for the plaintiff and provided additional information regarding additional assets (Ex. C). In addition, by letter dated December 17, 2004, counsel for the defendant provided counsel for the plaintiff both a letter and a summary prepared by David Sullivan relative to further clarification of his assets (Ex. D, E).

In the meantime, plaintiff's counsel selected December 20, 2004 from the proposed deposition dates as the date of deposition for David Sullivan. By pleading dated December 9, 2004, plaintiff's counsel served a Renotice of Deposition received by counsel for the defendant only ten days before the scheduled deposition date (Ex. F). That Renotice of Deposition sought in

3

paragraph 17 through 27, all of the same information sought by way of records in the original Motion for Disclosure of Assets (Motion for Contempt - Ex. A).

The defendant, David Sullivan, appeared for deposition December 20, 2004, at his expense, in Hartford, Connecticut and was there questioned by plaintiff's counsel for six and one-half hours. Numerous questions were interposed to David Sullivan relative to the value of his assets, location of his assets and how he came to acquire such assets. David Sullivan answered each and every question posed to him relative to his assets.

In addition, notwithstanding the late filing of the Renotice of Deposition, David Sullivan brought with him to his deposition such documents as he had in his possession that pertain to Request Nos. 17 through 27, which dealt with the assets he had disclosed just prior to his deposition. Furthermore, David Sullivan voluntarily agreed to return to Hartford, Connecticut at his expense in mid-January to continue to be questioned for up to seven hours so as to conclude his deposition. Obviously, there are no limitations on the questions that can be asked relative to his assets at that proceeding.

Finally, plaintiff did, by pleading filed December 27, 2004, file a Motion for Ancillary Orders in Conjunction with Prejudgment Remedy in which the plaintiff requested that the defendant deliver to Hartford, Connecticut, various assets disclosed in his disclosure of assets (Ex. G). Obviously, the plaintiff, in drafting

4

the Motion for Ancillary Orders in Conjunction with Prejudgment Remedy, had no difficulty ascertaining the assets in which the defendant holds an ownership interest, or their location.

ARGUMENT:

The Motion for Contempt and Sanctions appears to be in the nature of a motion for civil contempt. Although the plaintiff argues in her Motion for Contempt that what David Sullivan has disclosed is wholly insufficient, the plaintiff gives no specifics as to the basis of that claim. In actuality, the defendant has disclosed the name, the address, and his ownership interest in every asset, real or personal, in which he has an ownership interest. He can do no more. Although plaintiff suggests that David Sullivan has failed to disclose books, financial statements, bank records, tax returns, savings accounts and documents and other records related to his finances and/or related to the assets, any such suggestion is false.

Per order of this Court, David Sullivan provided an authorization by which plaintiff's counsel could review his bank records. In fact, plaintiff's counsel continued David Sullivan's deposition some six months to obtain those bank records. David Sullivan has not disclosed tax returns because he is not required to file tax returns. He is a citizen of Bermuda, which does not have an income tax. As David Sullivan testified at his deposition, he is not in possession of any

financial statements; and he has disclosed bank records, and other financial records that he has retained.

The fact of the matter is that David Sullivan has complied with the Court's Order relative to disclosure of assets to a degree that is broader than that required by the statute on which the Motion for Disclosure of Assets was predicated.[1]

Civil contempt is remedial in nature and serves dual purposes. Courts use civil contempt both to coerce compliance with an order of the court and also to compensate the losses or damages sustained by reason of the noncompliance. Fax Express Inc. v. Joseph Holt, et al., 708 F. Supp. 649, 651 (E.D. Pa. 1988).

To establish civil contempt, the plaintiff must prove the following elements by clear and convincing evidence.

    a) That a valid order of the court existed.

    b) That the defendants had knowledge of the order.

    c) That the defendants disobeyed the order. Id. at 651.

---

[1] Plaintiff's counsel included a gratuitous and outrageous accusation at the top of page 3 of the Motion for Contempt when plaintiff's counsel suggested that David Sullivan had prejudiced his mother and had, as a goal, her demise. David Sullivan has maintained a close and loving relationship with his mother for decades. Plaintiff's counsel's suggestion to the contrary is both untrue and inappropriate within the context of the Motion for Contempt. The fact of the matter is that David Sullivan wishes both for the love and affection of his mother and for the merits of his case that she would regain her health and competency. If she did so, David Sullivan is confident she would immediately discharge her conservator, discharge the legal counsel selected by her conservator, and withdraw this action against her son. Despite rhetoric by plaintiff's counsel that plaintiff's counsel is representing the interests of Jeanne Sullivan, he is in fact representing, at incredible expense to Jeanne Sullivan, the interests of a court-appointed conservator who has never spoken to Jeanne Sullivan relative to the transactions that are the subject of this action.

At the outset, a finding of civil contempt should not issue, absent an evidentiary hearing. If the Court believes, based on the papers submitted, that an evidentiary hearing is warranted, then an evidentiary hearing should be scheduled before a finding of civil contempt issues. Only by holding a hearing on the Motion for Civil Contempt, can the plaintiff satisfy the burden she is required to satisfy of clear and convincing evidence.

The fact of the matter is the defendant was ordered to disclose his assets. As the attached documents indicate, he has clearly done so. Furthermore, he has, in accordance with the plaintiff's request, produced such documentation as he has relative to those assets. He can do no more. In light of the absence of even probable cause that the defendant is in contempt of court, this Motion should be summarily denied.

Interestingly, the plaintiff seeks by sanctions in the Motion for Contempt, no sanction that is relative to the civil contempt. Instead, the plaintiff seeks an award of attorney's fees in the sum of $2,500.00, the entry of a default against the defendant, David Sullivan, or an expedited trial in the matter. None of these sanctions are appropriate.

As indicated earlier, civil contempt is remedial in nature and serves dual purposes. That is to coerce compliance with an order of the Court and to compensate the losses or damages sustained by reason of the noncompliance.

Fax Express Inc., supra at 651. A prominent, if not essential reason for the measure of civil contempt is to give courts a tool for forcing obedience to their orders. Jones v. Lincoln Electric Co., 990 F. Supp. 1093, 1095 (N.D. Ind. 1997).

The plaintiff does not even claim to have suffered any damages as a result of the defendant's alleged failure to comply to with the Court's Order relative to disclosure of assets. The plaintiff has the continued right to question the defendant relative to his assets and to obtain any information necessary to attach such assets pursuant to the plaintiff's prejudgment remedy order. In fact, the plaintiff, by filing her Motion for Ancillary Orders in Conjunction with Prejudgment Remedy, is attempting to pursue that remedy. In the absence of any harm in the defendant's alleged failure to comply with the Motion for Disclosure of Assets, a finding of civil contempt is improper.

With regard to the claim for attorney's fees, the rule in the Second Circuit appears to be that prosecution of a civil contempt can result in an award of attorney's fees only where there is a willful violation of a court order. Vuitton v. Carousel Handbag, et al., 592 F. 2d 126,130-131 (2nd Circuit 1979). As the defendant did not violate the Court's Order in this particular case, he certainly did not wilfully violate it.

With regard to the remaining sanctions sought, that is, the entry of a default against the defendant or an expedited trial in this matter;. suffice it to say,

the plaintiff cites no authority for these requested sanctions. Nor is there authority for these requested sanctions within the context of a civil contempt. The fact of the matter is that the continuation of David Sullivan's deposition is scheduled for mid January and depositions of the plaintiff's conservator and additional fact witnesses will be scheduled shortly thereafter. This case is neither ready for trial in January or February as requested by the plaintiff nor scheduled for trial at that time.

For all of the foregoing reasons, the Motion for Contempt and Sanctions should be summarily denied. If the Court is going to entertain the Motion for Contempt and Sanctions, an evidentiary hearing should be scheduled to see if the plaintiff can sustain its burden of establishing by clear and convincing proof that the defendant committed civil contempt.

THE DEFENDANT
DAVID J. SULLIVAN

BY _____
William C. Franklin
Fed. Bar No. ct07187
For Cramer & Anderson, LLP
P.O. Box 278
46 West Street
Litchfield, CT 06759
Tel No. (860) 567-8718
Fax No. (860) 567-4531
wfranklin@cramer-anderson.com

## **CERTIFICATION**

I hereby certify that a copy of the foregoing was mailed via first class mail, postage pre-paid to all counsel and pro se parties of record on December 30, 2004

Owen P. Eagan, Esq.
Egan & Donohue
24 Arapahoe Road
West Hartford, CT 06107

_____
William C. Franklin,
Fed. Bar No. ct 07187