# CRAMER & ANDERSON LLP

LAW OFFICES

46 WEST STREET
P.O. BOX 278
LITCHFIELD, CT 06759-0278

———

(860) 567-8717
FAX (860) 567-4531

68 NORTH STREET
DANBURY, CT 06810

———

KENT GREEN
KENT, CT 06757

———

51 MAIN STREET
NEW MILFORD, CT 06776

———

2 GREEN HILL ROAD
WASHINGTON DEPOT, CT 06794

William C. Franklin

November 16, 2004

Owen P. Eagan, Esq.
Egan & Donohue
24 Arapahoe Road
West Hartford, CT 06107

**Re: Jeanne M. Sullivan v. David Sullivan, et al**

Dear Owen:

Receipt is hereby acknowledged of your letter of November 15, 2004. My thought was that if the deposition of Mr. Sullivan occurs in Hartford within the next few weeks, you could question him at length relative to the location and value of his assets in the context of that proceeding. I thought such an approach might make more sense than for Mr. Sullivan to write out information you could readily obtain from him were you to question him in that regard. Please advise.

Very truly yours,

William C. Franklin
WCF/dob

cc: David Sullivan

EXHIBIT A

# CRAMER & ANDERSON LLP

LAW OFFICES

46 WEST STREET

P.O. BOX 278

LITCHFIELD, CT 06759-0278

(860) 567-8717

FAX (860) 567-4531

68 NORTH STREET
DANBURY, CT 06810

KENT GREEN
KENT, CT 06757

51 MAIN STREET
NEW MILFORD, CT 06776

2 GREEN HILL ROAD
WASHINGTON DEPOT, CT 06794

William C. Franklin

December 3, 2004

SENT VIA MAIL & FACSIMILE: 860-232-0214

Owen P. Eagan, Esq.
Egan & Donohue
24 Arapahoe Road
West Hartford, CT 06107

**Re:  Jeanne M. Sullivan v. David Sullivan, et al**

Dear Owen:

In accordance with your recent requests, I submit herewith a list of assets produced by Mr. Sullivan, which list indicates the asset by name and identifying characteristic, the record title owner of each asset, the location of each asset, and Mr. Sullivan's percent ownership of each asset.

Relative to deposition dates, both Mr. Sullivan and I are available for Mr. Sullivan to be deposed in Hartford, Connecticut on December 13, 14, 20, 23, 28, 29, or 30.

In actuality, those dates between Christmas and New Year's would be optimum for Mr. Sullivan, as his business is closed at that time.

With dates filling up quickly on unrelated matters, would you please let me know your preference for Mr. Sullivan's deposition at your earliest convenience.  If all of those dates are unacceptable, please let me know.  My schedule is relatively open in January, and I believe I could provide additional dates in that month when both Mr. Sullivan and I could attend a deposition at your convenience.

Very truly yours,

William C. Franklin
WCF/dob

cc: David Sullivan

EXHIBIT B

# CRAMER & ANDERSON LLP

LAW OFFICES

46 WEST STREET
P.O. BOX 278
LITCHFIELD, CT 06759-0278

(860) 567-8717
FAX (860) 567-4531

68 NORTH STREET
DANBURY, CT 06810

KENT GREEN
KENT, CT 06757

51 MAIN STREET
NEW MILFORD, CT 06776

2 GREEN HILL ROAD
WASHINGTON DEPOT, CT 06794

William C. Franklin

December 16, 2004

SENT VIA MAIL & FACSIMILE: 860-232-0214

Owen P. Eagan, Esq.
Egan & Donohue
24 Arapahoe Road
West Hartford, CT 06107

**Re:  Jeanne M. Sullivan v. David Sullivan, et al**

Dear Owen:

On December 13, 2004 David Sullivan telephoned me to indicate that a further review of his records identified two additional assets about which he had forgotten at the time he submitted his original list to you.  Those additional assets are as follows.

First, David J. and Janice M. Sullivan each have a 50% interest in Unit #14 at Vistana Resorts, State Road 535, Lake Buena Vista, Florida.  Please note, however, that their ownership is in the nature of a timeshare.  They only own this particular piece of real estate for one week per year, namely, week 6.

Second, David J. Sullivan wholly owns an interest in Unit #48 at Vistana Resorts, State Road 535, Lake Buena Vista, Florida.  Again, however, Mr. Sullivan's ownership interest in this unit is limited to one week per year, namely, week 24.

In anticipation that you would seek documentation relative to these units, Mr. Sullivan will bring such documents as are available to him in Bermuda to identify more fully his interest in these two particular assets.

Very truly yours,

William C. Franklin
WCF/dob

EXHIBIT C

# CRAMER & ANDERSON LLP

LAW OFFICES

46 WEST STREET

P.O. BOX 278

LITCHFIELD, CT 06759-0278

———

(860) 567-8717
FAX (860) 567-4531

William C. Franklin

68 NORTH STREET
DANBURY, CT 06810

KENT GREEN
KENT, CT 06757

51 MAIN STREET
NEW MILFORD, CT 06776

2 GREEN HILL ROAD
WASHINGTON DEPOT, CT 06794

December 17, 2004

SENT VIA MAIL & FACSIMILE: 860-232-0214

Owen P. Eagan, Esq.
Egan & Donohue
24 Arapahoe Road
West Hartford, CT 06107

Re:  Jeanne M. Sullivan v. David Sullivan, et al

Dear Owen:

In meeting with Mr. Sullivan in preparation for his deposition, additional facts have come to light that slightly alter the disclosure of assets previously provided.

With regard to the parcel of real property at 6 Camden North Road, Paget, Bermuda.  Mr. Sullivan has reviewed his records and discovered that his ownership interest in that property is 50% not 20% as previously disclosed.  He owns a one-half interest in that property with his wife, Janice Sullivan.

In addition, enclosed please find a statement pertinent to the residence and timeshare properties that were the subject of my prior letter.

Mr. Sullivan also wishes to correct the number of shares he wholly owns in Sun Control Ltd. of Hamilton, Bermuda.  Mr. Sullivan in fact owns 6,120 shares in his own name.

With foregoing corrections, and the additional information previously provided relative to interests in real property Mr. Sullivan has at Vistana Resort, I believe the list of assets previously disclosed is accurate.

Very truly yours,

William C. Franklin
WCF/dob
Enc.

EXHIBIT D, E

# David J. Sullivan, Esq., JP

P.O. Box HM 2072
Hamilton, HMHX, Bermuda

Fax: (441) 246-0627
email: sully@myhome.bm

## STATEMENT CONCERNING ASSETS OF DAVID J. SULLIVAN

- **Sheraton Vistana Resorts, SR 535 Lake Buena Vista, Fl., 32830**

The ownership of unit 0014 week 6 is in the name of David J. Sullivan and Janice M. Sullivan

The ownership of unit 0048 week 24 is in the name of David J. Sullivan, a married man…

Further information can be obtained from Vistana via Veronica Martinez, (407) 843-4600

- **'Salem House', 6 Camden North Road, Paget  DV 03, Bermuda**

The home was purchased in early 2002 by David J. & Janice M. Sullivan from the Gault / Browne Trust. By way of estate planning it was intended that subsequent to the Sullivan's youngest daughter obtaining the age of majority (May 1, 2003) a voluntary conveyance was to occur so as to have David, Janice and their three respective daughters as equal owners. It did not occur therefore the ownership of the home is still in the name of the original purchasers i.e. David J. Sullivan & Janice M. Sullivan equally.

Submitted,

David J. Sullivan
December 20, 2004

# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

JEANNE M. SULLIVAN,       : CIVIL ACTION NO.:
      PLAINTIFF     :  NO.: 302CV916(CFD)

              :

VS.               :

              :

DAVID J. SULLIVAN,       :

      DEFENDANT    : DECEMBER 9, 2004

## <u>RE-NOTICE OF DEPOSITION</u>

**PLEASE TAKE NOTICE THAT** the pursuant to Rule 30 of the Federal Rules of Civil

Procedure, the Plaintiff in the above-captioned action, **JEANNE M. SULLIVAN**, will take the

deposition of **DAVID J. SULLIVAN,** before Niziankiewicz and Miller Court Reporting, or any

person authorized to take depositions in the State of Connecticut, on **MONDAY, DECEMBER 20,**

**2004 at 10:00 A.M.,** or such other day to which the proceedings may be continued until completed,

at the **UNITED STATES DISTRICT COURT, 450 MAIN STREET, ROOM 648, HARTFORD,**

**CONNECTICUT.**

  The deposition is being taken for the purposes of discovery, for use at trial, or for such other

purposes as are permitted under the Rules of Court, including the applicable Federal Rules of Civil

Procedure. The Defendant, David J. Sullivan, is requested to bring to this deposition any and all

written material or tangible items of any kind referred to, prepared by and/or in the possession of the

deponent, which relate to the above referenced matter, including but not limited to the following:

EXHIBIT F

1. On May 30, 2002, he testified under oath to the Probate Court he removed boxes of records from his mother, Jeanne M. Sullivan's house in Sharon, Connecticut. Please provide copies of all those documents;

2. Copies of his U.S. and other tax returns for the years 1990 to the present;

3. Copies of any financial statements prepared by him or for him for the past ten (10) years;

4. Copies of all the bank and financial records, he held and/or maintained for his mother, Jeanne M. Sullivan, and for his father, James Sullivan;

5. Copies of any and all stocks, bonds, deeds, etc. he is holding, concerning property which are or have been owned by his mother, Jeanne M. Sullivan, and/or by his father, James Sullivan, or which David J. Sullivan claims were distributed, conveyed and/or transferred by Jeanne M. Sullivan and/or James Sullivan to him over the past fourteen (14) years;

6. Copies of any and all correspondence, memoranda and other writings between David J. Sullivan and Attorney Lincoln Cornell over the past fourteen (14) years;

7. Copies of any and all correspondence, memoranda and other writings between David J. Sullivan and Catherine Beers over the past fourteen (14) years;

8. Copies of any and all correspondence, memoranda and other writings between David J. Sullivan and his mother and/or his father over the past fourteen (14) years;

9. Copies of any and all correspondence, memoranda and other writings he had with his brother, James J. Sullivan, or any other sibling concerning his mother, his father and /or his mother's and/or father's assets, and/or financial affairs over the past fourteen (14) years;

10. Copies of any and all correspondence, memoranda or other writings he has had with any banks or financial institutions including but not limited to those in the United States, Bermuda and elsewhere concerning his mother and/or his father, and/or his mother's or father's assets and/or financial affairs;

11. Copies of any and all records, statements, instruments, memos, notes, certificates, passbooks, writings, printouts, etc., he has with regard to any of his mother's and/or father's assets, and/or financial affairs of any type or nature whatsoever;

12. Copies of all statements, printouts, correspondence, checks and other documents, instruments, memoranda and/or writings concerning any accounts of Jeanne Sullivan, James Sullivan and/or David Sullivan with Brown Brothers Harriman and/or any and all agents, employees, officers and/or representatives thereof;

13. Copies of all statements, printouts, correspondence, checks and other documents, instruments, memoranda and/or writings concerning any accounts of Jeanne Sullivan, James Sullivan and/or David Sullivan with The N.T. Bank of Butterfield & Son Limited and/or any and all agents, employees, officers and/or representatives thereof, including but not limited to Account #'s: 20 006 840 705780 100; 006 840 217752 100; and/or 006 840 705 700 100;

14. Copies of all statements, printouts, correspondence, checks and other documents, instruments, memoranda and/or writings concerning any accounts of Jeanne Sullivan, James Sullivan and/or David Sullivan with National Iron Bank and/or any and all agents, employees, officers and/or representatives thereof;

15. Copies of all correspondence, documents, instruments, memoranda and/or other writings between David J. Sullivan and Jacob (a/k/a Jack) Wasserman, Corner Realty, 30/7, Inc., Riveranda Associates, 352 Seventh Avenue Associates, W.G.A.S. Associates, Turnpike Associates, 35C Corp., and/or any other investment enterprises in which Jeanne Sullivan and/or James Sullivan had any ownership interest and/or involvement between 1988 and the present.

16. Copies of all stock certificates, share certificates and/or any other instruments, documents, correspondence, memoranda and/or other writings relating to investments of Jeanne Sullivan and/or James Sullivan in Varian, Tootsie Roll, Envirosource, Cadbury Schweppes, Herley, Veeco, N.E.O.A. 4, Novatronics, Pickering Controls and/or any other Companies in which Jeanne Sullivan and/or James Sullivan had any ownership interest and/or involvement between 1988 and the present.

17. Statements for Account #1002-26017 9, Bank of Bermuda, HSBC, Front Street, Hamilton, Bermuda.

18. Copies of bank statements for the past three (3) years for Bank Account (checking) 20 006 840 705780 100, Bank of N.T. Butterfield & Son Ltd, Front Street, Hamilton, Bermuda.

19. Copies of all deeds, mortgages, encumbrances, appraisals, market analyses, tax bills and all other documents concerning property known as 6 Camden North Road, Paget, DV 03, Bermuda;

20. Copies of all appraisals, valuations, receipts, etc. concerning furnishings held or located within 6 Camden North Road, Paget, DV 03, Bermuda.

21. The original 1,833 common shares of Bank of N.T. Butterfield & Son Ltd, Front Street, Hamilton, Bermuda and copies of statements, records, documents, etc. concerning the ownership and value of the same;

22. The original 4,800 common shares of Sun Control Limited, Parliament Street, Hamilton, Bermuda and copies of statements, records, documents, etc. concerning the ownership and value of the same;

23. Copies of all deeds, mortgages, encumbrances, appraisals, market analyses, tax bills and any other documents concerning property known as 3501 Ocita Drive, Orlando, FL 32837, USA;

24. Copies of the past three (3) years of statements for bank account (checking) #9870, Bank of America, Town Center Blvd., Orlando, FL 32837, USA.

25. Copies of a Whole Life Policy of David J. Sullivan with BF & M Life Co., Ltd., Pitts Bay Road, Pembroke, Bermuda. Copies of all correspondence, notes, policy summaries and any other documents from the insurer to David Sullivan, including any copies of statements or documents setting forth the value of said policy, including the cash value, cash surrender value, death benefit, cost basis, premium payments, loan transactions, loan balance, ownership, parties insured, beneficiary designations;

26. All other bank, financial, investment, loans, statements and documents;

27. All documents of transfer of gifts.

PLAINTIFF,
JEANNE M. SULLIVAN

By_____

Owen P. Eagan
EAGAN & DONOHUE
24 Arapahoe Road
West Hartford, CT 06107
Fed. Bar No.: ct00716
(860)232-7200 - Telephone
(860)232-0214 - Facsimile
Lawfirm5@Mindspring.com

## **CERTIFICATION**

This is to certify that the foregoing was send First Class Mail postage prepaid and Facsimile, on

this 8th day of December, 2004 to the following:

William C. Franklin, Esq. (Facsimile: (860) 567-4531)
Cramer & Anderson, LLP
P.O. Box 278
46 West Street
Litchfield, CT   06759


_____
Owen P. Eagan

*X01-D01.Davis\J.Sullivan.05/st*

# UNITED STATES DISTRICT COURT
## ------------------------DISTRICT OF CONNECTICUT---------------------

JEANNE M. SULLIVAN,
               PLAINTIFF

VS.

DAVID J. SULLIVAN

:   CIVIL ACTION NO.:
:      3:02cv00916 (CFD)
:
:
:
:
:   DECEMBER 27, 2004

## MOTION FOR ANCILLARY ORDERS
## IN CONJUNCTION WITH PREJUDGMENT REMEDY

The Plaintiff, Jeanne M. Sullivan, in the above referenced matter hereby moves for an Ancillary Order in Conjunction with the Prejudgment Remedy (hereinafter "PJR") entered by the Court through United States Magistrate Judge Thomas P. Smith on March 29, 2004.

Ordering the Defendant David Sullivan to produce his assets which are presently located in Bermuda and to bring those assets to the United States and to present them to the Clerk of this Court or in the alternative to present them to an agent of this Court who will keep said assets pursuant to the $2,200,000.00 Prejudgment Remedy Order of Attachment and further to Order David Sullivan not to transfer any property both real and personal disclosed or undisclosed.

## I.    FACTS AND PROCEDURAL HISTORY

The Plaintiff, Jeanne M. Sullivan, has filed a Complaint alleging the Defendant, David Sullivan, has systematically defrauded her out of approximately $2,000,000.00 over a ten (10) year period of time when he acted as her trusted financial advisor.

EXHIBIT G

On March 29, 2004, after a lengthy probable cause hearing the Court granted the Plaintiff's Motion for Prejudgment Remedy (hereinafter "PJR") against David Sullivan in the amount of $2,200,000.00. In conjunction with the PJR, the Court Ordered David Sullivan to disclose his assets including "all property, real and/or personal and/or otherwise in which he has an interest . . . And further that the Defendant David J. Sullivan . . . disclose any and all books, financial statements, bank records, tax returns, savings accounts and documentation of other records related to his finances and/or related to the assets referred to above (including his holdings in Bermuda and in the United States)." The Defendant, David Sullivan, objected to both the above Magistrate Judge's rulings. His objections were overruled by the Court on November 8, 2004.

After numerous requests by Plaintiff's counsel, the Defendant provided only a "List of Assets Owned by David Sullivan" (copy attached and marked Exhibit "A").

The list did not provide any books, financial statements, bank records, tax returns, savings accounts or documentation of other records relating to David Sullivan's finances and/or related to his assets including any of his holdings in Bermuda and in the United States. The list also failed to disclose the value of those assets.

As a result of the above, the Plaintiff filed a Motion for Contempt for Failure to Comply with the Court's Order to disclose assets sufficient to satisfy the PJR and the matter is scheduled for hearing before this Court on January 10, 2005.

2

Now comes the Plaintiff moving this Court for an ancillary Order or injunction Ordering the Defendant to produce assets which are presently located in Bermuda and to bring those assets to the United States and to present them to the Clerk of this Court or to an agent of this Court who will keep said assets pursuant to the $2,200,000.00 PJR attachment.

II.     **LAW**

A federal district court can effectuate a PJR issued under Connecticut law by ordering parties over whom the court has in personam jurisdiction to take or refrain from taking certain actions. <u>Inter-Regional Financial Group, Inc. v. Hashemi</u>, 562 F.2d 152, 154 (2d Cir. 1977). The district court's authority to issue such ancillary orders is based on the court's in personam jurisdiction, which gives the court inherent equitable authority to order a party to do certain acts either within or outside the court's territorial jurisdiction. <u>Fleming v. Gray Manufacturing Co.</u>, 352 F. Supp. 724, 726 (D. Conn. 1973). The broad authority conferred on a court by the exercise of in personam jurisdiction serves the important policy of preventing a party from frustrating justice by removing assets from the court's territorial jurisdiction. <u>Hamma v. Gradco Systems Inc.</u>, No. B:88-115 (JAC), 1992 U.S. Dist. LEXIS 17601, at *9, (Nov. 4, 1992).

Ancillary orders issued by courts in effectuating prejudgment remedies may have the effect of injunctions, but such orders need not satisfy the requirements governing injunctions in Rule 65 of the Federal Rules of Civil Procedure. <u>Id.</u> at 10. Federal courts routinely issue

3

ancillary orders in conjunction with prejudgment remedies without finding a "likelihood of success on the merits" or requiring that the plaintiff post a bond. See <u>Hashemi</u>, 562 F.2d. at 154; <u>Fleming</u>, 352 F. Supp. at 726.

In <u>Hashemi</u>, the Second Circuit held "Rule 64 of the Federal Rules of Civil Procedure makes available to Federal District Courts of all remedies providing for the seizure of property to secure satisfaction of a judgment in the same manner as provided by the law of the State in which the Court is sitting." (<u>Hashemi</u>, p.154). The Second Circuit Court went on to state that a District Court may issue an injunction in aid of attachment which may take the form of a mandate requiring the Defendant to bring stock certificates into the state and deliver them to the physical control and possession of a sheriff. <u>Hashemi</u> at 154, 155.

The Second Circuit also held that if the District Court has personal jurisdiction over a Defendant and if justice and the reasonable demands of a situation warrant, the Court may order the Defendant to do or refrain from doing certain acts in another state. <u>Columbia, Nastri & Carbone v. Columbia Ribbon & Carbon Mfg. Co.</u>, 367 F.2d. 308, 313 (2d Cir. 1966).

## III.    **ARGUMENT**

This Court has already determined that there was sufficient proof of probable cause to render a PJR attachment in the amount of $2,200,000.00. This was based on the evidence which the Plaintiff presented over the course of a full day hearing which demonstrated David Sullivan had systematically stolen approximately $2,000,000.00 of his mother's money.

For example, it was also proven that David Sullivan took over $454,000.00 worth of his mother's stock in Herley Microwave Industries. It was also proven by David Sullivan's admission the He withdrew $90,000.00 from his mother's bank account located in Bermuda which he maintained for her.

At hearing and based on discovery it was proven that David Sullivan placed over $500,000.00 of his mother's money into his account in Bermuda.

It was also proven by David Sullivan's admission that he has forged his mother's name on checks and other documents.

David Sullivan has also admitted that he has bought large quantities of stock from his mother for cash without any written record of the transaction.

Finally on September 23, 2003, in an objection to the Application to Continue this lawsuit filed in the Torrington Probate Court, David Sullivan made it clear he had no intention of honoring this Court's Order of Attachment.

David Sullivan argued in Probate Court, even if the Plaintiff were to obtain a judgment in the Federal District Court for the State of Connecticut, the judgment would be unenforceable in Bermuda. His attorney wrote:

> Prosecution of the federal action will involve hundreds of thousands of dollars in attorney's fees and costs, which should be justified to be for the benefit of the Estate of Jeanne M. Sullivan before such action is permitted to proceed, particularly in light of the fact that all of the Defendants named in the action reside outside of the State of Connecticut and in the case of David J. Sullivan, reside outside of the United States, and there has been no

showing that if a judgment is obtained against any or all of these Defendants that such judgment can be collected for the benefit of the Estate.

In the second to last paragraph of the Court's decision, the Court stated:

The Magistrate Judge finds further that the Plaintiff has shown that she is likely to succeed on the merits of her claims against the Defendant and that irreparable harm is likely to befall the Plaintiff unless the Defendant is prohibited and enjoined from transferring his property. Accordingly the entry of an injunction by the District Court Judge would appear to be appropriate upon the application by the Plaintiff and the submission to the Court of a narrowly drawn proposed Order in otherwise proper form.

Since the Court has exercised personal jurisdiction over the Defendant David Sullivan and since the reasonable demands of the situation warrant, David Sullivan should be Ordered to produce and turn over sufficient assets necessary to satisfy the PJR attachment including but not limited to the following:

1.     916 shares of common stock in Bank of N.T. Butterfield and Son, Ltd.;

2.     40,800 shares of stock in Sun Control Limited;

3.     Defendant's whole life policy with BF&M Life Company, Ltd.;

4.     His one-half interest in bank account #1002-260179 Bank of Bermuda, HSB; and

5.     His one-half interest in bank account #20006 840 705780 100 at Bank of N.T. Butterfield and Son, Ltd.

6

The Plaintiff also moves that the Defendant, David Sullivan, be prohibited and enjoined from encumbering or transferring any of his property both real, personal, disclosed and undisclosed.

PLAINTIFF,
JEANNE M. SULLIVAN

BY _____
Owen P. Eagan
EAGAN & DONOHUE
24 Arapahoe Road
West Hartford, CT 06107
Fed. Bar No. ct00716
(860)232-7200 - Telephone
(860)232-0214 – Facsimile
Lawfirm5@Mindspring.com

7

## CERTIFICATION

This certified that a copy of the foregoing Memorandum of Law was mailed, postage prepaid this 27th day of December, 2004 to all counsel and pro se parties of record as follows:

William C. Franklin, Esq.
Cranmer & Anderson
P.O. Box 278
46 West Street
Litchfield, CT 06759

Matthew Lefevre, Esq.
94 Church Street
Torrington, CT 06790

_____
Owen P. Eagan

*X01.P: 4.MotAncillaryOrders/st*

# CRAMER & ANDERSON LLP

LAW OFFICES
46 WEST STREET
P.O. Box 278
LITCHFIELD, CT 06759-0278

(860) 567-8717
FAX (860) 567-4531

68 NORTH STREET
DANBURY, CT 06810

KENT GREEN
KENT, CT 06757

51 MAIN STREET
NEW MILFORD, CT 06776

2 GREEN HILL ROAD
WASHINGTON DEPOT, CT 06794

William C. Franklin

December 3, 2004

SENT VIA MAIL & FACSIMILE: 860-232-0214

Owen P. Eagan, Esq.
Egan & Donohue
24 Arapahoe Road
West Hartford, CT 06107

**Re:  Jeanne M. Sullivan v. David Sullivan, et al**

Dear Owen:

In accordance with your recent requests, I submit herewith a list of assets produced by Mr. Sullivan, which list indicates the asset by name and identifying characteristic, the record title owner of each asset, the location of each asset, and Mr. Sullivan's percent ownership of each asset.

Relative to deposition dates, both Mr. Sullivan and I are available for Mr. Sullivan to be deposed in Hartford, Connecticut on December 13, 14, 20, 23, 28, 29, or 30.

In actuality, those dates between Christmas and New Year's would be optimum for Mr. Sullivan, as his business is closed at that time.

With dates filling up quickly on unrelated matters, would you please let me know your preference for Mr. Sullivan's deposition at your earliest convenience.  If all of those dates are unacceptable, please let me know.  My schedule is relatively open in January, and I believe I could provide additional dates in that month when both Mr. Sullivan and I could attend a deposition at your convenience.

Very truly yours,

William C. Franklin
WCF/dob

cc: David Sullivan

EXHIBIT "A"

# David J. Sullivan, Esq., JP

## List of Assets

| TYPE | TITLE | LOCATION | % OF OWNERSHIP |
| --- | --- | --- | --- |
| Bank Account (checking) #002-26017-9 | David J. & or Janice M. Sullivan | Bank of Bermuda, HSBC Front Street, Hamilton, Bermuda | 50% |
| Bank Account (checking) 20 006 840 705780 100 | David J. & or Janice M. Sullivan | Bank of N.T. Butterfield & Son Ltd Front Street, Hamilton, Bermuda | 50% |
| House & Property | David J. & Janice M., Kelly, Claire & Maureen Sullivan | 6 Camden North Road Paget, DV 03, Bermuda | 20% |
| Furnishings | David J. & Janice M. Sullivan | 6 Camden North Road Paget, DV 03, Bermuda | 50% |
| Shares-common 1,833 | David J. & Janice M. Sullivan | Bank of N.T. Butterfield & Son Ltd Front Street, Hamilton, Bermuda | 50% |
| Shares 4,800 common | David J. Sullivan | Sun Control Limited Parliament Street, Hamilton, Bermuda | 100% |
| House & Property | David J. & Janice M. Sullivan | 3501 Ocita Drive Orlando, FL 32837, USA | 50% |
| Bank Account (checking) #2870 | David J. & or Janice M. Sullivan | Bank of America Town Center Blvd. Orlando, FL 32837, USA | 50% |
| Whole Life Policy | David J. Sullivan | BF & M Life Co., Ltd. Pitts Bay Road, Pembroke, Bermuda | 100% |