UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

---

JEANNE M. SULLIVAN,
        Plaintiff,

against

DAVID J. SULLIVAN,
        Defendant

Case No. 302 CV 916 (CFD)

January 24, 2005

---

**MEMORANDUM IN OPPOSITION TO MOTION FOR ANCILLARY ORDERS IN CONJUNCTION WITH PREJUDGMENT REMEDY**

    The defendant David J. Sullivan does pursuant to L. Civ. R. 7(a)(1) submit this Memorandum in Opposition to the Plaintiff's Motion for Ancillary Orders in Conjunction with Prejudgment Remedy dated December 27, 2004.

FACTS:

    By pleading dated October 10, 2003, the plaintiff filed a motion for injunction and for prejudgment remedy.  The authority cited in the motion was Rule 65 of the Federal Rules of Civil Procedure and/or *Connecticut General Statutes* §52-278a.  The plaintiff sought the entry of an order "directing the defendant David J. Sullivan be enjoined from moving any of his assets from the United States to Bermuda, and for the order that the following prejudgment remedy be issued to secure the sum of $1,500,000.00 by

PDF created with pdfFactory trial version www.pdffactory.com

attaching such real or personal property of the defendant David J. Sullivan for said sum or such other amount that the Court deems proper after hearing has been held."

Thereafter, by pleading dated December 1, 2003, the plaintiff moved that the defendant, pursuant to *Connecticut General Statutes* §52-278n be ordered to disclose all property, real and personal or otherwise in which he has an interest, which is subject to the injunction and/or which may be sufficient to satisfy the prejudgment remedy requested.

By order of the Court dated December 9, 2003, the Court referred to Magistrate Judge Thomas P. Smith a ruling on the motion for injunction and for prejudgment remedy.

By order of Magistrate Judge Smith dated December 12, 2003, that portion of the motion for injunction and for prejudgment remedy of October 10, 2003 that sought an injunction was denied, it being the opinion of Magistrate Judge Smith that on the face of the motion the document submitted failed to demonstrate irreparable harm, a prerequisite for the issuance of the injunction sought. The plaintiff did not thereafter file an additional motion for an injunction pursuant to F.R.C.P. 65.

A hearing on the motion for prejudgment remedy was held February 27, 2004. By memorandum filed March 29, 2004, Magistrate Judge Smith granted the motion for prejudgment remedy. In light of that decision, Magistrate Judge Smith did also by order filed March 29, 2004 grant the motion for disclosure of assets. The defendant's

PDF created with pdfFactory trial version www.pdffactory.com

objections to both of Magistrate Judge Smith's rulings were overruled by the Court (Droney, J.) on November 8, 2004.

Subsequent to the entry of this Court's order of November 8, 2004, the defendant provided a disclosure of his assets, which consisted of bank accounts situated in Bermuda, a residence situated in Bermuda, furnishings situated in Bermuda, interest as evidenced by stock in corporations situated in Bermuda, real property in Florida, a bank account in Florida, a whole life insurance policy situated in Bermuda, and interests in two timeshare condominium units situated in Florida.  (Exhibit A).

In response to the foregoing disclosure, the plaintiff filed the Motion for Ancillary Orders in Conjunction with Prejudgment Remedy that is the subject of the issue before the court.  A fair reading of that motion will reveal that the plaintiff sought two orders from the Court.  First, that the defendant David J. Sullivan be ordered to produce assets that are presently located in Bermuda and to bring those assets to the United States. Specifically, the plaintiff requested that the assets to be delivered include the shares of stock in corporations situated in Bermuda, a whole life insurance policy situated in Bermuda, cash from bank accounts situated in Bermuda, and the defendant's other assets.  Second, the plaintiff requested that an order issue from the Court that the defendant not transfer any property either real or personal disclosed or undisclosed. Neither request of the plaintiff was narrowly drawn.  There was no limitation of any kind on the assets the plaintiff requested be delivered to Connecticut.  Nor was there any

PDF created with pdfFactory trial version www.pdffactory.com

typical limitation qualifying the request that the defendant be enjoined from encumbering or transferring any of his assets, such as transfers for less than full consideration, transfers not made in the ordinary course of business or transfers made to defraud creditors. This memorandum is being filed pursuant to L. Civ. R. 7(a)(1) in opposition to such motion.

ARGUMENT:

> I. THE REMEDY SOUGHT IN THE MOTION FOR ANCILLARY ORDERS IN CONJUNCTION WITH PREJUDGMENT REMEDY IS OVERLY BROAD, AND NOT PERMITTED UNDER EXISTING LAW.

The plaintiff relies on *Inter-Regional Financial Group, Inc. v. Hashemi*, 562 F.2d 152 (2nd. Cir.1977), *Fleming v. The Gray Manufacturing Co.*, 352 F. Supp. 724 (D. Conn. 1973), and *Hamma v. Gradco Systems, Inc.*, 1992 U.S. Dist. LEXIS 17601 (D. Conn.) for the proposition that this Court has the authority to, and should exercise such authority to order the defendant to deliver assets of all kinds to the Clerk of the Court in Hartford, Connecticut to secure the 2.2 million dollar prejudgment remedy that has issued in this case. (See motion for ancillary orders in conjunction with prejudgment remedy at page 3-4). It is respectfully submitted that the cases on which the plaintiff relies do not support the broad remedy sought.

In both *Interregional Financial Group* and *Fleming* the issue involved whether a defendant, against whom a prejudgment remedy had issued, could be ordered to deliver stock certificates from outside Connecticut to the State of Connecticut for the purpose of

4

PDF created with pdfFactory trial version www.pdffactory.com

their attachment. In both cases, the defendant was ordered to deliver the securities to Connecticut so they could be attached. However, in both cases, the Court's authority to enter the order emanated not from its equitable powers, but from specific state statutory authority, namely, §8-317 of the Uniform Commercial Code, codified as *Connecticut General Statutes* §42a-8-317(2), which provides:

> A creditor whose debtor is the owner of a security shall be entitled to such aid from courts of appropriate jurisdiction by injunction or otherwise in reaching such security or in satisfying the claim by means thereof as is allowed at law or in equity in regard to property which cannot readily be attached or levied upon by ordinary legal process.

This state statute was available to the court in each case to compel the delivery of the security pursuant to F.R.C.P. 64, which made available to Federal District Court all remedies providing for the seizure of property to secure satisfaction of judgment in the same manner as provided by the law of the state in which the court is sitting.

Likewise, in *Hamma* the plaintiff filed an application for prejudgment remedy with an application seeking an order requiring the attachment of the defendant's stock, which again were situated outside of Connecticut. The Court, citing *Inter-Regional Financial Group* and *Fleming* held that the out-of-state stock certificates were entitled to attachment in Connecticut. In none of the cases cited by the plaintiff in support of its motion were the broad attachment of assets of every kind sought. These cases were limited by their facts to requests for attachment of stock certificates situated outside the jurisdiction.

5

*Security Insurance Company of Hartford v. Trustmark Insurance Company*, 221 F.R.D. 300 (D. Conn. 2003) a case not cited by the plaintiff in the motion for ancillary orders, greatly limits the holdings of the cases on which the plaintiff relied.  In *Security Insurance Company of Hartford* the plaintiff had obtained a prejudgment remedy in the sum of $51,607,710.25.  The defendant, in response to a motion for disclosure of assets, disclosed assets, all of which were situated outside of Connecticut.  The plaintiff in *Security Insurance Company of Hartford*, like the plaintiff in this case, sought an order of the court that the defendant be required to deposit an amount equivalent to the award of the prejudgment remedy into the registry of the Court.

In analyzing the plaintiff's request in *Security Insurance Company of Hartford*, the Court first addressed the issue of characterizing the nature of the order sought by the plaintiff.  The Court specifically rejected the plaintiff's contention that what the plaintiff sought was ancillary to a prejudgment remedy awarded and could therefore be decided on the probable cause standard applicable to Connecticut prejudgment remedies.

Instead the Court stated:

> The plaintiff must therefore establish both irreparable harm should the injunction not be granted, and either a likelihood of success on the merits, or sufficiently serious questions going to the merits to make them a fair ground for litigation, and a balance of hardships tipping in the applicant's favor. In the present case, plaintiff has not adduced evidence establishing that it will be irreparably harmed absent an order requiring that defendant bring the securities into Connecticut for attachment. (internal citation omitted; internal quotation marks omitted).

6

PDF created with pdfFactory trial version www.pdffactory.com

*Id.* at 301.

Although the Court found that the mere filing of the motion could not sustain this burden of proof, and accordingly denied the motion on that basis, the Court went on to address the question of whether the Court would have authority to order that the defendant bring securities into Connecticut to effect a prejudgment remedy. The Court reviewed the cases on which the plaintiff has relied in this case, and concluded that the orders that issued directing that securities be brought into Connecticut for the purpose of their attachment emanated not from the equitable powers of those courts, but instead upon the express statutory authority of *Connecticut General Statutes* §42a-8-317(2). *Id.* After concluding that analysis, the Court stated in pertinent part:

> [*Inter-Regional Financial Group Inc. v.*] *Hashemi* thus remains viable, but may not be read as general authority for issuing an injunction requiring the defendant bring assets into Connecticut to satisfy a prejudgment remedy regardless of the nature of the property that is the subject of the injunction. Authority provided in the state prejudgment remedy schemes is narrowly circumscribed by the text of the statute. If the injunction sought is not included within the state prejudgment remedy scheme, it must be sought under F.R.C.P. 65 and granted as consistent with this Court's exercise of general equitable powers.

*Id.* at 302-303.

Based on the foregoing, the Court in *Security Insurance Company of Hartford* denied the request that the defendant be required to bring assets into Connecticut so as to satisfy the prejudgment remedy sought.

7

PDF created with pdfFactory trial version www.pdffactory.com

*Connecticut General Statutes* §42a-8-317(2), the statutory authority for ordering the delivery of stocks to Connecticut for attachment in *Fleming*, *Inter-Regional Financial Group*, and *Hamma*, was repealed in 1997. It, however, has been superceded by *Connecticut General Statutes* §42a-8-112(e). Judge Dorsey in *Security Insurance Company of Hartford* in commenting on the comparative texts of the two statutes stated:

> Although the repealed and amended sections appear to be substantially similar, no opinion is made as to whether they are in fact equivalents.

*Id.* at 302.

Even if the current version of *Connecticut General Statutes* §42a-8-112(e) provides the statutory authority to compel the delivery of securities to this state for attachment, it clearly does not provide authority for delivery of the additional assets sought by the plaintiff in this case.

As the fact section of the memorandum suggests, the plaintiff initially sought both the issuance of a prejudgment remedy and the issuance of an injunction pursuant to F.R.C.P. 65. The motion for injunction was denied by Magistrate Judge Smith. Furthermore, the injunction sought was not for the delivery of the defendant's assets from outside of Connecticut to Connecticut for the purpose of attachment, but instead the opposite, namely, an injunction against the defendant removing assets from the State of Connecticut to foreign jurisdictions so that such assets could not be attached.

PDF created with pdfFactory trial version www.pdffactory.com

Despite the dicta in Magistrate Judge Smith's memorandum granting the motion for prejudgment remedy, "that irreparable harm is likely to befall the plaintiff unless the defendant is prohibited and enjoined from transferring his property", no motion for injunction was before the Court, and no such evidence was adduced at the prejudgment remedy hearing on that issue.  (See transcript of the prejudgment remedy hearing submitted to this Court on October 25, 2004 at the hearing on the propriety of various orders issued by Magistrate Judge Smith.)  Furthermore, Magistrate Judge Smith made no findings that the plaintiff would suffer irreparable harm if the defendant were not required to deliver assets to Connecticut to satisfy the prejudgment remedy that issued against him, a prerequisite for the issuance of an order to that effect.  *Security Insurance Company of Hartford*, *Id.*

Finally, although L. Civ. R. 4(c) provides a party may secure a prejudgment remedy as permitted by and in accordance with the laws of the State of Connecticut, the sole case that could be located by which a Connecticut State Court addressed the issue of whether it had authority pursuant to the Connecticut prejudgment remedy statute to order the production of assets from outside of Connecticut into Connecticut for the purpose of their attachment held that no such authority existed.  *Barna v. Schreck*, 2000 Conn. Super. LEXIS 1965 (Judicial District of Danbury, Radcliffe, J.) [Exhibit B].  There, the Court found despite finding probable cause and issuing an attachment, that the

PDF created with pdfFactory trial version www.pdffactory.com

Court was aware of no authority that permitted attachment of assets situated outside of Connecticut.

For all of the foregoing reasons, the motion for ancillary orders should be limited to requiring that the defendant produce in Connecticut stock certificates in which he has an interest pursuant to *Connecticut General Statutes* §42a-8-112(e). The request that additional assets be delivered to Connecticut should be denied.

Finally, the second injunction sought by the plaintiff, namely that the defendant wholly desist from transferring any assets, wherever located, should be denied. There is no showing pursuant to F.R.C.P. 65 that any such injunction should issue. Furthermore, the proposed injunction is so broadly drawn that compliance with it would be virtually impossible.

For example, the defendant, a resident of Bermuda, is ordered by this Court to attend the continuation of a deposition January 28, 2005 at Federal Court in Hartford, Connecticut. To do so he must purchase a plane ticket, which will involve the transfer of cash for that plane ticket. The injunction as framed does not purport to place any limitation on the defendant's ability to transfer his assets. His purchase of a plane ticket to comply with this court's order would technically violate the injunction sought by the plaintiff enjoining the transfer of any assets.

If the plaintiff seeks an order relative to transfer of assets outside of Connecticut, *Security Insurance Company of Hartford* mandates that the plaintiff either identify a

10

PDF created with pdfFactory trial version www.pdffactory.com

Connecticut state statute that would permit the issuance of such injunction as an ancillary order to the prejudgment remedy issued, or that the plaintiff pursue an injunction and sustain his burden with regard thereto pursuant to F.R.C.P. 65.  The plaintiff has not cited any statute in his motion for ancillary orders that would justify the absolute ban on the transfer of all assets sought, and the only motion for injunction filed by the plaintiff pursuant to F.R.C.P. 65 was denied by Magistrate Judge Smith.  There is simply no legal basis at this point in the proceedings to issue the injunction sought by the plaintiff.

Even if there were a basis to issue the injunction sought by the plaintiff, it must be more narrowly drawn.  Were the Court to hold the hearing on the injunction as mandated by F.R.C.P. 65, it is exceedingly unlikely the plaintiff could show irreparable harm in the defendant transferring assets in the ordinary course of business, or making purchases of food or transferring assets for the other necessities of life.  Were the proper procedural avenue pursued, any injunction that issued along the lines sought by the plaintiff would not be the broad injunction set forth in the current motion for ancillary orders, but would at most limit the defendant from making fraudulent transfers of his assets, transfers outside the ordinary course of the defendant's business, or transfers of assets for insufficient consideration for the purpose of defrauding the plaintiff.  At this juncture, the plaintiff has not shown entitlement to any such injunction.  As such the

11

PDF created with pdfFactory trial version www.pdffactory.com

request for the broad injunction set forth in the motion for ancillary orders should be denied.

CONCLUSION:

The defendant would concede that pursuant to existing law, it is probable, although not certain, that the defendant pursuant to F.R.C.P. 64 and *Connecticut General Statutes* §42a-8-112(e) can, and should be compelled to deliver to the Clerk of the Court for attachment such stocks in which he has an interest as are disclosed in his compliance with the motion for disclosure of assets.  The Motion for Ancillary Orders in Conjunction with Prejudgment Remedy should, however, in all other respects be denied.

THE DEFENDANT
DAVID J. SULLIVAN


BY _____
William C. Franklin
Fed. Bar No. ct07187
For Cramer & Anderson, LLP
P.O. Box 278
46 West Street
Litchfield, CT  06759
Tel No. (860) 567-8718
Fax No. (860) 567-4531
wfranklin@cramer-anderson.com

PDF created with pdfFactory trial version www.pdffactory.com

## **CERTIFICATION**

I hereby certify that a copy of the foregoing was mailed via first class mail, postage pre-paid to all counsel and pro se parties of record on January 24, 2005

Owen P. Eagan, Esq.
Egan & Donohue
24 Arapahoe Road
West Hartford, CT 06107

_____
William C. Franklin,
Fed. Bar No. ct 07187

13

PDF created with pdfFactory trial version www.pdffactory.com