UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

**JEANNE M. SULLIVAN,**
      -Plaintiff


      -v-                                      CIVIL 3:02CV916(CFD)(TPS)


**DAVID J. SULLIVAN,**
      -Defendant


## RULING ON PLAINTIFF'S MOTION FOR CONTEMPT AND SANCTIONS

The plaintiff, Jeanne M. Sullivan, commenced this action to recover personal property and/or real estate, including cash, securities checks, and personal documents which were allegedly taken fraudulently or otherwise by the plaintiff, David J. Sullivan, her son. (Compl. ¶ 1). Pending before the court is the plaintiff's Motion for Contempt and Sanctions. **(Dkt. #138).** As explained below, the plaintiff's motion is **DENIED**.

A finding of contempt and the implementation of sanctions are not appropriate in relation to the defendant's response to the court's March 29th order. The order required that David Sullivan disclose:

> All property, real and/or personal and/or otherwise in which he has an interest which is subject to the injunction and/or which may be sufficient to satisfy the Prejudgment Remedy requested in this matter.

> And further, that the Defendant, David J. Sullivan[,] disclose any books, financial statements, bank records, tax returns, savings accounts and documentation and other records related to his finances and/or related to the assets referred to above (including his holdings in Bermuda and the United States).

(Dkt. #99). The court is not convinced that Mr. Sullivan's response to this order was "wholly deficient." (See Pl.'s Mot. Cont. & Sanct., 12/9/04, at 1). Aside from the allegation, the plaintiff offers no evidence of the same. Moreover, contempt is neither designed nor intended to cure "deficiencies" in discovery responses. Rather, contempt is appropriate only to address willful disobedience of a court order. The plaintiff's proof in this regard is deficient.

Mr. Sullivan provided a "List of Assets" which he twice supplemented. (See id. Ex. C; D.'s Obj., 12/30/04, at 3, Exs. C-E). Moreover, Mr. Sullivan availed himself to be deposed in Hartford on December 20, 2004 for six and one-half hours about his assets. (D.'s Obj., 12/30/04, at 4). He brought with him "such documents as he had in his possession that pertain to Request Nos. 17 through 27, which dealt with the assets he had disclosed just prior to his deposition." (Id.). Furthermore, Mr. Sullivan agreed to return to Hartford to continue the deposition. (Id.). Not only is Mr. Sullivan's conduct not contemptuous; it is wholly sufficient. Simply because the plaintiff is not satisfied with his answers is not a reason to hold Mr. Sullivan in contempt.

In addition, the undersigned is not the appropriate judicial

officer from whom to seek a finding of contempt. Still, the undersigned recommends that Judge Droney deny the motion for contempt and sanctions on this record. The undersigned also recommends that Judge Droney set this matter down for as prompt a trial as his schedule will permit in view of the advanced age of the plaintiff.

At the conclusion of all proceedings, on application, the court will consider the amount of attorney's fees, if any, that should be awarded in connection with this motion. See Fed. R. Civ. P. 37(a).

**IT IS SO ORDERED.**

**Dated at Hartford, Connecticut this 3rd day of March, 2005.**

> /s/ Thomas P. Smith
> **Thomas P. Smith**
> **United States Magistrate Judge**