UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT


**JEANNE M. SULLIVAN,**
    **-Plaintiff**


    -v-                                                 CIVIL 3:02CV916(CFD)(TPS)


**DAVID J. SULLIVAN,**
    **-Defendant**


**<u>RULING ON DEFENDANT'S MOTION FOR PROTECTIVE ORDER RE: DOCUMENT REQUEST RELATED TO RE-NOTICE OF DEPOSITION OF DECEMBER 9, 2004</u>**

The plaintiff, Jeanne M. Sullivan, commenced this action to recover personal property and/or real estate, including cash, securities checks, and personal documents which were allegedly taken fraudulently or otherwise by the plaintiff, David J. Sullivan, her son. (Compl. ¶ 1). Pending before the court is the defendant's Motion for Protective Order. **(Dkt. #139).** As explained below, the defendant's motion is **DENIED**.

Rule 26(c) of the Federal Rules of Civil Procedure pertains to protective orders. Fed. R. Civ. P. 26(c). Rule 26(c) states, in relevant part:

> Upon motion by a party or by the person from whom discovery is sought, accompanied by a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action, and for good

> cause shown, the court in which the action is pending .
> . . may make any order which justice requires to protect
> a party or person from annoyance, embarrassment,
> oppression, or undue burden or expense . . . .

Fed. R. Civ. P. 26(c).

The court notes at the outset that the defendant's motion is deficient[1] as it was not accompanied "by a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action . . ." Id. Administrative requirements are not mere suggestions and the court could deny the motion on this narrow ground if so inclined.

Still, the court finds that the defendant has failed to demonstrate the good cause necessary for the issuance of a protective order. See id. The crux of the defendant's argument is that because the plaintiff afforded him only ten days to produce the obviously relevant materials he should be excused entirely from producing them. While this, in and of itself, would not merit the issuance of a protective order, plaintiff's counsel notes that the deposition "has been continued to a date in mid-January, 2005, more than thirty (30) days after the December 9, 2004 Renotice of Deposition . . ." (Pl.'s Obj., 12/20/04, at 1). The defendant was

---

[1] A word is in order regarding the briefs submitted in this case. The court finds them to be neither helpful in and of themselves nor vis-à-vis each other. Neither are arguments presented in clear and concise manner nor do responses adequately address that to which they respond. Simpler, legally-based arguments would be much more helpful to the court.

therefore afforded the requisite thirty days. Moreover, this order, as stated below, affords him still another thirty days.

Having failed to demonstrate the good cause necessary for the issuance of a protective order, the defendant's motion is **DENIED**. As such, he is hereby **ORDERED** to produce the requested materials forthwith but, in any event, within thirty (30) days of this order. At the conclusion of all proceedings, on application, the court will consider the amount of attorney's fees, if any, that should be awarded in connection with this motion. See Fed. R. Civ. P. 37(a).

**IT IS SO ORDERED.**

**Dated at Hartford, Connecticut this 3rd day of March, 2005.**

> **/s/ Thomas P. Smith**
> **Thomas P. Smith**
> **United States Magistrate Judge**