UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JEANNE M. SULLIVAN, | : | CIVIL ACTION NO.: |
| PLAINTIFF | : | NO.: 302CV916(CFD) |
| | : | |
| VS. | : | |
| | : | |
| DAVID J. SULLIVAN, | : | |
| DEFENDANT | : | MAY 19, 2005 |

## MOTION TO OBTAIN AUTHORIZATION
## TO OBTAIN FIANANCIAL RECORD

The Plaintiff, Jeanne M. Sullivan, in the above captioned matter, hereby moves this Court to Order David Sullivan to sign a release so that she can obtain any and all financial records concerning David Sullivan's holdings and/or assets in Bermuda, the United States and elsewhere. The reasons for the requested release is as follows:

1.  The Plaintiff, Jeanne M. Sullivan, is David Sullivan's mother;

2.  David Sullivan lives in Bermuda;

3.  The Plaintiff has filed an action for theft, fraud, breach of fiduciary duty against her son, David Sullivan, claiming that stole over $1,000,000.00 of her assets while he was acting as her fiduciary;

4.  David Sullivan was Ordered to disclose his assets and any and all financial information related thereto on December 1, 2003 by Magistrate Judge Thomas P. Smith;

5. David Sullivan has not been candid with this Court. He has not disclosed all of his assets;

6. On December 3, 2004, David Sullivan provided a very limited and vague response to that Order of Disclosure, a copy of which is attached hereto and marked Exhibit "A". The response was not sworn to. There was no back-up provided. It was a simple "List of Assets" which was incomplete;

7. Thereafter, David Sullivan was Ordered to disclose the value of the assets that he disclosed in that disclosure. David Sullivan again provided a limited and vague response on March 8, 2005, (copy of which is attached hereto and marked Exhibit "B");

8. David Sullivan has withheld information from the Court in the past. For example, in response to previous written discovery, on November 5, 2003 David Sullivan falsely denied ownership of Account #20 006 840 705 780 100 at the Bank of Butterfield (see David Sullivan's response to Request to Admit attached hereto and marked Exhibit "C");

9. David Sullivan withheld the information concerning account #20 006 8540 705780 100 because it was his personal bank account at the Bank of Butterfield in Bermuda into which he deposited over $700,000.00 of his mother's assets. He finally provided the Plaintiff with an authorization to obtain that information only after he was Ordered to do so by Court Order dated December 1, 2003 (see David Sullivan's Deposition, pages 218-337, 302-306 and Deposition Exhibit 5 and 6 attached hereto and marked Exhibit "D");

10. Finally, at his Deposition on January 28, 2005, after the Plaintiff had provided David Sullivan proof that he in fact owned the account, he contradicted himself and said he and his wife were owners of that bank account and further that he deposited his mother's bank checks totaling $700,000.00 into his account and further that he may have signed his mother's name on these bank checks which went into his account (David Sullivan's Deposition, pages 44, 215-237, 302-306 and Deposition Exhibits 5 and 6 attached hereto and marked Exhibit "E");

11. At Deposition, David Sullivan also disclosed that he had made personal loans to third parties that were not disclosed on either of his disclosure of assets. He also testified there were no loan documents regarding these loans, they were "gentlemen's agreements" (David Sullivan's Deposition, pages 370-377 attached hereto and marked Exhibit "F");

12. David Sullivan made one loan for $100,000.00 to his attorney, Delroy Duncan, while this action was pending (see Exhibit "G");

13. David Sullivan's conveyance of $100,000.00 to Delroy Duncan can possibly be construed as a fraudulent conveyance because it was made while this action was pending;

14. David Sullivan also made loans to at least two (2) individuals which were not disclosed in his two separate disclosures of assets (see Exhibit "F" and "G");

15. David Sullivan also testified at Deposition that he signed his mother's name on various checks and legal documents (David Sullivan's Deposition, page 109 attached hereto and marked Exhibit "H");

16. At his Deposition, David Sullivan also provided a copy of a certificate dated March 1, 1988 which gave him control over both his mother's and father's bank account in Bermuda for years (copy attached hereto and marked Exhibit "I");

17. The Plaintiff believes there are well over $3,000,000.00 of her assets being hidden by the Defendant in Bermuda because her husband had completed a sworn Financial Statement approximately one year before he died indicating he had over $7,000,000.00 in assets which were not accounted for (see Financial Statement attached hereto and marked Exhibit "J");

18. David Sullivan denies that he has any money other than that which he has disclosed on his vague list of assets;

19. David Sullivan testified he could not provide any back-up financial records regarding his disclosure of assets because he threw them all away (David Sullivan's Deposition, page 44-51 attached hereto and marked Exhibit "K");

20. Even if David Sullivan was being truthful with the Court when he testified he threw his financial records away, at the very least, David Sullivan should have saved his records from December 1, 2003, the date Judge Smith Ordered him to disclose the same;

20. Although the Plaintiff has requested that David Sullivan provide her with an authorization to verify his financial information, his counsel has indicated Davis Sullivan will not voluntarily provide a release to the Plaintiff to obtain this information;

- 5 -

21. The Plaintiff seeks to verify whether David Sullivan has in fact disclosed all of his assets as Ordered by the Court on December 1, 2003;

22. If David Sullivan has told the truth, he will not be harmed by giving this release/authorization to the Plaintiff;

23. The Plaintiff attaches a proposed Release/Authorization to the Court as Exhibit "L".

**WHEREFORE**, the Plaintiff moves this Court to Order David Sullivan to sign the enclosed Release/Authorization and to provide additional documents, if required, authorizing the Plaintiff to make a complete search for all the assets owned by David Sullivan.

PLAINTIFF,
JEANNE M. SULLIVAN

By _____
Owen P. Eagan
EAGAN & DONOHUE
24 Arapahoe Road
West Hartford, CT 06107
Fed. Bar. No.: ct00716
(860)232-7200

## CERTIFICATION OF SERVICE

      This certifies that a copy of the foregoing Motion For Request For Authorization to Obtain Financial Records was mailed, postage prepaid, to all parties of record this 19th day of May, 2005.

William C. Franklin, Esq.
Cramer & Anderson
P.O. Box 278
46 West Street
Litchfield, CT 06759

                                                    _____
                                                    Owen P. Eagan

*X01-Civil-X01-P5-OrderDefendantSignRelease/st*