UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

---------------------------------------------------------------
                                                  :
JEANNE M. SULLIVAN,                    :
              Plaintiff,             :
                                        :     Case No. 302 CV 916 (CFD)
    against                             :
                                        :
DAVID J. SULLIVAN,                  :
            Defendant            :     JUNE 10, 2005
---------------------------------------------------------------

**MEMORANDUM IN OPPOSITION TO MOTION TO OBTAIN
AUTHORIZATION TO OBTAIN FINANCIAL RECORD**

     The defendant David J. Sullivan does pursuant to L. Civ. R. 7(a)(1) submit this Memorandum in Opposition to the Plaintiff's Motion to Obtain Authorization to Obtain Financial Record dated May 19, 2005.

FACTS:

     By pleading dated October 10, 2003, the plaintiff filed a motion for injunction and for prejudgment remedy. The authority cited in the motion was Rule 65 of the Federal Rules of Civil Procedure and/or *Connecticut General Statutes* §52-278a. The plaintiff sought the entry of an order "directing the defendant David J. Sullivan be enjoined from moving any of his assets from the United States to Bermuda, and for the order that the following prejudgment remedy be issued to secure the sum of $1,500,000.00 by

PDF created with pdfFactory trial version www.pdffactory.com

attaching such real or personal property of the defendant David J. Sullivan for said sum or such other amount that the Court deems proper after hearing has been held."

Thereafter, by pleading dated December 1, 2003, the plaintiff moved that the defendant, pursuant to *Connecticut General Statutes* §52-278n be ordered to disclose all property, real and personal or otherwise in which he has an interest, which is subject to the injunction and/or which may be sufficient to satisfy the prejudgment remedy requested.

By order of the Court dated December 9, 2003, the Court referred to Magistrate Judge Thomas P. Smith a ruling on the motion for injunction and for prejudgment remedy.

By order of Magistrate Judge Smith dated December 12, 2003, that portion of the motion for injunction and for prejudgment remedy of October 10, 2003 that sought an injunction was denied, it being the opinion of Magistrate Judge Smith that on the face of the motion the documents submitted failed to demonstrate irreparable harm, a prerequisite for the issuance of the injunction sought.  The plaintiff did not thereafter file an additional motion for an injunction pursuant to F.R.C.P. 65.

A hearing on the motion for prejudgment remedy was held February 27, 2004. By memorandum filed March 29, 2004, Magistrate Judge Smith granted the motion for prejudgment remedy.  In light of that decision, Magistrate Judge Smith did also by order filed March 29, 2004 grant the motion for disclosure of assets.  The defendant's

2

PDF created with pdfFactory trial version www.pdffactory.com

objections to both of Magistrate Judge Smith's rulings were overruled by the Court on November 8, 2004.

Subsequent to the entry of this Court's order of November 8, 2004, the defendant provided a disclosure of his assets, which consisted of bank accounts situated in Bermuda, a residence situated in Bermuda, furnishings situated in Bermuda, interest as evidenced by stock in corporations situated in Bermuda, real property in Florida, a bank account in Florida, and a whole life insurance policy situated in Bermuda. (Exhibit A).

In response to this disclosure of assets, the plaintiff filed a Motion for Contempt and Sanctions dated December 9, 2004, claiming that the defendant's disclosure of assets constituted a willful violation of the Court's order, and requesting that that defendant be held in contempt and sanctioned by the issuance of an order directing the defendant to pay legal fees in the amount of $2,500.00. The motion also sought the entry of a default against the defendant. The defendant duly objected to the Motion for Contempt and Sanctions by pleading dated December 30, 2004. The Motion for Contempt and Sanctions was denied by Magistrate Judge Smith by order filed March 3, 2005.

Subsequent to the defendant's original disclosure of assets, the defendant did in December 2004 supplement his disclosure of assets. This supplemental disclosure took the form of an additional document created by the defendant relative to interests in two timeshare and condominium units situated in Florida; and two letters written by

PDF created with pdfFactory trial version www.pdffactory.com

defendant's counsel explaining the disclosure, and further supplementing it. Those documents, sent via mail and facsimile to plaintiff's counsel on December 16 and December 17, 2004 are attached as Exhibits B-1-B-3.

In response to the supplemental disclosure, the plaintiff filed a Motion for Ancillary Orders in Conjunction with Prejudgment Remedy dated December 27, 2004. In that motion, the plaintiff requested that the defendant be ordered to produce assets presently located in Bermuda and to bring those assets to the United States to be held by the Clerk of the Court. That motion further requested that the defendant be ordered not to transfer any property both real and personal disclosed or undisclosed pending further order of the Court. The defendant timely objected to that motion by Memorandum in Opposition to Motion for Ancillary Orders in Conjunction with Prejudgment Remedy, which memorandum was dated January 24, 2005. The Motion for Ancillary Orders in Conjunction with Prejudgment Remedy was denied by Magistrate Judge Smith on March 7, 2005. However, Magistrate Judge Smith ordered on that occasion that the defendant supplement his "list of assets" with the actual value of the assets listed.

In response to the Court's order, the defendant filed a supplement disclosure of assets in which re-listed the assets previously disclosed, and provided values with regard to them. (Exhibits C-1, C-2)

4

PDF created with pdfFactory trial version www.pdffactory.com

In the meantime, the plaintiff proceeded with the defendant's deposition. The defendant traveled from Bermuda to Hartford at his own expense on two separate occasions, the first in December 2004 and the second in January 2005. The defendant provided approximately 14 hours of testimony over that period of time. Much of the testimony was directed to assets in which he had an interest. As a result of that questioning, the defendant admitted to certain loans that he had made to associates in Bermuda, and agreed to provide such specifics and documentation as he had relative to such loans subsequent to the conclusion of the deposition.

By letter dated May 19, 2005, the defendant, acting through counsel, provided summaries of the three loans in question, and provided such documentation as the defendant had relative to all three of such loans. (Exhibits D-1-D-7).

Notwithstanding the foregoing, the plaintiff did by motion dated May 19, 2005 move that the defendant be ordered to execute an authorization to obtain financial records. The proposed authorization attached to the motion as Exhibit L would, if executed, enable the plaintiff's counsel to obtain "any and all information concerning any and all assets either owned by [the defendant] or over which [the defendant] has control." It would also permit the plaintiff's counsel to obtain "documents, correspondence, notes, memoranda, statements, records of transfer of any assets, deeds, mortgage and/or financial documents, records concerning any investment in real estate and/or securities, financial statements, bank accounts and statements, canceled

5

PDF created with pdfFactory trial version www.pdffactory.com

checks, deposit slips, tax statements and any and all documents, instruments, statements, and memoranda related thereto." In short, the authorization seeks far broader disclosure, and a far broader range of documents than assets owned by the defendant and the value of any such assets owned by the defendant. Nowhere in the Motion to Obtain Authorization to Obtain Financial Record does the plaintiff identify any legal authority for the relief sought. Nor has the plaintiff filed a memorandum of law in support of the Motion to Obtain Authorization to Obtain Financial Record.

ARGUMENT:

    L. Civ. R. 7(a)(1) provides in pertinent part:

> Any motion involving disputed issues of law shall be accompanied by a written memorandum of law, and shall indicate in the lower margin of the motion whether oral argument is requested. Failure to submit a memorandum may be deemed sufficient cause to deny the motion.

    Obviously, the relief sought by the plaintiff involves a disputed issue of law; namely, whether the Court has any authority to grant the relief sought.

    The plaintiff originally moved pursuant to *Connecticut General Statutes* §52-278n that the defendant be ordered to disclose his assets. That statute in pertinent part provides:

> The court may on motion of a party order an appearing defendant to disclose property in which he has an interest or debts owing to him sufficient to satisfy a prejudgment remedy. The existence, location, and extent of the defendant's interest in such property or debt shall be subject

6

PDF created with pdfFactory trial version www.pdffactory.com

>to disclosure. The form and terms of disclosure shall be determined by the court.

The defendant has both complied with the Court's order that he disclose his assets, and obtained a judicial determination that he was neither in violation of the Court's order nor subject to sanctions for the fashion in which the assets were disclosed. (See this Court's order of March 3, 2005 denying plaintiff's Motion for Contempt and Sanctions of December 9, 2004 predicated on the sufficiency of the disclosure of assets.)

Although the Court subsequently ordered that the defendant value the assets disclosed, the defendant has complied with the Court's order in that regard. Furthermore, the defendant has on a number of occasions supplemented his disclosure of assets to provide as complete information as the defendant has to the plaintiff relative to the defendant's assets. The defendant can do no more.

What the plaintiff seeks in her Motion to Obtain Authorization to Obtain Financial Record is an order of the Court directing the defendant to execute an authorization that would not only permit the plaintiff to obtain information concerning the defendant's assets, but would in addition permit the plaintiff to obtain every document related to the existence of those assets, whether such assets were actually owned by the defendant or merely controlled by him. As such the authorization could, for example, permit the plaintiff's attorney to obtain all documentation relative to the plaintiff's wife's assets, his children's assets, or assets entrusted to him in his business, merely upon a showing

7

that the plaintiff "controlled" such assets, without any showing he had an ownership interest in them. Obviously, the plaintiff by this request seeks a substantial extension of the law as set forth in *Connecticut General Statutes* §52-278n.

However, because the plaintiff has not filed a memorandum in support of the motion as required by L. Civ. R.7(a)(1), the Court can only guess as to the authority on the plaintiff relies in support of her motion, notwithstanding the fact that the plaintiff seeks a broad extension of existing law. Furthermore, the defendant is at a distinct disadvantage in defending the motion, as the defendant cannot find any authority for the plaintiff's motion. This is an appropriate case where the absence of a memorandum in support of the plaintiff's motion justifies its denial as expressly provided in L. Civ. R.7(a)(1).

Although F.R.C.P. 64 permits this Court to look to the prejudgment remedy statutes of Connecticut, *Connecticut General Statutes* §52-278a, et. seq., as a basis to issue prejudgment remedies, and as a basis to order the disclosure of assets, there is nothing in those statutes that justifies the relief sought by the plaintiff. Nor could any case law be located interpreting those prejudgment remedy statutes that authorize to remedy sought by the plaintiff.

Furthermore, *Security Insurance Company of Hartford v. Trustmark Insurance Company*, 221 F.R.D. 300, 302-303 (D. Conn. 2003) counsels with regard to the Connecticut prejudgment remedy statutory scheme as follows:

8

PDF created with pdfFactory trial version www.pdffactory.com

> Authority provided in the state prejudgment remedy schemes is narrowly circumscribed by the text of the statute. If the injunction sought is not included within the state prejudgment remedy scheme, it must be sought under F.R.C.P. 65 and granted as consistent with this court's exercise of general equitable powers.

Here, there is no authority in the state prejudgment remedy scheme for the relief sought by the plaintiff. The plaintiff does not claim otherwise. Therefore, pursuant to *Security Insurance Company of Hartford* the relief sought by the plaintiff in its motion must be sought pursuant to F.R.C.P. 65. However, as was the case when this Court did by order dated December 12, 2003 deny plaintiff's Motion for Injunction of October 10, 2003 seeking to enjoin the defendant "from moving any of his assets from the United States to Bermuda", the Motion to Obtain Authorization to Obtain Financial Records, which is not supported by an affidavit, which does not allege irreparable harm, and on which no hearing is sought, is woefully inadequate to comply with F.R.C.P. 65. As such, if the authority for the motion is in fact F.R.C.P. 65, the motion should be denied.

CONCLUSION:

The Motion to Obtain Authorization to Obtain Financial Record of May 19, 2005 is the third in a series of motions filed by the plaintiff, without legal authority, attacking the defendant's complete compliance with various orders of this Court by which the defendant was ordered initially to disclose his assets, and thereafter to value his assets, both of which he has done. Relative to the current motion, the plaintiff has not even

9

PDF created with pdfFactory trial version www.pdffactory.com

attempted to provide any legal authority for the relief sought.  This is not surprising, as it is respectfully submitted that no legal authority for the relief sought can be found.  As such, and pursuant L. Civ. R.7(a)(1), the plaintiff's motion should be denied.

                THE DEFENDANT
                DAVID J. SULLIVAN


BY _____
        William C. Franklin
        Fed. Bar No. ct07187
        For Cramer & Anderson, LLP
        P.O. Box 278
        46 West Street
        Litchfield, CT  06759
        Tel No. (860) 567-8718
        Fax No. (860) 567-4531
        wfranklin@cramer-anderson.com

10

PDF created with pdfFactory trial version www.pdffactory.com

## **CERTIFICATION**

I hereby certify that a copy of the foregoing was mailed via first class mail, postage prepaid to all counsel and pro se parties of record on June 10, 2005:

Owen P. Eagan, Esq.
Egan & Donohue
24 Arapahoe Road
West Hartford, CT 06107

_____
William C. Franklin,
Fed. Bar No. ct 07187

11

PDF created with pdfFactory trial version www.pdffactory.com