UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JEANNE M. SULLIVAN, | : CIVIL ACTION NO.: |
| PLAINTIFF | : NO.: 302CV916(CFD) |
| | : |
| VS. | : |
| | : |
| DAVID J. SULLIVAN, | : |
| DEFENDANT | : JUNE 17, 2005 |

### PLAINTIFF'S REPLY TO DEFENDANT'S MEMORANDUM IN OPPOSITION TO MOTION TO OBTAIN AUTHORIZATION TO OBTAIN FINANCIAL RECORDS

The Plaintiff, Jeanne M. Sullivan, hereby replies to Defendant's Memorandum in Opposition to Motion to Obtain Authorization to Obtain Financial Records.

David Sullivan is being sued for breaching his duty as a fiduciary and for defrauding his mother, the Plaintiff, Jeanne M. Sullivan out of millions of dollars.

The Court found probable cause to sustain the validity of the claim and Ordered a 2.2 million dollar attachment of David Sullivan's property. In addition, the Court Ordered the Defendant to disclose his assets so that the Prejudgment Remedy could be effectuated. That Order entered in March of 2004. the Defendant has delayed providing the information and has deliberately withheld information necessary to comply with the Court's Order.

The Defendant, David Sullivan, has not been truthful with the Court. First he lied about a Bermuda bank account into which he deposited $700,000.00 of his mother's money. He said the bank account was not his account. Only after the Plaintiff discovered that the account was in fact his account, did he finally admit the account was his.

Second, after being Ordered to disclose assets, the Defendant failed to disclose loans that he made to others, including but not limited to a $100,000.00 loan that he made to his Bermuda attorney. The Defendant never mentioned that loan on his disclosure of assets. Only after the Plaintiff recovered information concerning that loan did the Defendant admit that he did make that loan and other loans which he failed to disclose. When asked at deposition whether he had documentation of those loans, he lied again and said he did not and that the loans he made were done via a gentleman's agreement or on a hand-shake. He insisted that that was the way people did things in Bermuda.

Third, after asking for a release to determine what assets David Sullivan had and after telling his attorney that David Sullivan may have made a fraudulent transfers by making loans without any form of documentation, David Sullivan then produced records concerning those loans. The Plaintiff has no idea whether David Sullivan manufactured those papers or whether they are in fact actual loan documents which he previously denied having.

David Sullivan has not been truthful with the Plaintiff or with this Court from the beginning. David Sullivan was Ordered to disclose all of his assets in March 2004, yet he has failed to do so. David Sullivan has demonstrated that he will only disclose those assets which he believes the Plaintiff can discover.

The Defendant argues that the Plaintiff has no basis in law in which to request the release. The Plaintiff relies on the Court's Order that the Defendant disclose his assets. Since the Defendant has not yet complied with the Court's Order and since the Defendant has not been honest, the Plaintiff moves that the Court Order David Sullivan to provide a release so that full disclosure of all of his property can be made in compliance with the Court's original Order.

In addition to relying on the Court's Order, the Plaintiff relies on Rule 26 of the Federal Rules of Civil Procedure which provides for this type of discovery. Here, in order to prove fraud, the Plaintiff must locate all assets which David Sullivan has wrongfully taken from his mother over the course of ten (10) years. The authorization will be used to locate those assets which were property of the Plaintiff, Jeanne M. Sullivan, and which have been converted by the Defendant for his own use.

PLAINTIFF,
JEANNE M. SULLIVAN

By: _____
Owen P. Eagan
EAGAN & DONOHUE
24 Arapahoe Road
West Hartford, CT  06107
Federal Bar No. ct00716
(860)232-7200 - telephone
(860)232-0214 – facsimile
Lawfirm5@mindspring.com

## **CERTIFICATION OF SERVICE**

    This certifies that a copy of the foregoing Plaintiff's Response to Defendant's Memorandum in Opposition to Motion to Obtain Authorization to Obtain Financial Record was mailed First Class, postage prepaid, to all parties of record this __17th__ day of June, 2005.

William C. Franklin, Esq.
Cramer & Anderson
P.O. Box 278
46 West Street
Litchfield, CT 06759

 

_____
Owen P. Eagan

*X01-P57/st*